B 01-115

JS 44
(Rev 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

United States District Court
Southern District of Texas
FILED
JUN 28 2001
Michael N. Milby
Clerk of Court

**I (a) PLAINTIFFS**

UNITED STATES OF AMERICA

**DEFENDANTS**

SERVANDO LUNA

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __Cameron__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Angela A. Crider, Trial Attorney
Office of Immigration Litigation
P.O. Box 670049
Houston, TX  77267-0049  (281) 774-4731

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Complaint to Revoke Naturalization

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl Ret Inc Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS — Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F R C P 23

**DEMAND** $

Check YES only if demanded in complaint
**JURY DEMAND:** ☐ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions)

JUDGE _____  DOCKET NUMBER _____

DATE  6/28/01

SIGNATURE OF ATTORNEY OF RECORD

ANGELA A. CRIDER, TRIAL ATTORNEY

**UNITED STATES DISTRICT COURT**

United States District Court
Southern District of Texas
FILED

JUN 2 8 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

UNITED STATES OF AMERICA, )
           Plaintiff, )
           v. )   Civil Action No. B 01-115
SERVANDO LUNA, )
           Defendant. )

## COMPLAINT TO REVOKE NATURALIZATION

I. PRELIMINARY STATEMENT

      The United States of America brings this civil action under section 340(a) of the Immigration and Nationality Act of 1952, as amended (the "INA"), 8 U.S.C. § 1451(a), and alleges that the above named defendant procured his naturalization illegally and by willful misrepresentation or concealment of a material fact.

II. JURISDICTION AND VENUE

      1. This is an action under section 340(a) of the INA, 8 U.S.C. § 1451(a), to revoke and set aside the order admitting the defendant to citizenship and to cancel defendant's certificate of naturalization.

      2. The affidavit of Janette M. Martinez, an officer of the Immigration and Naturalization Service of the United States Department of Justice, showing good cause for this action is attached as Exhibit A.

      3. The plaintiff is the United States of America and this Court has jurisdiction pursuant to Title 28, United States Code, Section 1345.

      4. The defendant is a naturalized United States citizen whose last known residence is 124 Avenida Del Palacio, Brownsville, Texas 78520; therefore, venue is proper in this district. 8 U.S.C. § 1451(a).

Complaint to Revoke
Naturalization - Page 1

III. FACTUAL BACKGROUND

    A. Defendant's Naturalization Proceedings

    5. Defendant became a lawful permanent resident alien of the United States on November 25, 1972.

    6. On December 21, 1994, defendant filed with the United States Immigration and Naturalization Service (the "INS") an "Application for Naturalization" – INS Form N-400.

    7. Defendant filed his application based upon his eligibility for naturalization as a lawful permanent resident for at least five years. INA § 316; 8 U.S.C. § 1427.

    8. Part 7, Question 15(a) of the application asks: "Have you ever: ... knowingly committed a crime for which you have not been arrested?"

    9. Defendant's answer to Part 7 Question 15(a) was "No."

    10. On December 16, 1994, defendant signed his application for naturalization under penalty of perjury, thereby swearing or affirming that the contents of the application were true and correct.

    11. On October 26, 1995, defendant was interviewed, under oath, by an officer of the INS regarding his application for naturalization. Defendant reaffirmed his answer to Part 7, Question 15(a), and testified that he had never knowingly committed a crime for which he had not been arrested. At the end of this interview, defendant again signed a sworn statement that the contents of his application were true.

    12. On October 26, 1995, the INS approved defendant's application for naturalization based on his written application and the testimony he provided during his naturalization interview.

    13. On December 4, 1995, defendant took the oath of allegiance in the United States District Court for the Southern District of Texas at Brownsville, Texas, and was issued Certificate of Naturalization No. 22014670.

    B. Defendant's Criminal History

    14. Between January 1, 1995, and April 26, 1995, defendant committed the offense of

Complaint to Revoke
Naturalization - Page 2

1  Possession with Intent to Distribute Approximately 250 Kilograms of Marijuana in violation of
2  21 U.S.C. § 841(b)(1)(B).
3      15. Mr. Luna was arrested on February 21, 1996, for Possession with Intent to Distribute
4  Over 1000 Kilograms of Marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and
5  846, and for Possession with Intent to Distribute Approximately 250 Kilograms of Marijuana in
6  violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2. He was indicted for
7  these offenses on March 13, 1996.
8      16. On May 2, 1996, defendant pled guilty to Possession with Intent to Distribute
9  Approximately 250 Kilograms of Marijuana in violation of 21 U.S.C. § 841(b)(1)(B), and was
10 convicted for this offense on July 24, 1996.
11     17. On July 24, 1996, based on his conviction for Possession with Intent to Distribute
12 Approximately 250 Kilograms of Marijuana, defendant was sentenced to 37 months
13 imprisonment in the United States Bureau of Prisons, to be followed by supervised release for a
14 term of four years.
15     18. Possession with Intent to Distribute Approximately 250 Kilograms of Marijuana in
16 violation of 21 U.S.C. § 841(b)(1)(B) is an aggravated felony, a controlled substance offense,
17 and a crime involving moral turpitude. See INA § 101(a)(43)(B), 8 U.S.C. § 1101(a)(43)(B).
18 IV. THE RELEVANT LAW
19     19. Under section 340(a) of the INA, 8 U.S.C. § 1451(a), defendant's
20 naturalization must be revoked and his Certificate of Naturalization must be canceled if his
21 naturalization was either:
22     (a)   illegally procured, or
23     (b)   procured by concealment of a material fact or by willful misrepresentation.
24                         COUNT I
25 Illegal Procurement of United States Citizenship: Lack of Good Moral Character
   Defendant's False Testimony Barring Finding of Good Moral Character
26
27     20. Plaintiff realleges and incorporates by reference paragraphs 1 through 19 of this
   complaint.
28

Complaint to Revoke
Naturalization - Page 3

21. Section 101(f)(6) of the INA, 8 U.S.C. § 1101(f)(6), bars a finding of good moral character to any person who, during the time in which he must establish good moral character, provides false testimony for the purpose of obtaining any benefit under the INA.

22. As set forth in paragraph 11, defendant testified orally, under oath on October 26, 1995, that he had never knowingly committed a crime for which he had not been arrested.

23. As set forth in paragraph 14, defendant committed Possession with Intent to Distribute Approximately 250 Kilograms of Marijuana between January 1, 1995, and April 26, 1995. Accordingly, defendant provided false testimony.

24. Defendant provided false testimony to obtain naturalization, a benefit under the INA.

25. Because defendant provided false testimony in order to obtain naturalization during the period of time in which he needed to establish good moral character, he was statutorily precluded from establishing good moral character. INA § 101(f)(6), 8 U.S.C. § 1101(f)(6).

26. Accordingly, as defendant was not a person of good moral character as required by law, he was ineligible for naturalization under section 316(a)(3) of the INA, 8 U.S.C. § 1427(a)(3).

27. Because defendant was a person ineligible to naturalize, defendant's naturalization was illegally procured and must be revoked, as provided in section 340(a) of the INA, 8 U.S.C. § 1451(a).

## COUNT II

### Procurement of United States Citizenship by Willful Misrepresentation or Concealment of a Material Fact

28. Plaintiff realleges and incorporates by reference paragraphs 1 through 27 of this Complaint.

29. As set forth in paragraph 11, in response to the immigration officer's questioning at his naturalization interview, as well as when he signed his naturalization application under oath at his naturalization interview, defendant represented that he had never knowingly committed a crime for which he had not been arrested. Defendant misrepresented this fact. As set forth in paragraph 14, from January 1, 1995, through April 26, 1995, defendant committed Possession

Complaint to Revoke
Naturalization - Page 4

1 with Intent to Distribute Approximately 250 Kilograms of Marijuana.

2     30. Defendant misrepresented his commission of a crime knowing his representations
3 were false and misleading. Accordingly, defendant willfully misrepresented his prior criminal
4 history.

5     31. Defendant's commission of Possession with Intent to Distribute Approximately 250
6 Kilograms of Marijuana for which he was subsequently arrested and convicted, is a material fact.
7 See INA §§ 101(f)(8), 101(a)(43)(B), 101(f)(3), 212(a)(2)(C), 212(a)(2)(A)(i)(I); 8 U.S.C. §§
8 1101(f)(8), 1101(a)(43)(B), 1101(f)(3), 1182(a)(2)(C), 1182(a)(2)(A)(i)(I).

9     32. Defendant procured his naturalization by willful misrepresentation and
10 concealment of a material fact.

11     33. Because defendant procured his naturalization by willful misrepresentation
12 and concealment of a material fact, his naturalization must be revoked, as provided by section
13 340(a) of the INA, 8 U.S.C. § 1451(a).

14     WHEREFORE, plaintiff demands:

15     Judgment revoking and setting aside the naturalization of defendant ordered by the
16 Attorney General of the United States, admitting the defendant to United States citizenship, and
17 canceling Certificate of Naturalization No. 22014670.

18     Judgment forever restraining and enjoining defendant from claiming any rights,
19 privileges, or advantages under any document which evidences United States citizenship
20 obtained as a result of defendant's December 4, 1995, naturalization.

21     Judgment requiring the defendant to surrender and deliver his Certificate of
22 Naturalization and any other indicia of Untied States citizenship, as well as any copies thereof in
23 his possession, and to make good faith efforts to recover and then surrender any copies thereof
24 //
25 //
26 //
27 //
28

Complaint to Revoke
Naturalization - Page 5

1 | that he knows are in the possession of others, to the Attorney General immediately.

2 |     Judgment granting plaintiff any other relief that may be lawful and proper.

3

4 |     Respectfully Submitted,

5 | GREGORY A. SERRES      STUART E. SCHIFFER
   United States Attorney       Acting Assistant Attorney General
6 | KEITH WYATT             Civil Division
   Chief, Civil Division
7

8 | *[signature]*

9 | LISA PUTNAM              MICHELLE R. SLACK
   Special Assistant United States Attorney   Trial Attorney
10 | Immigration and Naturalization Service   Office of Immigration Litigation
   P.O. Box 1711            U.S. Department of Justice, Civil Division
11 | Harlingen, Texas 78551       P.O. Box 878, Ben Franklin Station

Additional right column (continued):

THOMAS W. HUSSEY
Director
RICHARD M. EVANS
Assistant Director
MICHELLE R. SLACK
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-9340

*[signature]*

ANGELA A. CRIDER
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
c/o Immigration and Naturalization Service
P.O. Box 670049
Houston, Texas 77267-0049
Telephone: (281) 774-4731
Facsimile: (281) 774-5996
TX Bar No. 00790530
Southern District of Texas No. 26859

Complaint to Revoke
Naturalization - Page 6

```
UNITED STATES OF AMERICA     )
                             )
DISTRICT OF COLUMBIA         )
```

In the Matter of the Revocation
    of the Naturalization of

    Servando Luna,                            **AFFIDAVIT OF GOOD CAUSE**
    A34-284-206

I, Janette M. Martinez, declare under penalty of perjury as follows:

I.    I am an Associate General Counsel of the Immigration and Naturalization Service (INS), United States Department of Justice. In this capacity, I have access to the official records of the INS, including the INS file of Servando Luna, A34-284-206.

II.    I have examined the records relating to Mr. Luna. I have also spoken to the INS officers who interviewed Mr. Luna on his naturalization application. Accordingly, I state, on information and belief, that the information set forth in this Affidavit of Good Cause is true and correct.

III.    On December 21, 1994, Mr. Luna filed an Application for Naturalization, INS Form N-400, with the Harlingen District Office of the INS. He was interviewed by INS officers on May 4 and October 26, 1995, to determine his eligibility for naturalization. Based on the information contained on his naturalization application, his testimony during the naturalization interviews, and the documents he provided, Mr. Luna's naturalization application was approved on October 26, 1995. Accordingly, on December 4, 1995, Mr. Luna took the oath of allegiance and was


GOVERNMENT EXHIBIT "A"

        admitted as a citizen of the United States. He was issued a Certificate of Naturalization, number 22 014 670.

IV. Mr. Luna illegally procured his naturalization because he could not have established that he was a person of good moral character. As an applicant for naturalization pursuant to section 316(a) of the Immigration and Nationality Act, 8 U.S.C. § 1427(a), Mr. Luna was required to prove that he was a person of good moral character from December 21, 1989, five years before he filed his application for naturalization, until December 4, 1995, the date on which he was admitted as a citizen of the United States (the statutory period).

    A. Mr. Luna could not have established that he was a person of good moral character because, during the statutory period, he provided false testimony to obtain his naturalization.

    B. An individual who provides false testimony during the statutory period for the purpose of obtaining any benefit under the Immigration and Nationality Act, including naturalization, is precluded from establishing good moral character.

    C. On May 4, 1995, Mr. Luna appeared before Dora Sotelo, an officer of the INS, for an interview regarding his application for naturalization. Mr. Luna's interview was continued until October 26, 1995.

    D. On October 26, 1995, Mr. Luna appeared before Armando Farias, an officer of the INS, for an interview regarding his application for naturalization.

2

E. At the beginning of this interview, Mr. Luna took an oath or affirmed that he would answer all questions truthfully.

F. During the course of the naturalization interview, and in order to adjudge his eligibility for naturalization, Mr. Farias asked Mr. Luna whether he had ever knowingly committed a crime for which he had not been arrested.

G. In response to this question, Mr. Luna testified, under oath, that he had never committed a crime for which he had not been arrested.

H. This testimony was false. In fact, between on or about January 1, 1995 until on or about April 26, 1995, Mr. Luna knowingly and intentionally possessed marijuana with intent to distribute. On February 21, 1996, after his naturalization interview, he was arrested for this offense. On July 24, 1996, after pleading guilty, Mr. Luna was convicted of possession with intent to distribute approximately 250 kilograms of marijuana, in violation of 21 U.S.C. § 841(b)(1)(B). He was sentenced to thirty-seven months in jail, followed by four years of supervised release.

I. Mr. Luna's false testimony concealed that he had committed a crime that could have precluded his naturalization.

J. Because Mr. Luna provided false testimony during the statutory period with the intent of obtaining an immigration benefit, he could not have established that he was a person of good moral character. Therefore, Mr. Luna was ineligible to naturalize.

3

ClibPDF - www.fastio.com

V.  Mr. Luna procured his naturalization by willful misrepresentation and concealment of material facts.

   A.  Mr. Luna willfully misrepresented and concealed his criminal activity during his second naturalization interview.

   1.  During his second naturalization interview, Mr. Luna testified that he had never knowingly committed a crime for which he had not been arrested.

   2.  In fact, between on or about January 1, 1995 until on or about April 26, 1995, Mr. Luna knowingly and intentionally possessed marijuana with intent to distribute.

   3.  On July 24, 1996, Mr. Luna was convicted, after pleading guilty, of possession with intent to distribute approximately 250 kilograms of marijuana, in violation of 21 U.S.C. § 841(b)(1)(B). He was sentenced to thirty-seven months in jail, followed by four years of supervised release.

   B.  Mr. Luna's criminal activity was material to determining his eligibility for naturalization because it would have had the natural tendency to influence the INS decision whether to approve his application.

   1.  An individual convicted of an aggravated felony on or after November 29, 1990 is forever precluded from establishing good moral character.

   2.  An individual who, during the statutory period, commits and is convicted of a crime relating to a controlled substance, other than a single offense of

4

        simple possession of 30 grams or less of marijuana, is precluded from establishing good moral character.

3. An individual who, during the statutory period, commits and is convicted of a crime involving moral turpitude punishable by imprisonment for more than one year, is precluded from establishing good moral character.

4. Possession with intent to distribute marijuana is an aggravated felony, a crime relating to a controlled substance, other than simple possession of 30 grams or less of marijuana, and a crime involving moral turpitude punishable by imprisonment for forty years.

5. Accordingly, Mr. Luna's criminal activity was material to determining his eligibility for naturalization because it could have precluded his naturalization.

C. Mr. Luna procured his naturalization by misrepresenting and concealing his criminal history. Had Mr. Luna revealed his criminal activity, he would not have been allowed to take the oath of allegiance until he demonstrated that his criminal activity did not affect his eligibility for naturalization. Because he was ultimately convicted of a crime that is an aggravated felony, a controlled substance offense, and a crime involving moral turpitude, Mr. Luna would not have been able to prove that he was a person of good moral character, and he would have been ineligible for naturalization.

VI. Based on the facts outlined in the foregoing paragraphs, good cause exists to institute proceedings pursuant to section 340(a) of the Immigration and Nationality Act, 8 U.S.C. § 1451(a), to revoke Mr. Luna's citizenship, and to cancel his Certificate of Naturalization.

VII. Mr. Luna's last known place of residence is 124 Avenida Del Palacio, Brownsville, Texas, 78520.

DECLARATION IN LIEU OF JURAT
(28 U.S.C. § 1746)

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 31, 2000.

*[signature]*
Janette M. Martinez
Associate General Counsel
Immigration & Naturalization Service

6

ClibPDF - www.fastio.com

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

SOUTHERN **DISTRICT OF** TEXAS
BROWNSVILLE DIVISION

UNITED STATES OF AMERICA

v.

SERVANDO LUNA

SUMMONS IN A CIVIL ACTION

CASE NUMBER: B 01-115

TO: (Name and Address of Defendant)

Servando Luna
124 Avenida Del Palacio
Brownsville, TX 78520

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

**PLAINTIFF'S ATTORNEY** (name and address)

Angela A. Crider, Trial Attorney
Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 670049
Houston, TX 77267-0049

an answer to the complaint which is herewith served upon you, within ___sixty (60)___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

CLERK

DATE

BY DEPUTY CLERK

# U.S. Department of Justice
# United States Marshals Service

## PROCESS RECEIPT AND RETURN
See Instructions for "Service of Process by the U.S. Marshal" on the reverse of this form.

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| UNITED STATES OF AMERICA | |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| SERVANDO LUNA | Complaint/Summons |

**SERVE AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
SERVANDO LUNA

ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)
124 Avenida Del Palacio
Brownsville, TX  78520

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

ANGELA A. CRIDER, Trial Attorney
Office of Immigration Litigation
P.O. Box 670049
Houston TX  77267-0049
(281) 774-4731/FAX (281) 774-5996

| | |
|---|---|
| Number of process to be served with this Form - 285 | 1 |
| Number of parties to be served in this case | 1 |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

PERSONAL HAND-DELIVERY SERVICE OF COMPLAINT TO REVOKE NATURALIZATION AND SUMMONS TO ABOVE-NAMED DEFENDANT AT HIS LAST KNOWN ADDRESS AS REFLECTED ABOVE.

Signature of Attorney or other Originator requesting service on behalf of: ☒ PLAINTIFF  ☐ DEFENDANT
ANGELA A. CRIDER, Trial Attorney

| TELEPHONE NUMBER | DATE |
|---|---|
| (281) 774-4731 | 6/28/01 |

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | | | | |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

Name and title of individual served (if not shown above)

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address (complete only if different than shown above)

| Date of Service | Time | am / pm |
|---|---|---|

Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| | | | | | | |

REMARKS:

| PRIOR EDITIONS MAY BE USED | 1. CLERK OF THE COURT | FORM USM-285 (Rev. 12/15/80) |
|---|---|---|