6

United States District Court
Southern District of Texas
FILED

SEP 1 0 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. B01-115 |
| SERVANDO LUNA, | ) |
| Defendant. | ) |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f), FEDERAL RULES OF CIVIL PROCEDURE**

1. **State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.**

The Court issued an Order Setting Conference on August 27, 2001, setting the initial pretrial conference in this case for September 18, 2001. Pursuant to Rule 26(f), the parties were required to meet and confer no later than 21 days before the conference. That deadline was August 28, 2001. On that date, the parties conferred by teleconference. Angela A. Crider attended for the Plaintiff, and Philip T. Cowen attended for the Defendant.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

To Plaintiff's and Defendant's knowledge, there are no cases related to this one that are pending in any state or federal court.

Joint Discovery/Case
Management Plan - Page 1

3.  **Specify the allegation of federal jurisdiction.**

The Plaintiff in this case is the United States of America, and this Court has jurisdiction pursuant to Title 28, United States Code, Section 1345. <u>See also</u> 8 U.S.C. § 1451(a).

4.  **Name the parties who disagree and the reasons.**

There is no disagreement with Plaintiff's jurisdictional allegation.

5.  **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

Plaintiff and Defendant do not anticipate that any additional parties should be included.

6.  **List anticipated interventions.**

Plaintiff and Defendant anticipate no interventions.

7.  **Describe class-action issues.**

Plaintiff and Defendant agree that there are no class-action issues.

8.  **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Plaintiff and Defendant have not made their initial disclosures as of this date. Plaintiff and Defendant have agreed to make their initial disclosures no later than September 14, 2001.

9.  **Describe the agreed discovery plan, including:**

   A.   **Responses to all the matters raised in Rule 26(f).**

Plaintiff and Defendant will make their initial disclosures in accordance with Rule 26(a) by September 14, 2001.

Plaintiff intends to depose Defendant and possibly any witnesses Defendant identifies. Plaintiff may also depose its identified witnesses. Plaintiff may propound requests for

admissions, interrogatories, and requests for production of documents, if necessary. Plaintiff's discovery will focus on Defendant's claims and defenses in this action.

Defendant intends to depose intends to depose J.A. Farias, interviewing officer, Mary Luna, who filled out the naturalization application, and possibly any witness Plaintiff identifies Defendant may also depose its identified witnesses.

Defendant may propound requests for admissions, interrogatories, and requests for production of documents, if necessary.

Defendant's discovery will focus both on his claims and defenses, and on Plaintiff's numerous allegations and claims.

Plaintiff and Defendant agree that there is no need to conduct discovery in phases or limit discovery to particular issues. Plaintiff and Defendant agree that there is no need to place limits on discovery other than those set by the Federal Rules of Civil Procedure.

**B.    When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff anticipates propounding its first set of interrogatories on Defendant by December 31, 2001. Plaintiff anticipates propounding any subsequent sets of interrogatories on Defendant by February 29, 2002.

**C.    When and to whom the defendant anticipates it may send interrogatories.**

Defendant anticipates propounding its first set of interrogatories on J.A. Farias and Mary Luna by December 31, 2001. Defendant anticipates propounding any subsequent sets of interrogatories on these witnesses or other witnesses revealed by Plaintiff by February 29, 2002.

It is Plaintiff's position that, pursuant to Rule 33 of the Federal Rule of Civil Procedure,

Joint Discovery/Case
Management Plan - Page 3

interrogatories may only be propounded upon parties. J.A. Farias, Mary Luna, and other non-party witnesses are not parties and, therefore, interrogatories cannot be propounded upon them.

D.  **Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates taking the oral deposition of Defendant and possibly any witnesses identified by Defendant. Plaintiff may also take the oral depositions of its witnesses, if necessary. Plaintiff anticipates completing the taking of its oral depositions by February 29, 2002

E.  **Of whom and by when the defendant anticipates taking oral depositions.**

Defendant anticipates taking the oral deposition of J.A. Farias and possibly any witnesses identified by Plaintiff. Defendant anticipates completing the taking of its oral depositions by February 29, 2002.

F.  **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff anticipate designating any expert witness(es) in this case by December 31, 2001, and will provide its report as required by Rule 26(a)(2)(B) by January 31, 2002.

Defendant will designate any expert witness(es) by December 31, 2001, and will provide its report as required by Rule 26(a)(2)(B) by January 31, 2002.

G.  **List expert depositions the plaintiff (or party with the burden of proof on an issue) anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

Plaintiff anticipates deposing any expert identified by Defendant within 30 days of the date Defendant provides Plaintiff with such expert's report.

    H.    **List expert depositions the opposing party anticipates taking and their anticipated completion date.** *See* **Rule 26(a)(2)(B) (expert report).**

Defendant anticipates deposing any expert identified by Defendant within 30 days of the date Defendant provides Plaintiff with such expert's report.

10.    **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Plaintiff and Defendant agree on the discovery plan.

11.    **Specify the discovery beyond initial disclosures that has been undertaken to date.**

No discovery has been undertaken to date. Initial disclosures will be made by September 14, 2001.

12.    **State the date the planned discovery can be reasonably completed.**

Plaintiff and Defendant anticipate that the planned discovery can reasonably be completed by March 31, 2001.

13.    **Describe the possibilities for a prompt settlement or resolution of the case that were discussed at your Rule 26(f) meeting.**

Due to the nature of these proceedings, Plaintiff and Defendant do not anticipate a settlement of this case.

14.    **Describe what each party has done to bring about a prompt resolution.**

Beginning on or about March 8, 2001, and until on or about April 5, 2001, Plaintiff and Defendant corresponded with each other and spoke on the telephone to explore the possibility of settlement in this case, pursuant to Executive Order 12988 on Civil Justice Reform, 61 Fed. Reg. 4729 (Feb. 5, 1996). Plaintiff and Defendant also discussed the possibility of settlement at their teleconference on August 28, 2001. Plaintiff and Defendant were unable to reach a settlement of

this matter during those negotiations.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

Because of the nature and consequences of this revocation of naturalization action, Plaintiff and Defendant do not believe this case is amenable to alternative dispute resolution.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

Plaintiff does not consent to a trial before a magistrate judge.

Defendant is not opposed to having this case heard by a magistrate judge. However, due to the nature of the proceedings, Defendant is uncertain whether this type of case may be delegated to a magistrate. During the course of these proceedings, Defendant believes that issue will be ripe for hearing and Defendant will properly brief that issue so that this Court may rule on it.

17. **State whether a jury demand has been made and if it was made on time.**

Neither Plaintiff nor Defendant has made a jury demand. Cases involving revocation of naturalization pursuant to section 340(a) of the Immigration and Nationality Act, 8 U.S.C. § 1451(a), are equitable in nature, and there is no right to a jury trial. *See* Luria v. United States, 231 U.S. 9, 27-28 (1913).

18. **Specify the number of hours it will take to present the evidence in this case.**

Plaintiff and Defendant anticipate that it will take no longer than 24 hours (three full days) to present the evidence in this case.

Joint Discovery/Case
Management Plan - Page 6

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    There are no pending motions.

20. **List other motions pending.**

    There are no pending motions.

21. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    Plaintiff and Defendant agree that there are no matters peculiar to this case that deserve special attention of the Court at the conference.

22. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

Counsel for Plaintiff:

    Angela A. Crider, Lead Counsel
    Office of Immigration Litigation
    United States Department of Justice, Civil Division
    c/o Immigration and Naturalization Service
    P.O. Box 670049
    Houston, Texas  77267-0049
    Telephone: (281) 774-4731
    Facsimile: (281) 774-5996
    Texas Bar No. 00790530
    Southern District of Texas No. 26859

    Michelle R. Slack
    Office of Immigration Litigation
    United States Department of Justice, Civil Division
    P.O. Box 878 Ben Franklin Station
    Washington, DC  20044
    Telephone: (202) 616-9340
    Ohio Bar No. 0064673

    Lisa Putnam
    Special Assistant United States Attorney
    Immigration and Naturalization Service

P.O. Box 1711
Harlingen, Texas 78511
Telephone: (956) 389-7051
Georgia Bar No. 590315
Southern District of Texas No. 23937

Counsel for Defendant:

Philip T. Cowen
Law Office of Philip T. Cowen
500 E. Levee
Brownsville, Texas 78520
Telephone: (956) 541-1691
Facsimile: (956) 541-6827
Texas Bar No. 24001933

Respectfully submitted:

_____        September 7, 2001
Angela A. Crider                        Date
Primary Counsel for Plaintiff

_____        September 7, 2001
Philip T. Cowen                         Date
Counsel for Defendant    AC by permission
                         (see attached
                          faxed signature)

Case 1:01-cv-00115   Document 6   Filed in TXSD on 09/10/2001   Page 9 of 9

SEP-07-2001 15:26 FROM:PHILIP T COWEN        956-541-6872         TO:7137183710         P.010/010
09/07/01  FRI 08:01 FAX 7137183710        U.S. INS-DICOU                                ☒009

P.O. Box 1711
Harlingen, Texas 78511
Telephone: (956) 389-7051
Bar No. _____

Counsel for Defendant:

Philip T. Cowen
Law Office of Philip T. Cowen
500 E. Levee
Brownsville, Texas 78520
Telephone: (956) 541-1691
Facsimile: (956) 541-6827
Texas Bar No. 24001933

Respectfully submitted:

_____          _____
Angela A. Crider                         Date
Primary Counsel for Plaintiff

_/s/ Philip T. Cowen_____         __090701_____
Philip T. Cowen                           Date
Counsel for Defendant

Joint Discovery/Case
Management Plan - Page 8