IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 1 5 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. B01-115 |
| v. ) | |
| ) | |
| SERVANDO LUNA, ) | |
| ) | **UNOPPOSED MOTION** |
| Defendant. ) | |

PLAINTIFF'S UNOPPOSED MOTION FOR COURT ORDER
PURSUANT TO THE PRIVACY ACT (5 U.S.C. § 552a(b)(11))
AND MOTION FOR PROTECTIVE ORDER

COMES NOW the United States of America ("Plaintiff") and makes this Motion for Court Order Pursuant to the Privacy Act (5 U.S.C. § 552a(b)(11)) and Motion for Protective Order in the above-captioned case, and in support thereof would show the following:

Plaintiff has conferred with Defendant's attorney, Philip Cowen, and Defendant does not oppose this motion.

I.  MOTION FOR COURT ORDER PURSUANT TO 5 U.S.C. § 552a(b)(11)

Defendant has propounded written discovery requests on Plaintiff, the responses to which are due to be served by March 18, 2002. In investigating its case and compiling its responses to discovery, Plaintiff was made aware of the following documents:

1. Department of the Treasury, United States Customs Service, Report of Investigation, dated February 2, 1995

2. Department of the Treasury, United States Customs Service, Report of

Motion for Court Order
and Protective Order - Page 1

    Investigation, dated April 8, 1996

  3.  Department of the Treasury, United States Customs Service, Report of Investigation, dated April 16, 1996

  4.  Department of the Treasury, United States Customs Service, Report of Investigation, dated July 13, 1993

(Copies of these documents are attached to this motion in a sealed envelope for inspection by the Court in camera.)

These documents are protected from release under the Privacy Act, 5 U.S.C. § 552a, because they contain the names of third-party individuals who are not involved in the current litigation. Under 5 U.S.C. § 552a(b), an agency is not permitted to disclose any record contained in a system of records[1] except pursuant to a written request or the written consent of the individual to whom the record pertains. There are several exceptions to this non-disclosure rule, one being if the records are ordered disclosed pursuant to the order of a court of competent jurisdiction. 5 U.S.C. § 552a(b)(11); see also Gilbreath v. Guadalupe Hosp. Found. Inc., 5 F.3d 785, 791 (5th Cir. 1993) (quoting 5 U.S.C. § 552a(b)(11)).

The Privacy Act does not create any privilege against discovery and, in the absence of express standards in the Act, the relevancy standard of Federal Rule of Civil Procedure 26(b) governs the Court's discretion in ordering disclosure of the records. See Hernandez v. United States, 1998 WL 230200, *3 (E.D. La. 1998); see also Laxalt v. McClatchy, 809 F.2d 885 (D.C. Cir. 1987). The plain language of the Act permits disclosure "pursuant to the order of a court of

---

[1] The Customs Reports in issue were retrieved from a System of Records as published in the Federal Register under Treasury/CS.244, Treasury Enforcement Communications System (TECS) and Treasury/CS.129, Investigations Record System.

Motion for Court Order
and Protective Order - Page 2

competent jurisdiction," and does not specify any standards for issuance of the order. Laxalt, 809 F.2d at 888. The usual discovery standards of the Federal Rules of Civil Procedure, therefore, should be implemented by the Court in determining whether to release documents protected by the Privacy Act. See id. at 888-89; see also Broderick v. Shad 117 F.R.D. 306, 312 (D.D.C. 1987) (applying Exception (11) of the Privacy Act and Fed. R. Civ. P. 26 to order production of government personnel records); Christy v. United States, 68 F.R.D. 375, 378 (N.D. Tex. 1975) (applying Exception (11) of the Privacy Act and Fed. R. Evid. 405(b) to order production of non-party's criminal records).

The Customs Service Investigative Reports listed supra meet the relevancy standards of Federal Rule of Civil Procedure 26(b) in that they relate to the Customs Service investigation of Defendant's commission of the offense of possession with intent to distribute marijuana. Plaintiff, therefore, requests that this Court order the United States to disclose these documents pursuant to 5 U.S.C. § 552a(b)(11).

//

//

//

//

//

//

//

//

II.   **MOTION FOR PROTECTIVE ORDER**

Federal Rule of Civil Procedure 26(c)(2) allows the Court to order that disclosure or discovery be had only on specified terms and conditions. As noted supra, the Customs Reports in issue contain the names of third-party individuals who are not involved in the current litigation. Further, the documents contain sensitive law enforcement information, including law enforcement techniques, names of law enforcement personnel, and confidential informant information. Coughlin v. Lee, 945 F.2d 1152, 1159 (5th Cir. 1991); see also United States v. Sanchez, 988 F.2d 1384, 1391 (5th Cir. 1993).[2] In fact, the Customs Service redacted all confidential informant names and/or source codes before providing the documents to counsel for Plaintiff.[3]

//

//

//

//

//

//

//

//

---

[2] It should be noted that confrontation clause rights do not apply in the same manner in civil cases as they do in criminal cases. See Advisory Committed Notes to Fed. R. Evid. 803(8).

[3] Plaintiff has requested and should be receiving unredacted copies of the Customs Reports, and will provide such copies to the Court for in camera inspection if the Court so requests.

Motion for Court Order
and Protective Order - Page 4

Pursuant to Federal Rule of Civil Procedure 26(c)(2), therefore, Plaintiff requests that this Court issue a protective order allowing disclosure of the Customs Service Reports in issue in their redacted form only, and limiting use of the Reports only for purposes of the instant litigation and trial of this matter, if necessary. Plaintiff requests that this Court order that such information be disclosed only to the parties to this litigation and the parties' counsel, and require that Defendant and his counsel return such documents to counsel for Plaintiff no later than 60 days following the conclusion of this matter.

Dated: March 14, 2002

Respectfully Submitted,

ROBERT D. McCALLUM, JR.
Assistant Attorney General
Civil Division

RICHARD M. EVANS
Assistant Director
MICHELLE R. SLACK
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-9340

_____
ANGELA A. CRIDER, Attorney in Charge
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
c/o Immigration & Naturalization Service
P.O. Box 670049
Houston, Texas 77267-0049
Telephone: (281) 774-4731
Facsimile: (281) 774-5996
Texas Bar No. 00790530
Southern District of Texas No. 26859

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above Unopposed Motion for Court Order Pursuant to the Privacy Act and Motion for Protective Order was mailed by first class mail to Defendant's attorney, Philip Cowen, at 500 E. Levee, Brownsville, Texas 78520 on this the ___15th___ day of March, 2002.

                                                          _____
                                                          Angela A. Crider, Trial Attorney
                                                          Primary Counsel for Plaintiff,
                                                          United States of America