IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 2 4 2002

Michael N. Milby
Clerk of Court

UNITED STATES OF AMERICA,    )
                             )
        Plaintiff,           )
                             )       Civil Action No.  B 01-115
    v.                       )
                             )
SERVANDO LUNA,               )
                             )
        Defendant.           )
_____)

<u>PLAINTIFF'S MOTION TO AMEND COMPLAINT
TO REVOKE NATURALIZATION</u>

COMES NOW the United States of America ("Plaintiff") and makes this Motion to

Amend Complaint to Revoke Naturalization in the above-captioned case, and in support thereof

would show the following:

Plaintiff has conferred with Defendant's attorney, Philip Cowen, and Defendant opposes

this motion.

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading by

leave of court, and leave shall be freely given where justice so requires.  Rule 15(a) expresses a

strong presumption in favor of liberal pleading.  <u>Lowrey v. Texas A&M Univ. Sys.</u>, 117 F.3d 242,

245 (5th Cir. 1997); <u>see also</u> <u>Price v. Pinnacle Brands, Inc.</u>, 138 F.3d 602, 608 (5th Cir. 1998); <u>In</u>

<u>re Southmark Corp.</u>, 88 F.3d 311, 314 (5th Cir. 1996); <u>Dussouy v. Gulf Coast Inv. Corp.</u>, 660

F.2d 594, 598 (5th Cir. 1981).

The Supreme Court has held that the mandate in Rule 15(a) "is to be heeded," and that "if

Motion to Amend
Complaint - Page 1

the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief,

he ought to be afforded an opportunity to test his claim on the merits." Foman v. Davis, 371 U.S.

178, 182 (1962). In Foman, the Supreme Court directed the district court to grant leave to

amend unless there is a good reason to deny leave, such as undue delay, bad faith, dilatory motive,

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

other party, or futility of amendment. Id.; see also Price, 138 F.3d at 608; Engstrom v. First Nat'l

Bank of Eagle Lake, 47 F.3d 1459, 1464 (5th Cir. 1995).

The standard inquiry under Rule 15(a) is whether the proposed amendment would unfairly

prejudice the opposing party by denying him notice of the nature of the complaint. See Engstrom,

47 F.3d 1464. In determining whether prejudice adheres, the court may consider whether the new

claim or defense would (1) require the opponent to expend significant additional resources to

conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3)

prevent a party from bringing a timely action in another jurisdiction. See Phelps v. McClellan, 30

F.3d 658, 662-63 (6th Cir. 1994). Where a proposed amendment merely states alternative legal

theories for recovery on the same underlying facts rather than fundamentally altering the nature of

the case, a party is not prejudiced. See Lowrey, 117 F.3d at 246; see also Patterson v. P.H.P.

Healthcare Corp., 90 F.3d 927, 934 (5th Cir. 1996) (hostile work environment claim not so

different from intentional discrimination claim so as to surprise or prejudice the defense).

Plaintiff has attached its proposed First Amended Complaint to Revoke Naturalization to

this motion as Exhibit A. In its amended complaint, plaintiff adds the factual allegation that

defendant committed the offense of conspiracy to possess with intent to distribute over 1000

kilograms of marijuana (see paragraph 14 of Exhibit A) and charges that defendant falsely testified

Motion to Amend
Complaint - Page 2

about and misrepresented his commission of this offense (see Counts I and III of Exhibit A).

Plaintiff also adds an additional charge to its complaint and asserts that defendant was ineligible

for naturalization, and thereby illegally procured his naturalization, because he lacked good moral

character as a result of his commission of drug crimes.  See Count II of Exhibit A.

Neither of these amendments to the complaint should cause surprise or prejudice to

defendant, nor should they cause defendant to expend significant additional resources to conduct

discovery or prepare for trial.  The charges that defendant provided false testimony about and

misrepresented his commission of a drug conspiracy involve the same facts, events, and

circumstances as the original charges that defendant falsely testified about and misrepresented his

commission of possession with intent to distribute marijuana.  In fact, plaintiff alleged in

paragraph 15 of its original complaint that defendant had been arrested and indicted for the

conspiracy charge in violation of 21 U.S.C. § 846 subsequent to his naturalization.  Further, in

Defendant's First Request for Admissions, Interrogatories, Requests for Production of

Documents, attached hereto as Exhibit B, Request for Admission No. 6 requests the following:

> Admit that the United States Department of Justice has no evidence, other than the
> guilty plea later entered into, which indicates that Defendant Luna *conspired with*
> *others* to commit any drug crime or crimes prior to his naturalization, and prior to
> his answer to Part 7, Question 15(a) of the INS Form N-400. (Emphasis added.)

No additional discovery or investigation is needed to explore the conspiracy charge.

Further, the additional charge regarding defendant's ineligibility for naturalization because

he lacked good moral character should be no cause for surprise or prejudice to defendant.  This

new charge merely presents an additional legal theory based on the same underlying facts and

circumstances set forth in the original complaint.  In fact, in paragraph 18 of its original

Motion to Amend
Complaint - Page 3

complaint, plaintiff notified defendant that his possession with intent to distribute conviction was an aggravated felony, a controlled substance offense, and a crime involving moral turpitude. A person convicted for such offenses lacks good moral character. See Immigration and Nationality Act §§ 101(f)(3), (f)(8). Plaintiff's original complaint gave notice to defendant of the nature of its case. Again, no additional discovery or investigation is needed to explore this illegal procurement due to lack of good moral character charge.

Additionally, plaintiff's amendment of its complaint does not involve undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies in previously allowed amendments. Plaintiff has diligently investigated its case prior to and since first filing its original complaint. Plaintiff did not receive the plea hearing and sentencing transcript from defendant's criminal case until January 31, 2002, although it was first requested in May 2001. Plaintiff received the redacted Customs investigative reports in defendant's criminal case in March 2002, although it first requested them in November 2001. Moreover, plaintiff was not able to arrange the deposition of defendant until the end of March 2002 because it was awaiting the plea hearing transcript and Customs reports before so doing. Based on information discovered in the plea hearing and sentencing transcript, the Customs reports, and defendant's deposition testimony, plaintiff decided that it should amend its complaint. Defendant has been provided or has access to all of this information and, therefore, is on notice regarding the fact that a conspiracy existed.

Plaintiff has not previously requested and, therefore, has not wasted previous opportunities to amend its complaint. Finally, plaintiff would not oppose an extension of the discovery deadline in this case if defendant deems it necessary in light of plaintiff's amendment of its complaint as long as any extension would not delay the trial of this matter.

Motion to Amend
Complaint - Page 4

WHEREFORE, plaintiff respectfully moves the Court for leave to file its First Amended Complaint to Revoke Naturalization.

Dated: _April 23, 2002_

Respectfully Submitted,

ROBERT D. McCALLUM, JR.
Assistant Attorney General
Civil Division

RICHARD M. EVANS
Assistant Director
MICHELLE R. SLACK
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-9340

ANGELA A. CRIDER, Attorney in Charge
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
c/o Immigration & Naturalization Service
P.O. Box 670049
Houston, Texas 77267-0049
Telephone: (281) 774-4731
Facsimile: (281) 774-5996
Texas Bar No. 00790530
Southern District of Texas No. 26859

//

//

//

//

Motion to Amend
Complaint - Page 5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above Unopposed Motion for Clarification of Status of Affidavit and for Order of Release was mailed by first class mail to Defendant's attorney, Philip Cowen, at 500 E. Levee, Brownsville, Texas 78520 on this the 23rd day of April, 2002.

Angela A. Crider, Trial Attorney
Primary Counsel for Plaintiff,
United States of America

Motion to Amend
Complaint - Page 6

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

UNITED STATES OF AMERICA,       )
                                )
                Plaintiff,       )
                                )       Civil Action No.  B 01-115
        v.                       )
                                )
SERVANDO LUNA,                   )
                                )
                Defendant.       )
_____ )

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE
TO AMEND COMPLAINT TO REVOKE NATURALIZATION

After consideration of Plaintiff's Motion for Leave to Amend Complaint to Revoke

Naturalization, the Court orders the following:

It is ORDERED that Plaintiff's Motion for Leave to Amend Complaint to Revoke

Naturalization is GRANTED and it is ORDERED that Plaintiff's First Amended Complaint to

Revoke Naturalization is accepted as filed with the Court.

Signed in Brownsville, Texas, on _____, 2002.


                        _____
                        FELIX RECIO
                        UNITED STATES MAGISTRATE JUDGE




Order

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

UNITED STATES OF AMERICA,      )
                            )
            Plaintiff,     )
                            )      Civil Action No.  B-01-115
           v.           )
                            )
SERVANDO LUNA,             )
                            )
           Defendant.   )
_____ )

## PLAINTIFF'S FIRST AMENDED COMPLAINT
## TO REVOKE NATURALIZATION

### I. PRELIMINARY STATEMENT

The United States of America brings this civil action under section 340(a) of the Immigration and Nationality Act of 1952, as amended (the "INA"), 8 U.S.C. § 1451(a), and alleges that the above named defendant procured his naturalization illegally and by willful misrepresentation or concealment of material facts.

### II. JURISDICTION AND VENUE

1. This is an action under section 340(a) of the INA, 8 U.S.C. § 1451(a), to revoke and set aside the order admitting the defendant to citizenship and to cancel defendant's certificate of naturalization.

2. The affidavit of Janette M. Martinez, an officer of the Immigration and Naturalization Service of the United States Department of Justice, showing good cause for this action is attached as Exhibit A.

3. The plaintiff is the United States of America and this Court has jurisdiction pursuant to Title 28, United States Code, Section 1345.

4. The defendant is a naturalized United States citizen whose last known residence is 124 Avenida Del Palacio, Brownsville, Texas 78520; therefore, venue is proper in this district. 8 U.S.C. § 1451(a).

First Amended Complaint to Revoke
Naturalization - Page 1

III. FACTUAL BACKGROUND

    A. Defendant's Naturalization Proceedings

    5. Defendant became a lawful permanent resident alien of the United States on November 25, 1972.

    6. On December 21, 1994, defendant filed with the United States Immigration and Naturalization Service (the "INS") an "Application for Naturalization" – INS Form N-400.

    7. Defendant filed his application based upon his eligibility for naturalization as a lawful permanent resident for at least five years. INA § 316; 8 U.S.C. § 1427.

    8. Part 7, Question 15(a) of the application asks: "Have you ever: … knowingly committed a crime for which you have not been arrested?"

    9. Defendant's answer to Part 7 Question 15(a) was "No."

    10. On December 16, 1994, defendant signed his application for naturalization under penalty of perjury, thereby swearing or affirming that the contents of the application were true and correct.

    11. On October 26, 1995, defendant was interviewed, under oath, by an officer of the INS regarding his application for naturalization. Defendant reaffirmed his answer to Part 7, Question 15(a), and testified that he had never knowingly committed a crime for which he had not been arrested. At the end of this interview, defendant again signed a sworn statement that the contents of his application were true.

    12. On October 26, 1995, the INS approved defendant's application for naturalization based on his written application and the testimony he provided during his naturalization interview.

    13. On December 4, 1995, defendant took the oath of allegiance in the United States District Court for the Southern District of Texas at Brownsville, Texas, and was issued Certificate of Naturalization No. 22014670.

    B. Defendant's Criminal History

    14. Between 1992 and 1995, defendant committed the offense of Conspiracy to Possess with Intent to Distribute Over 1000 Kilograms of Marijuana in violation of 21 U.S.C. §§

First Amended Complaint to Revoke
Naturalization - Page 2

1 │ 841(a)(1), 841(b)(1)(A), and 846.

2 │      15.  Between January 1, 1995, and April 26, 1995, defendant committed the offense of

3 │ Possession with Intent to Distribute Approximately 250 Kilograms of Marijuana in violation of 21

4 │ U.S.C. § 841(b)(1)(B).

5 │      16.  Mr. Luna was arrested on February 21, 1996, for Conspiracy to Possess with Intent

6 │ to Distribute Over 1000 Kilograms of Marijuana in violation of 21 U.S.C. §§ 841(a)(1),

7 │ 841(b)(1)(A), and 846, and for Possession with Intent to Distribute Approximately 250 Kilograms

8 │ of Marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2.  He was

9 │ indicted for these offenses on March 13, 1996.

10 │      17.  On May 2, 1996, defendant pled guilty to Possession with Intent to Distribute

11 │ Approximately 250 Kilograms of Marijuana  in violation of 21 U.S.C. § 841(b)(1)(B), and was

12 │ convicted for this offense on July 24, 1996.

13 │      18.  On  July 24, 1996, based on his conviction for Possession with Intent to Distribute

14 │ Approximately 250 Kilograms of Marijuana, defendant was sentenced to 37 months imprisonment

15 │ in the United States Bureau of Prisons, to be followed by supervised release for a term of four

16 │ years.

17 │      19.  Possession with Intent to Distribute Approximately 250 Kilograms of Marijuana in

18 │ violation of 21 U.S.C. § 841(b)(1)(B) is an aggravated felony, a controlled substance offense, and

19 │ a crime involving moral turpitude.  See INA § 101(a)(43)(B), 8 U.S.C. § 1101(a)(43)(B).

20 │ IV.  THE RELEVANT LAW

21 │      20.  Under section 340(a) of the INA, 8 U.S.C. § 1451(a), defendant's

22 │ naturalization must be revoked and his Certificate of Naturalization must be canceled if his

23 │ naturalization was either:

24 │     (a)     illegally procured, or

25 │     (b)     procured by concealment of a material fact or by willful misrepresentation.

26 │ //

27 │ //

28 │

First Amended Complaint to Revoke
Naturalization - Page 3

# COUNT I

### Illegal Procurement of United States Citizenship: Lack of Good Moral Character
### Defendant's False Testimony Barring Finding of Good Moral Character

21. Plaintiff realleges and incorporates by reference paragraphs 1 through 20 of this complaint.

22. Section 101(f)(6) of the INA, 8 U.S.C. § 1101(f)(6), bars a finding of good moral character to any person who, during the time in which he must establish good moral character, provides false testimony for the purpose of obtaining any benefit under the INA.

22. As set forth in paragraph 11, defendant testified orally, under oath on October 26, 1995, that he had never knowingly committed a crime for which he had not been arrested.

23. As set forth in paragraph 14, defendant committed Conspiracy to Possess with Intent to Distribute Over 1000 Kilograms of Marijuana between 1992 and 1995.

24. As set forth in paragraph 15, defendant committed Possession with Intent to Distribute Approximately 250 Kilograms of Marijuana between January 1, 1995, and April 26, 1995.

25. Accordingly, defendant provided false testimony.

26. Defendant provided false testimony to obtain naturalization, a benefit under the INA.

27. Because defendant provided false testimony in order to obtain naturalization during the period of time in which he needed to establish good moral character, he was statutorily precluded from establishing good moral character.  INA § 101(f)(6), 8 U.S.C. § 1101(f)(6).

28. Accordingly, as defendant was not a person of good moral character as required by law, he was ineligible for naturalization under section 316(a)(3) of the INA, 8 U.S.C. § 1427(a)(3).

29. Because defendant was a person ineligible to naturalize, defendant's naturalization was illegally procured and must be revoked, as provided in section 340(a) of the INA, 8 U.S.C. § 1451(a).

//

## COUNT II

### Illegal Procurement of United States Citizenship: Lack of Good Moral Character, Commission of Unlawful Acts

30.  Plaintiff realleges and incorporates by reference paragraphs 1 through 29 of this Complaint.

31.  Section 101(f)(1) - (8) of the INA, 8 U.S.C. § 1101(f)(1) - (8), bars a finding of good moral character to any person who falls within certain enumerated classes.  The section concludes with the provision that the "fact that any person is not within any of the foregoing classes shall not preclude a finding that for other reasons such person is or was not of good moral character."

32.  8 C.F.R. § 316.10(a)(2) provides that good moral character determinations shall be made "on a case-by-case basis taking into account the elements enumerated in [8 C.F.R. § 316.10] and the standards of the average citizen in the community of residence."

33.  8 C.F.R. § 316.10(b)(3)(iii) provides that an applicant for naturalization shall be found to lack good moral character unless the applicant establishes extenuating circumstances, if he has committed "unlawful acts that adversely reflect on the applicant's moral character" that do not otherwise preclude a finding of good moral character.

34.  As set forth in paragraphs 14 through 15, unbeknownst to the INS, between 1992 and 1995, defendant engaged in the illegal activities of conspiracy to possess with intent to distribute over 1000 kilograms of marijuana, and possession with intent to distribute approximately 250 kilograms of marijuana.  These criminal activities adversely reflect on defendant's moral character when considered against the standards of the average citizen in the community in which defendant resides.

35.  There are no extenuating circumstances that would mitigate the effect of defendant's actions on his ability to establish good moral character.

36.  As a result of his commission of unlawful acts that adversely reflect on defendant's moral character, defendant was not a person of good moral character at the time he  naturalized.

37.  Because defendant was not a person of good moral character as required by law, he was ineligible for naturalization under section 316(a)(3) of the INA, 8 U.S.C. § 1427(a)(3).

First Amended Complaint to Revoke
Naturalization - Page 5

1    38.  As a person ineligible to naturalize, defendant's naturalization was illegally procured

2   and must be revoked, as provided for in section 340(a) of the INA, 8 U.S.C. § 1451(a).

3                                     **COUNT III**

4                     Procurement of United States Citizenship by
              Willful Misrepresentation or Concealment of Material Facts

5

6    39.  Plaintiff realleges and incorporates by reference paragraphs 1 through 38

   of this Complaint.

7

8    40.  As set forth in paragraph 11, in response to the immigration officer's questioning at

9   his naturalization interview, as well as when he signed his naturalization application under oath at

   his naturalization interview, defendant represented that he had never knowingly committed a

10

11   crime for which he had not been arrested.  Defendant misrepresented this fact.  As set forth in

   paragraph 14, from 1992 through 1995, defendant committed Conspiracy to Possess with Intent

12

13   to Distribute Over 1000 Kilograms of Marijuana.  Further, as set forth in paragraph 15, from

   January 1, 1995, through April 26, 1995, defendant committed Possession with Intent to

14

15   Distribute Approximately 250 Kilograms of Marijuana.

16    41.  Defendant misrepresented his commission of crimes knowing his representations were

   false and misleading.  Accordingly, defendant willfully misrepresented his prior criminal history.

17

18    42.  Defendant's commission of Conspiracy to Possess with Intent to Distribute Over

19   1000 Kilograms of Marijuana, and his commission of Possession with Intent to Distribute

   Approximately 250 Kilograms of Marijuana for which he was subsequently arrested and

20

21   convicted, are material facts.  See INA §§ 101(f)(8), 101(a)(43)(B), 101(f)(3), 212(a)(2)(C),

   212(a)(2)(A)(i)(I); 8 U.S.C. §§ 1101(f)(8), 1101(a)(43)(B), 1101(f)(3), 1182(a)(2)(C),

22

23   1182(a)(2)(A)(i)(I).

24    43.  Defendant procured his naturalization by willful misrepresentation and

   concealment of material facts.

25

26    44.  Because defendant procured his naturalization by willful misrepresentation

   and concealment of material facts, his naturalization must be revoked, as provided by section

27

28   340(a) of the INA, 8 U.S.C. § 1451(a).

First Amended Complaint to Revoke
Naturalization - Page 6

1        WHEREFORE, plaintiff demands:

2        Judgment revoking and setting aside the naturalization of defendant ordered by the

3 Attorney General of the United States, admitting the defendant to United States citizenship, and

4 canceling Certificate of Naturalization No. 22014670.

5        Judgment forever restraining and enjoining defendant from claiming any rights, privileges,

6 or advantages under any document which evidences United States citizenship obtained as a result

7 of defendant's December 4, 1995, naturalization.

8        Judgment requiring the defendant to surrender and deliver his Certificate of Naturalization

9 and any other indicia of Untied States citizenship, as well as any copies thereof in his possession,

10 and to make good faith efforts to recover and then surrender any copies thereof that he knows are

11 //

12 //

13 //

14 //

15 //

16 //

17 //

18 //

19 //

20 //

21 //

22 //

23 //

24 //

25 //

26 //

27 //

28

First Amended Complaint to Revoke
Naturalization - Page 7

1   in the possession of others, to the Attorney General immediately.

2          Judgment granting plaintiff any other relief that may be lawful and proper.

3

4   Respectfully Submitted,

5   MICHAEL SHELBY                          ROBERT D. McCALLUM, JR.
    United States Attorney                  Acting Assistant Attorney General
6   KEITH WYATT                             Civil Division
    Chief, Civil Division
7                                           THOMAS W. HUSSEY
                                            Director
8                                           RICHARD M. EVANS
                                            Assistant Director
9   LISA PUTNAM                             MICHELLE R. SLACK
    Special Assistant United States Attorney   Trial Attorney
10  Immigration and Naturalization Service  Office of Immigration Litigation
    P.O. Box 1711                           U.S. Department of Justice, Civil Division
11  Harlingen, Texas 78551                  P.O. Box 878, Ben Franklin Station
                                            Washington, D.C. 20044
12                                          Telephone: (202) 616-9340

13

14                                          ANGELA A. CRIDER
                                            Trial Attorney
15                                          Office of Immigration Litigation
                                            U.S. Department of Justice, Civil Division
16                                          c/o Immigration and Naturalization Service
                                            P.O. Box 670049
17                                          Houston, Texas 77267-0049
                                            Telephone: (281) 774-4731
18                                          Facsimile: (281) 774-5996
                                            TX Bar No. 00790530
19                                          Southern District of Texas No. 26859

20

21                          CERTIFICATE OF SERVICE

22          I hereby certify that a true and correct copy of the above Plaintiff's First Amended
    Complaint was mailed by first class mail to Defendant's attorney, Philip Cowen, at 500 E. Levee,
23  Brownsville, Texas 78520 on this the 23rd day of April, 2002.

24

25                                          Angela A. Crider, Trial Attorney
26                                          Primary Counsel for Plaintiff,
                                            United States of America

27

28

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | )( | |
| | )( | Civil Action No. B 01-115 |
| Plaintiff, | )( | |
| | )( | |
| v. | )( | |
| | )( | |
| SERVANDO LUNA, | )( | |
| | )( | |
| Defendant | )( | |

## DEFENDANT'S FIRST REQUEST FOR ADMISSIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 33, 34, and 36 of the Federal Rules of Civil Procedure, Defendant, Servando Luna, requests, Plaintiff, United States of America, within 30 days after service of this document, under oath, to answer the following requests for admissions, interrogatories, and requests for production of documents.

RFA, Interrogatories,RFP-
First Set Page                        1

Respectfully submitted,

By: _____    1-2 9-

Philip T. Cowen, Attorney for Defendant
Law Office of Philip Cowen
500 E. Levee St.,
Brownsville, Texas 78520
Tel. 956-541-1691
Fax 956-541-6872
Texas State Bar. No. 24001933
Southern District of Texas No. 21717

RFA, Interrogatories,RFP-
First Set Page

2

## INSTRUCTIONS

1.     Please produce each and every document to be produced in response to the requests for

production of documents set forth below to Angela A. Crider, Office of Immigration Litigation,

United States Department of Justice, P.O. Box 670049, Houston, Texas 77267-0049.

2.     Please quote each request for admission, interrogatory, or request for production in full

immediately preceding the statement of any answer or objection thereto.

3.     When asked to provide an admission, answer an interrogatory, or produce a document,

the request pertains to information within your actual or constructive possession, control, or

custody, including information which may be held by your attorneys, representatives, and all

persons acting under, by, or through you, or subject to your control or supervision, and all

persons acting on your behalf.

4.     Your responses must identify the person providing any information that is included in the

answer or otherwise providing the answer.

5.     If you cannot answer a request for admission or interrogatory fully and completely,

respond to that portion of the request for admission or interrogatory for which no objection is

made and indicate in your response the remaining portion of the request for admission or

interrogatory to which you object.

6.     Please state with particularity those portions of the request for admission or interrogatory

that cannot be answered.

7.     Please state, to the best of your knowledge, information, and belief, and with as much

particularity as possible, any reason why a request for admission or interrogatory is not being

RFA, Interrogatories, RFP-
First Set  - Page 3

answered in full and provide the facts upon which you rely in support of your contention that you cannot answer fully and completely. Include any relevant dates and the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things relevant to your denial and/or qualifications, as well as the identity and location of any persons having knowledge relevant to your denial and/or qualification.

8.      Please fully set forth the factual and legal basis for each objection you make to this request.

9.      If the request for admission or interrogatory is not being answered based on the claim of a privilege, please provide the privilege claimed, and the facts upon which the privilege is based.

10.     Your responses must identify the person providing any information that is included in the answer or otherwise providing the answer.

11.     A request that a document be described or identified calls for a description of the document sufficient to support a request to produce pursuant to Rule 34 of the Federal Rules of Civil Procedure. You may comply with such a request by attaching a copy of the writing to your answers and by making a reference to the document in your answer to the request for production.

12.     You should provide all documents reasonably available to you. In answering this request, you must make a diligent search of all such documents available to you. If you are unable to respond to any request in full after exercising due diligence to secure such documents, please so state and explain why you cannot provide the requested documents.

13.     In the event that any document requested has been destroyed, lost, or stolen, specify in writing what happened to the document and when it happened.

RFA, Interrogatories, RFP-
First Set  - Page 4

14.    In the event that any document requested is in the possession of another person or entity, please state the full name, address, and phone number of the person or entity having possession or control of the document. When any document requested is in the possession of another person or entity, please state what steps you will take to obtain possession of the document and when you will take those steps. If you intend to take no steps to obtain the document from such person or entity, state the reason why you will not take such steps.

15.    Please state, to the best of your knowledge, information, and belief, and with as much particularity as possible, any reason why a document is not being produced and provide the facts upon which you rely in support of your contention that you cannot provide the document.

16.    If you object to any request on the ground that the request is too broad and/or burdensome, please respond to the extent the request is not deemed overly broad or burdensome. Please focus first on the most recent information available to you, note your objection, and provide a description of the quantity of the balance of the information not produced or responded to and why you believe that a response would be burdensome.

17.    If you object to the production of a portion of a document, but not the entire document, produce that portion of the document for which no objection is made and indicate on the document or any accompanying document (referring to the portion produced by page number(s)) the portion of the document to which you object.

18.    A complete production should include all copies of the same document which are not identical, whether due to marginal notations, signatures and initials, underlining, stamping, or any other evolution.

RFA, Interrogatories, RFP-
First Set  - Page 5

19.     If your objection relates to a document, please state (unless you believe this information

is also privileged or objectionable) the date of the document, name of the author if known, the

entity which originated the document, the recipient(s), the number of pages, the general subject

matter of the document, any reference numbers on the document, and the identity of the present

custodian.  This will permit the parties and the Court to evaluate your objection.  If you believe

the limited information sought in this paragraph is also privileged or objectionable, fully explain

the basis for your position.

20.     These requests for admissions, interrogatories, and requests for production of documents

are to be regarded as continuing and you are requested to provide by way of supplementary

responsive answers such additional information as may hereafter be obtained by you or any

person on your behalf, stating the basis upon which you know that the prior responses or answers

were incomplete, incorrectly made or, whether correctly made, are no longer true.  Such

supplementary answers are to be filed and served within 15 days after receipt of such

information, but not later than the time of trial.

## DEFINITIONS

As used herein–

1.     "You" or "your" refers to the defendant identified in the Complaint to Revoke

Naturalization and any attorneys, representatives, or persons acting under, by, or through

defendant, or subject to the defendant's control or supervision, and all persons acting on

defendant's behalf.

2.     "Any" is understood to include and encompass "all"; "or" is understood to include and

RFA, Interrogatories, RFP-
First Set - Page 6

encompass "and"; and "and" is understood to include and encompass "or."

3.       "Document" means any tangible thing upon which any expression, communication or representation has been recorded by any means. It also includes, but is not limited to, records made by handwriting, typewriting, printing, photographing, videotaping, magnetic impulse, mechanical or electronic recording, and drafts.

4.       "Identify" or "Identity" as it refers to a person means to provide sufficient information for service of a subpoena, and includes but is not limited to name, last known address, telephone number, and counsel if the person is represented by an attorney.

5.       "Identify" as it refers to a document means to (1) identify the custodian of the document, and (2) state the page number(s) of the document if produced by you for inspection and copying, or, if not produced, identify the author(s) of the document, and state the date of the document, number of pages, and its subject.

6.       "Oath" means a formal or legally binding pledge to tell the truth.

7.       "Arrest" or "arrested" means the taking of a person into custody in a case and in the manner authorized by law.

8.       "Charge" or "charged" means to accuse someone formally of having committed a crime.

9.       "Plead" or "pleaded" means to answer in response to a charge in a court of law.

10.      "Conviction" or "convicted" means the finding or an instance of finding someone guilty or of being found guilty of a crime.

11.      "Sentence" or "sentenced" means a judgment by a court specifying the punishment of someone convicted of a crime, or the punishment itself.

RFA, Interrogatories, RFP-
First Set  - Page 7

12. "INS" means the Immigration and Naturalization Service of the United States Department of Justice, and includes its officers, agents, representatives, district offices, and suboffices.

**REQUEST FOR ADMISSION NO. 1**

Admit that, Armando Farias, Special Agent, Immigration and Naturalization Service, United States Department of Justice, personally interviewed Defendant and assisted Defendant in filling out INS Form N-400.

**INTERROGATORY NO. 1**

If your response to Request for Admission 1 is anything other than an unequivocal admission, state each and every fact and legal basis for your refusal to admit, or any qualification of your admission to Request for Admission No. 1.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1**

If your response to Request for Admission 1 is anything other than an unequivocal admission, produce all documents that support your refusal to admit , or any qualification of your Request for Admission No. 1.

**REQUEST FOR ADMISSION NO. 2**

Admit that, Armando Farias, Special Agent, Immigration and Naturalization Service, United States Department of Justice, on Part 7, Question 15(a) of the INS Form N-400, asked

RFA, Interrogatories,RFP-
First Set Page                                    8

Defendant **in English** if he had ever knowingly committed a crime for which you have not been arrested.

## INTERROGATORY NO. 2

If your response to Request for Admission 2 is anything other than an unequivocal admission, state each and every fact and legal basis for your refusal to admit, or any qualification of your admission to Request for Admission No. 2.

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2

If your response to Request for Admission 2 is anything other than an unequivocal admission, produce all documents that support your refusal to admit, or any qualification of your admission to Request for Admission No. 2.

## REQUEST FOR ADMISSION NO. 3

Admit that, Armando Farias, Special Agent, Immigration and Naturalization Service, United States Department of Justice, on Part 7, Question 15(a) of the INS Form N-400, asked Defendant **in Spanish** if he had ever knowingly committed a crime for which you have not been arrested.

## INTERROGATORY NO. 3

If your response to Request for Admission 3 is anything other than an unequivocal admission, state each and every fact and legal basis for your refusal to admit, or any qualification of your

admission to Request for Admission No. 3.

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3

If your response to Request for Admission 3 is anything other than an unequivocal admission, produce all documents that support your refusal to admit, or any qualification of your admission to Request for Admission No. 3.

## REQUEST FOR ADMISSION NO. 4

Admit that, Armando Farias, Special Agent, Immigration and Naturalization Service, United States Department of Justice, on Part 7, Question 15(a) of the INS Form N-400, translated into  the question of whether Defendant had ever "knowingly committed a crime for which you have not been arrested" as meaning that Defendant had never been "accused of a crime."

## INTERROGATORY NO. 4

If your response to Request for Admission 4 is anything other than an unequivocal admission, state each and every fact and legal basis for your refusal to admit, or any qualification of your admission to Request for Admission No. 4.

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4

If your response to Request for Admission 4 is anything other than an unequivocal admission, produce all documents that support your refusal to admit, or any qualification of your admission

to Request for Admission No. 4.

**REQUEST FOR ADMISSION NO. 5**

Admit that the United States Department of Justice has no evidence, other than the guilty plea later entered into, which indicates that Defendant Luna committed any drug crime or crimes prior to his naturalization, and prior to his answer to Part 7, Question 15(a) of the INS Form N-400.

**INTERROGATORY NO. 5**

If your response to Request for Admission 5 is anything other than an unequivocal admission, state each and every fact and legal basis for your refusal to admit, or any qualification of your admission to Request for Admission No. 5.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5.**

If your response to Request for Admission 5 is anything other than an unequivocal admission, produce all documents that support your refusal to admit, or any qualification of your admission to Request for Admission No. 5.

**REQUEST FOR ADMISSION NO. 6**

Admit that the United States Department of Justice has no evidence, other than the guilty plea later entered into, which indicates that Defendant Luna conspired with others to commit any drug crime or crimes prior to his naturalization, and prior to his answer to Part 7, Question 15(a) of the INS Form N-400.

## INTERROGATORY NO. 6

If your response to Request for Admission 6 is anything other than an unequivocal admission, state each and every fact and legal basis for your refusal to admit, or any qualification of your admission to Request for Admission No. 6.

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6

If your response to Request for Admission 6 is anything other than an unequivocal admission, produce all documents that support your refusal to admit, or any qualification of your admission to Request for Admission No. 6.

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7

If your response to Request for Admission 5 is   an unequivocal admission, produce all documents that support your this Admission No. 5.

## REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8

If your response to Request for Admission 6 is  an unequivocal admission, produce all documents that support your this Admission No. 5.

## INTERROGATORY NO. 9

Identify each and every individual, whether prosecuted criminally or not, including each individual's name, address, and telephone number, alleged to have been involved in the series of offenses of possession with intent to distribute marijuana for which Defendant was arrested, indicted, and convicted in 1996.

**INTERROGATORY NO. 10**

Please identify each and every individual with knowledge of facts relevant to any of the issues in this lawsuit, including each individual's name, address, and telephone number.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11**

Produce all documents that were consulted, reviewed, or considered in preparing the indictment against and prosecuting Defendant Luna for possession of marijuana, with intent to distribute.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12**

Produce all documents that were consulted, reviewed, or considered in preparing your response to Defendant's First Set of Requests for Admission, Interrogatories, and Request for Production of Documents, but which were not produced in response to a Request for Production of Documents.