25

United States District Court
Southern District of Texas
FILED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

SEP 1 1 2002

Michael N. Milby
Clerk of Court

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil Action No. B 01-115 |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| SERVANDO LUNA, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
| _____ | ) |  |

**PLAINTIFF'S REPLY TO DEFENDANT'S
RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
OPPOSITION TO DEFENDANT'S UNTIMELY CROSS-MOTION
FOR SUMMARY JUDGMENT**

**TABLE OF CONTENTS**
**PLAINTIFF'S REPLY AND RESPONSE TO "DEFENDANT'S**
**RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND**
**CROSS MOTION FOR SUMMARY JUDGMENT"**

**TOPIC**                                                                    **PAGE**

I.      Reply to Defendant's Response to Plaintiff's Motion for
        Summary Judgment ................................................................... 1

        A.      Affirmative Collateral Estoppel Establishes, as a Matter of Law,
                that Mr. Luna Knowingly Committed the Crime of Possession
                with Intent to Distribute Marijuana from January 1, 1995,
                through April 26, 1995 ........................................................ ....... 1

                1.      Affirmative Collateral Estoppel Applies Despite
                        Mr. Luna's Arguments Regarding <u>Alford</u> pleas .................. 2

                2.      Affirmative Collateral Estoppel Establishes All Essential
                        Matters and Elements of a Crime, Not Merely the
                        Existence of a Conviction ................................................. 4

        B.      Mr. Luna raises no genuine issue of fact regarding his
                illegal procurement of naturalization .............................................. 6

        C.      Mr. Luna raises no genuine issue of fact regarding his
                procurement of naturalization by willful misrepresentation or
                concealment of material facts ......................................................... 7

        D.      The United States may Obtain Denaturalization by Summary
                Judgment ....................................................................................... 11

II.     Response to Defendant's Cross Motion for Summary Judgment ................ 12

III.    Motion to Strike Affidavit of Servando Luna ............................................. 16

**TABLE OF CITATIONS**
**PLAINTIFF'S REPLY AND RESPONSE TO "DEFENDANT'S**
**RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND**
**CROSS MOTION FOR SUMMARY JUDGMENT"**

**AUTHORITY**                                                         **PAGE(S)**

<u>CASES</u>

<u>Armco, Inc. v. Armco Burglar Alarm Co., Inc.</u>, 693 F.2d 1155
    (5th Cir. 1982) ............................................................    15

<u>Costello v. United States</u>, 365 U.S. 265 (1961) ........................    14

<u>Espinoza-Espinoza v. I.N.S.</u>, 554 F.2d 921 (9th Cir. 1977) ........    10

<u>Fedorenko v. United States</u>, 449 U.S. 490 (1981) .....................    7, <u>14</u>

<u>Flynn v. Sandahl</u>, 58 F.3d 283 (7th Cir. 1995) ............................    6

<u>Forbes v. I.N.S.</u>, 48 F.3d 439 (9th Cir. 1995) ............................    10

<u>Gorbach v. Reno</u>, 181 F.R.D. 642 (W.D. Wash. 1998),
    <u>aff'd</u> 219 F.3d 1087 (9th Cir. 2000) .................................    15

<u>Gorbach v. Reno</u>, 219 F.3d 1087 (9th Cir. 2000) ......................    11, 12

<u>Hyman v. Regenstein</u>, 258 F.2d 502 (5th Cir. 1958) ...................    4

<u>In re Coastal Plains, Inc.</u>, 179 F.3d 197 (5th Cir. 1999) ..............    5

<u>Lowery v. Stovall</u>, 92 F.3d 219 (4th Cir. 1996) .........................    5

<u>Matter of Bohart</u>, 743 F.2d 313 (5th Cir. 1984) .........................    14

<u>Nathan v. Tenna Corp.</u>, 560 F.2d 761 (7th Cir. 1977) ................    4

<u>North Carolina v. Alford</u>, 400 U.S. 25 (1970) ...........................    2

<u>Oaks v. Wainwright</u>, 445 F.2d 1062 (5th Cir. 1971) ...................    3 n.1

<u>Robinson v. Globe Newspaper Co.</u>, 26 F.Supp.2d 195 (D. Me. 1998) .......    5

<u>Stallworth v. Harvey</u>, 1996 WL 465389 (N.D. Ill. 1996) ...........    5

**AUTHORITY**                                                    **PAGE(S)**

<u>**CASES**</u>

<u>Tomlinson v. Lefkowitz</u>, 334 F.2d 262 (5th Cir. 1964) ............................... 4

<u>United States v. Ballard</u>, 779 F.2d 287 (5th Cir. 1986) ............................... 14

<u>United States v. Bell</u>, 966 F.2d 914 (5th Cir. 1992) .................................... 3

<u>United States v. Charnowola</u>, 109 F.Supp. 810 (E.D. Mi. 1953) ................ 10 n.3

<u>United States v. Chruszczak</u>, 127 F.Supp. 743 (N.D. Oh. 1954) ................ 10 n.3

<u>United States v. Dailide</u>, 227 F.3d 385 (6th Cir. 2000) ............................... 12, 13

<u>United States v. Ekpin</u>, 2002 WL 1838129 (S.D. Tex. 2002) .................... 7, 12, 13

<u>United States v. Kairys</u>, 600 F.Supp. 1254 (N.D. Ill.1984) ........................ 14

<u>United States v. Koreh</u>, 59 F.3d 431 (3d Cir. 1995) .................................. 12, 13

<u>United States v. Kungys</u>, 485 U.S. 759 (1988) .......................................... 7, 10 n.3

<u>United States v. Lampazianie</u>, 251 F.3d 519 (5th Cir. 2001) ...................... 3

<u>United States v. Lovasco</u>, 431 U.S. 783 (1977) .......................................... 13

<u>United States v. Robertson</u>, 698 F.2d 703 (5th Cir. 1983) .......................... 3

<u>United States v. Schellong</u>, 547 F.Supp. 569 (N.D. Ill.1982) .................... 14

<u>United States v. Schuk</u>, 565 F.Supp. 613 (E.D. Pa.1983) .......................... 14

<u>United States v. Sepe</u>, 474 F.2d 784 (5th Cir. 1973) .................................. 3 n.1

<u>United States v. Stelmokas</u>, 100 F.3d 302 (3d Cir. 1996) .......................... 13

<u>United States v. Szehinskyj</u>, 104 F.Supp.2d 480 (E.D. Pa. 2000) ........... 13

<u>United States v. Tuteur</u>, 215 F.2d 415 (7th Cir. 1954) ............................... 10 n.3

<u>United States v. Weintraub</u>, 613 F.2d 612 (6th Cir.1979) .......................... 14

**AUTHORITY**                                                          **PAGE(S)**

## CASES

United States v. Wise, 179 F.3d 184 (5th Cir. 1999) ................................. 3

Witter v. I.N.S., 113 F.3d 549 (5th Cir. 1997) ......................................... 10

## STATUTES AND RULES

Fed. R. Civ. P. 12 ....................................................................... 14

Fed. R. Civ. P. 56 ....................................................................... 9

Fed. R. Civ. P. 81 ....................................................................... 12

Fed. R. Crim. 11(a)(2) ................................................................. 3

Fed. R. Evid. 801 ....................................................................... 16

INA § 101(a)(43)(B) .................................................................... 7

INA § 101(f)(3) ......................................................................... 7

INA § 101(f)(8) ......................................................................... 7

INA § 212(a)(i)(I) ...................................................................... 7

INA § 212(a)(2)(A)(i)(II) .............................................................. 7

INA § 212(a)(2)(C) ..................................................................... 7

INA § 340(a), 8 U.S.C. § 1451(a) .................................................... 10, 11, 12, 15

18 U.S.C. § 2 ........................................................................... 4

21 U.S.C. § 841(a)(1) .................................................................. 4

21 U.S.C. § 841(b)(1)(B) .............................................................. 4

## CODE OF FEDERAL REGULATIONS

8 C.F.R. § 316.10 ...................................................................... 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil Action No. B 01-115 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SERVANDO LUNA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### PLAINTIFF'S REPLY TO DEFENDANT'S
### RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
### OPPOSITION TO DEFENDANT'S UNTIMELY CROSS-MOTION
### FOR SUMMARY JUDGMENT

COMES NOW , the United States of America ("plaintiff"), and files its reply to

Defendant's Response to Plaintiff's Motion for Summary Judgment and its opposition to

Defendant's untimely Cross-Motion for Summary Judgment. In addition, plaintiff moves to

strike affidavits submitted by Mr. Luna, as they contain inadmissible testimony.

**I.    REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR
         SUMMARY JUDGMENT**

       **A.    Affirmative Collateral Estoppel Establishes, as a Matter of Law, that Mr.
               Luna Knowingly Committed the Crime of Possession with Intent to
               Distribute Marijuana from January 1, 1995, through April 26, 1995.**

As set forth in plaintiff's motion for summary judgment, through application of the

doctrine of affirmative collateral estoppel, the United States establishes, as a matter of law, that

Mr. Luna committed the crime of possession with intent to distribute marijuana from January 1,

1995, through April 26, 1995. MSJ at pp. 6-10. Although illegal procurement and procurement

United States v. Luna
Reply/Response to Defendant's Response & MSJ - Page 1

by misrepresentation or concealment of material fact are separate and independent bases for denaturalization, the fact that Mr. Luna knowingly committed this crime relates to both bases for summary judgment raised by the United States. Therefore, before examining each basis for summary judgment, Mr. Luna's challenge to the application of collateral estoppel will be addressed.

Whether affirmative collateral estoppel applies to Mr. Luna's case is a legal issue and not a factual issue. Mr. Luna, therefore, cannot raise any genuine issue of material fact regarding this conclusively established fact. Moreover, as explained in the following sections, Mr. Luna's legal challenges to the application of affirmative collateral estoppel are without merit.

**1.    Affirmative Collateral Estoppel Applies Despite Mr. Luna's Arguments Regarding Alford pleas.**

Mr. Luna responds to plaintiff's argument that based upon collateral estoppel, Mr. Luna's guilty plea and conviction establish, as a matter of law, that he committed the crime of possession with intent to distribute marijuana, by arguing that "the fact of guilt is not essential to a court's acceptance of a plea, so long as the plea is tactically sound,"citing North Carolina v. Alford, 400 U.S. 25 (1970). See Defendant's Response and Motion ("Response") at p. 3. Apparently, Mr. Luna is attempting to analogize an Alford plea to his plea of guilty because, as he now contends, he only pled guilty to obtain the benefit of the plea agreement and not because he *actually* was guilty. Mr. Luna's lengthy discussion of Alford pleas and his professions of innocence aside, his arguments in this regard fail to address the collateral estoppel issue and are inapplicable because Mr. Luna did not enter an Alford plea.

The doctrine of affirmative collateral estoppel applies regardless of whether a conviction

United States v. Luna
Reply/Response to Defendant's Response & MSJ - Page 2

was obtained through a guilty plea or a jury verdict. Thus, professions of innocence do not prevent application of collateral estoppel even when a defendant enters an Alford plea. Mr. Luna presents absolutely no authority supporting the inapplicability of collateral estoppel to convictions based upon Alford pleas.

In any event, even if Alford pleas prevent the application of affirmative collateral estoppel, Mr. Luna did not enter an Alford plea. During his criminal proceedings, Mr. Luna entered a plea of guilty to possession with intent to distribute approximately 250 kilograms of marijuana. The transcript of the plea colloquy shows that Mr. Luna stated that he was pleading guilty because he was guilty, and that he was involved with 250 kilograms of marijuana. See Plaintiff's Motion for Summary Judgment ("MSJ") at pp. 8-9; MSJ Ex. 6 at pp. 13:3-25, 14:1-25, 15:1-12. The transcript makes no mention of an Alford plea, or even of a conditional plea. Although the Fifth Circuit has historically refused to allow conditional pleas of guilty, United States v. Robertson, 698 F.2d 703, 706-07 (5th Cir. 1983),[1] it has allowed conditional guilty pleas pursuant to Federal Rule of Criminal 11(a)(2) since that subdivision was added by amendment in 1983. See United States v. Lampazianie, 251 F.3d 519, 525 n.20 (5th Cir. 2001); United States v. Bell, 966 F.2d 914, 915-17 (5th Cir. 1992). Such conditional plea, however, must be in writing, consented to by the prosecution, approved by the court, and explicitly identify the particular issues intended to be preserved for appeal. United States v. Wise, 179 F.3d 184, 186-87 (5th Cir. 1999).

Mr. Luna cannot point to any evidence to show that his guilty plea was an Alford plea or

---

[1] See also United States v. Sepe, 474 F.2d 784 (5th Cir. 1973); Oaks v. Wainwright, 445 F.2d 1062, 1063 n.3 (5th Cir. 1971) (noting that Alford only applies to State cases).

United States v. Luna
Reply/Response to Defendant's Response & MSJ - Page 3

a conditional guilty plea. Quite to the contrary, the evidence indicates that Mr. Luna admitted that he was pleading guilty because he was guilty, and that he possessed approximately 250 pounds of marijuana. See MSJ Ex. 6 at pp. 13:3-25, 14:1-25, 15:1-12. Furthermore, he never denied his participation in the crime of possession with intent to distribute marijuana during his plea colloquy. See generally MSJ, Ex. 6. Mr. Luna's argument concerning Alford pleas or conditional guilty pleas, therefore, is irrelevant and misleading.

2.    **Affirmative Collateral Estoppel Establishes All Essential Matters and Elements of a Crime, Not Merely the Existence of a Conviction.**

Mr. Luna also asserts that, even if collateral estoppel does apply to this case, the estoppel "only applies to the issue of conviction." Response at p. 7. In support of this position, Mr. Luna appears to be citing Tomlinson v. Lefkowitz, 334 F.2d 262, 264 (5th Cir. 1964), wherein the court reasoned that "only facts essential to the judgment, as opposed to the evidentiary facts on which the facts in issue depend, are subject to collateral estoppel." Mr. Luna, however, misunderstands or misapplies the Fifth Circuit's holding. This holding means that collateral estoppel applies where the facts determined are essential to the judgment. See id.; see also Hyman v. Regenstein, 258 F.2d 502, 510-11 (5th Cir. 1958).

In Mr. Luna's case, the fact that he *knowingly possessed marijuana with intent to distribute* was essential to his conviction for possession with intent to distribute marijuana under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2. Collateral estoppel, therefore, conclusively establishes that Mr. Luna committed the crime of possession of marijuana with intent to distribute and that he did so knowingly, preventing him from now arguing that he did not commit these actions. See, e.g., Nathan v. Tenna Corp., 560 F.2d 761, 764-65 (7th Cir. 1977)

United States v. Luna
Reply/Response to Defendant's Response & MSJ - Page 4

(finding no genuine issue of material fact because defendant's guilty plea to federal mail fraud charges conclusively established that his conduct was criminal and precluded defendant from presenting evidence to the contrary in subsequent civil proceeding); see also Stallworth v. Harvey, 1996 WL 465389 (N.D. Ill. 1996) (admissions such as guilty pleas are trumps for purposes of summary judgment, estopping any argument in § 1983 action by plaintiff that he did not possess a gun because he previously pled guilty to aggravated assault in pointing a gun at the officer and to unlawful use of a weapon).

Where a party assumes a certain position in a legal proceeding and succeeds in maintaining that position, he may not thereafter assume a contrary position, simply because his interests have changed,. See In re Coastal Plains, Inc., 179 F.3d 197 (5th Cir. 1999) (discussing doctrine of judicial estoppel whereby courts can prevent litigants from asserting contrary positions in different forums); see also Lowery v. Stovall, 92 F.3d 219 (4th Cir. 1996) (civil plaintiff who pled guilty to maliciously causing bodily injury to police officer with intent to kill precluded by judicial estoppel from relitigating that conduct in § 1983 action against officer for alleged violation of plaintiff's Fourth Amendment rights); Robinson v. Globe Newspaper Co., 26 F. Supp.2d 195 (D. Maine 1998) (granting summary judgment because police officer who pled guilty to criminal indictment alleging that he stole money from drug dealers, falsified search warrant affidavits, and arranged for dismissal of legitimate criminal charges was collaterally estopped from alleging falsity of these activities in defamation action against newspaper that reported such activities). Simply because Mr. Luna's interests may have changed, collateral estoppel still applies to affirmatively establish his knowing commission of possession of marijuana with intent to distribute.

United States v. Luna
Reply/Response to Defendant's Response & MSJ - Page 5

establishing the good moral character required by statute for naturalization.  See 8 C.F.R. §

316.10; INA §§ 101(f)(8), 101(a)(43)(B), 101(f)(3), 212(a)(i)(I), 212(a)(2)(A)(i)(II),

212(a)(2)(C); see also United States v. Ekpin, 2002 WL 1838129 at *6 (S.D. Tex. 2002)

(defendant's commission of sexual assault against his daughter prior to his naturalization for

which he was subsequently arrested and convicted precluded him from establishing the good

moral character required for naturalization).  Both these determinations are legal determinations

for which Mr. Luna cannot raise an issue of material fact to defeat Plaintiff's motion for summary

judgment.  Mr. Luna, therefore, illegally procured his naturalization and it must be revoked.  See

Fedorenko v. United States, 449 U.S. 490, 506 (1981).

> **C.     Mr. Luna Raises No Genuine Issue of Material Fact Regarding His
> Procurement of Naturalization by Willful Misrepresentation or Concealment
> of Material Fact.**

        As set forth in plaintiff's motion for summary judgment, there are four requirements for

revocation of naturalization that was procured by willful misrepresentation or concealment of

material facts: (1) the naturalized citizen must have misrepresented or concealed some fact, (2)

the misrepresentation or concealment must have been willful, (3) the fact must have been

material, and (4) the naturalized citizen must have procured citizenship as a result of the

misrepresentation or concealment.  United States v. Kungys, 485 U.S. 759, 767 (1988).  Mr.

Luna's response, however, only addresses the first two elements and raises no challenge to the

United States' evidence and argument regarding the last two elements - materiality and

procurement.

        First, Mr. Luna attempts to challenge the clear evidence that he misrepresented or

concealed a fact - the fact that he knowingly committed a crime.  Apparently, Mr. Luna

United States v. Luna
Reply/Response to Defendant's Response & MSJ - Page 7

misinterprets the government's use of the doctrine of affirmative collateral estoppel and attempts to create the appearance of an issue of fact where there is none. As stated in plaintiff's motion for summary judgment, the doctrine of affirmative collateral estoppel establishes as a matter of law that the defendant committed criminal acts. Additionally, the evidence submitted in support of the motion for summary judgment establishes that the defendant was asked whether he had committed a crime for which he had not been arrested, and the defendant answered no - both during his interview with Officer Farias and when he signed his application at the end of his interviewing, certifying that all his answer were true and correct. See MSJ Ex. 8 at ¶¶ 5-8; see also MSJ Ex. 7. Accordingly, it is clear that the defendant misrepresented or concealed some fact.

Despite this clear evidence, Mr. Luna contends that Immigration Officer Farias's statements in his Declaration, attached at exhibit 8 to plaintiff's motion for summary judgment, are "disingenuous when compared to his testimony upon deposition." Response at p. 19. Yet, Mr. Luna does not raise any genuine issue of material fact regarding Officer Farias's testimony. First, Mr. Luna raises no actual issue. Simply suggesting the existence of discrepancies does not necessarily raise an issue, as neither his declaration nor the response directly asserts that either Officer Farias did not ask the questions regarding Luna's criminal history or that Mr. Luna answered them consistent with the amended answer on this application. Second, any issue is not genuine, as Mr. Luna points out no specific discrepancies between Officer Farias's declaration and his deposition testimony. In fact, Officer Farias's declaration is consistent with his deposition testimony. Officer Farias does not indicate in his declaration that he remembers Mr. Luna's interview, specifically, and testified during his deposition that he did not remember Mr.

United States v. Luna
Reply/Response to Defendant's Response & MSJ - Page 8

Luna personally. MSJ Ex. 8; Response Ex. C at pp. 19:22-25, 20:1-3. Officer Farias's notations on Luna's application are consistent with his declaration and deposition testimony as well.[2] Third, any issue regarding the oral questioning at the interview would not be dispositive. At the conclusion of his interview, Mr. Luna also signed his amended application, which contains the misrepresentation or concealed material fact of his commission of marijuana possession with intent to distribute, certifying all his answers to be true and correct. MSJ, Ex. 7. Mr. Luna has raised no challenge that he did not sign his application at the end of his interview, certifying the answers contained therein. Accordingly, Mr. Luna has raised no genuine issue of material fact regarding his misrepresentation or concealment of a fact.

Second, the government has established that the defendant's misrepresentation was willful and the defendant's arguments raise no genuine issue of material fact. Mr. Luna contends that summary judgment is inappropriate where a party's state of mind is at issue and that the government must prove that Mr. Luna had an intent to deceive. Contrary to Mr. Luna's contention, the government is not required to prove an intent to deceive to establish that a

---

[2] Officer Farias indicates in his declaration that his notes on Mr. Luna's application for naturalization indicate that Mr. Luna admitted, during his naturalization interview, to a driving while intoxicated offense that took place in 1984. MSJ Ex. 8 at ¶ 5. Officer Farias testified at his deposition that he made a notation on Mr. Luna's application regarding this offense at Mr. Luna's naturalization interview. Response, Ex. D at 12:9-14. In his declaration, Officer Farias indicates that it was his invariable practice to translate Part 7, Question 15(a) of the naturalization application exactly as it reads on the application. MSJ Ex. 8 at ¶ 5. During his deposition, when asked how he would translate the questions on the application into Spanish, Officer Farias answered that he did not translate all 15 questions in Part 7 verbatim and further testified that "[I] just translate it by how it reads" and "I would explain it to the best of my ability, the way I understand the question being asked." Response Ex. D at p. 14:9-25, 15:1-14.

Officer Farias's declaration is consistent with his testimony at his deposition. His notes on the application during Mr. Luna's naturalization interview indicate that Mr. Luna misrepresented or concealed his commission of possession with intent to distribute marijuana at his naturalization interview and when he signed his naturalization application. See MSJ Ex. 8. Officer Farias would not have approved an application for naturalization if the applicant had revealed that he had committed the offense of possession with intent to distribute marijuana. MSJ Ex. 8 at ¶ 6.

United States v. Luna
Reply/Response to Defendant's Response & MSJ - Page 9

misrepresentation or concealment was willful. To prove that a misrepresentation or concealment is willful, the government need only establish that a misrepresentation or concealment is deliberate and voluntary. Witter v. I.N.S., 113 F.3d 549, 554 (5th Cir. 1997); Forbes v. I.N.S., 48 F.3d 439, 442 (9th Cir. 1995); Espinoza-Espinoza v. I.N.S., 554 F.2d 921, 925 (9th Cir. 1977). "Proof of intent to deceive is not required; . . . knowledge of the falsity of the representation is sufficient" to establish a misrepresentation's willfulness under 8 U.S.C. § 1451(a).[3] Witter, 113 F.3d at 554. Accordingly, Mr. Luna raises no genuine issue of fact in this area because the government is not required to prove that Mr. Luna had an intent to deceive.

Under the appropriate legal standard - knowledge of the falsity - there is no genuine issue of fact regarding Mr. Luna's willfulness. First, affirmative collateral estoppel establishes as a matter of law that Mr. Luna *knowingly* committed the crime of possession with intent to distribute in 1995, prior to his naturalization interview at which he falsely denied such criminal history. Second, as Mr. Luna himself testified at this deposition, he knew that possession with intent to distribute marijuana was a crime (see MSJ at p. 15; MSJ Ex. 3 at p. 160:11-19). Because Mr. Luna knowingly committed a crime that he knew to be a crime, Mr. Luna knew his statements denying such criminal history were false or misleading. Thus, his misrepresentation or concealment of his criminal history was willful.

---

[3] Mr. Luna appears to be relying on cases in which false testimony with the intent to obtain naturalization was at issue. See United States v. Chamowola, 109 F.Supp. 810 (E.D. Mi. 1953); United States v. Chruszczak, 127 F.Supp. 743 (N.D. Oh. 1954) (both cited by Mr. Luna at page 12 of his Response); United States v. Tuteur, 215 F.2d 415 (7th Cir. 1954) (cited by Mr. Luna at page 18 of his Response). Plaintiff did not argue that summary judgment should be granted concerning the false testimony count in its complaint, so false testimony is not an issue in these summary judgment proceedings. Further, these cases predate by 30 years United States v. Kungys, 485 U.S. 759 (1988) wherein the Supreme Court sets forth the four requirements for revocation of citizenship that was procured by willful misrepresentation or concealment of material facts, and, therefore, should carry little authoritative weight.

United States v. Luna
Reply/Response to Defendant's Response & MSJ - Page 10

Mr. Luna willfully misrepresented or concealed at his naturalization interview and when he signed his naturalization application that he had committed the offense of possession with intent to distribute marijuana in 1995. No genuine issue of material fact has been raised regarding Mr. Luna's misrepresentation or concealment during the naturalization process of his commission of possession with intent to distribute marijuana. Mr. Luna does not address the last two requirement of the Kungys analysis, i.e. whether the misrepresentation was material, and whether the individual procured naturalization as a result of the misrepresentation. Accordingly, Mr. Luna has not raised any genuine issues of fact with respect to these requirements to defeat plaintiff's motion for summary judgment.

### D.    The United States may Obtain Denaturalization by Summary Judgment.

Mr. Luna argues that the Ninth Circuit's decision in Gorbach v. Reno, 219 F.3d 1087 (9th Cir. 2000), precludes plaintiff from using the summary judgment procedure in a revocation of citizenship case before the federal district court. Yet, Mr. Luna misinterprets the holding in Gorbach, which deals with the Attorney General's authority to *administratively* denaturalize citizens and specifically holds that such power lies *exclusively* with the district courts in an action, such as this, under INA 340(a), 8 U.S.C. § 1451(a), by suggesting that the United States cannot seek summary judgment in district court actions to revoke citizenship. Contrary to Mr. Luna's suggestions, Gorbach does not address summary judgment in district court.

Section 340(a) of the Immigration and Nationality Act, 8 U.S.C. § 1451(a), provides for the United States attorneys to institute proceedings to revoke naturalization in the district courts of the United States. Federal Rule of Civil Procedure 56 provides for the filing of motions for summary judgment in federal district court proceedings. Simply because 8 U.S.C. § 1451(a)

does not specifically provide for the use of summary judgment does not mean that summary

judgment is inappropriate in revocation of naturalization cases. Notably, the Federal Rules of

Civil Procedure to not exclude application of Rule 56 to actions brought under 8 U.S.C. §

1451(a), but do limit application of the service and time limits for answers provided in Rule 4.

Rule 81(a)(6) of the Federal Rules of Civil Procedure; see also Rule 81(a)(2) (indicating that the

rules apply to citizenship proceedings). Despite the high and exacting standard of proof

necessary in a denaturalization action, summary judgment is still permitted; and when no genuine

issue of material fact exists necessitating a trial, courts have entered summary judgment in favor

of the government. See, e.g., United States v. Dailide, 227 F.3d 385, 389 (6th Cir. 2000) (facts of

denaturalization case may be such that revocation of citizenship at summary judgment stage is

appropriate); see also United States v. Koreh, 59 F.3d 431 (3d Cir. 1995); Ekpin, 2002 WL

1838129.

## II.    RESPONSE TO DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT

Mr. Luna's cross-motion for summary judgment is without merit. Initially, Mr. Luna's

cross-motion is untimely, and he never sought nor obtained leave of court to file his motion out

of time. See Court's Order of February 13, 2002 (setting dispositive motion deadline at August 5,

2002). Mr. Luna's cross-motion could be denied on that basis alone. Further, Mr. Luna's

untimely cross-motion should be denied because he has failed to establish as a matter of law that

he is entitled to judgment in his favor.

First, Mr. Luna first argues that, pursuant to Gorbach, 219 F.3d 1087, the "Immigration

Service's improvident administrative denaturalization and removal of Defendant's [sic] Luna's

United States v. Luna
Reply/Response to Defendant's Response & MSJ - Page 12

citizenship is voided." Response at p. 20. The Immigration and Naturalization Service has never attempted to enforce any administrative revocation of Mr. Luna's naturalization. Thus, this argument has no bearing whatsoever upon the instant proceedings.

Second, Mr. Luna also argues that the instant civil action against him violates his rights to due process. Mr. Luna's due process argument is two fold. He first argues that his due process rights have been violated by plaintiff's request for summary judgment "despite the availability of 8 U.S.C. 1451(a), and its clear imperative, that any further litigation in this case, now, violates Defendant's [sic] Luna's right to due process." Response at p. 22. As discussed supra, Mr. Luna's argument that summary judgment is inappropriate or unavailable in revocation of naturalization proceedings is without merit. See, e.g., Dailide, 227 F.3d 385; Koreh, 59 F.3d 431; Ekpin, 2002 WL 1838129.

Mr. Luna further alleges that the passage of time in bringing the instant action violates his due process rights, as witnesses and evidence are no longer available to him. Response at pp. 21-24. Mr. Luna fails, however, to specify what evidence or witnesses are unavailable, and fails to cite any authority in support of his argument that his due process rights have been violated. Had he examined the case law, Mr. Luna would have discovered that denaturalization actions can be brought despite the passage of time, even a longer passage of time than is at issue here, without violating due process. United States v. Stelmokas, 100 F.3d 202 (3d Cir. 1996); United States v. Szehinskyj, 104 F. Supp.2d 480 (E.D. Pa. 2000). Moreover, even in a criminal case, the passage of a long period of time between knowledge by the prosecution of indictable conduct and an indictment is not enough to establish a due process violation, even if the delay was harmful to a defendant. United States v. Lovasco, 431 U.S. 783, 789 (1977). Rather, the defendants must

United States v. Luna
Reply/Response to Defendant's Response & MSJ - Page 13

show that the government intentionally delayed the indictment to gain a tactical advantage, and

that the delay caused them actual and substantial prejudice. United States v. Ballard, 779 F.2d

287, 293 (5th Cir. 1986). As discussed infra, the United States did not delay its action against

Mr. Luna and he has established no substantial prejudice.

      Liberally construed, Mr. Luna's argument may be equitable in nature - essentially

asserting that the government's claim is barred by laches. The Supreme Court, however, has

noted that "district courts lack equitable discretion to refrain from entering a judgment of

denaturalization against a naturalized citizen whose citizenship was procured illegally or by

willful misrepresentation of material facts." Fedorenko, 449 U.S. at 517. In fact, the defense of

laches has been found to be unavailable to defendants in denaturalization cases. See Costello v.

United States, 365 U.S. 265, 281 (1961) (federal courts have held that laches is not a defense

against the sovereign, although court did not reach issue in this denaturalization case); United

States v. Weintraub, 613 F.2d 612, 618-19 (6th Cir.1979) (Costello's "primary holding" was that

laches is "inappropriate" against the government); United States v. Schellong, 547 F.Supp. 569,

576-577 (N.D. Ill.1982) (laches defense unavailable in denaturalization case); United States v.

Schuk, 565 F. Supp. 613, 615 (E.D. Pa.1983) (same); United States v. Kairys, 600 F.Supp. 1254,

1264 (N.D. Ill.1984) (same).

      Finally, laches is an affirmative defense, and the party asserting it has burden of proof.

See Matter of Bohart, 743 F.2d 313 (5th Cir. 1984). Because Mr. Luna did not raise this defense

in his answer, the defense is waived. Fed. R. Civ. Pr. 12. Even if the defense were available to

Mr. Luna, he has not established that laches applies, let alone that due process was violated. The

Fifth Circuit has identified three elements that must be present to support a finding of laches: (1)

United States v. Luna
Reply/Response to Defendant's Response & MSJ - Page 14

delay in asserting a right of claim; (2) that the delay was inexcusable; and (3) that undue prejudice resulted from the delay. <u>Armco, Inc. v. Armco Burglar Alarm Co., Inc.</u>, 693 F.2d 1155, 1161 (5th Cir. 1982). Even if laches could be applied to bar the government's claim in denaturalization cases, Mr. Luna has failed to support this defense in this case. Mr. Luna asserts delay in the government's bringing its action against him, but does not allege that the delay was inexcusable or why. Further, as noted <u>supra</u>, Mr. Luna does not specify why or even if he was unduly prejudiced by any alleged delay.

In fact, there was no undue delay on the government's part. When it became aware of Mr. Luna's criminal history and naturalization fraud, the United States initiated denaturalization proceedings against Mr. Luna on November 10, 1997, when it attempted to serve a Notice of Intent to Revoke Naturalization on Mr. Luna to administratively revoke Mr. Luna's naturalization.[4] <u>See</u> Notice of Intent to Revoke Naturalization, dated October 29, 1997, attached hereto as Exhibit 11.[5] In 1998, the District Court for the Western District of Washington granted an injunction precluding the INS from conducting administrative proceedings to revoke naturalization. <u>See</u> <u>Gorbach v. Reno</u>, 181 F.R.D. 642 (W.D. Wash. 1998), <u>aff'd</u> 219 F.3d 1087 (9th Cir. 2000). As a result, the United States brought the instant proceedings under the still available, exclusive procedure in 340(a) of the INA, 8 U.S.C. § 1451(a). Therefore, the

---

[4] Mr. Luna refused to accept service of this Notice, although he filed a response contesting his denaturalization on December 12, 1997. <u>See</u> Letter dated December 11, 1997, attached hereto as Exhibit 12.

[5] Mr. Luna attended an administrative hearing regarding the revocation of his citizenship on or about February 6, 1998. <u>See</u> Notice of Hearing, dated January 2, 1998, attached hereto as Exhibit 13. On July 6, 1998, the Immigration and Naturalization Service ("INS") ordered the administrative revocation of Mr. Luna's citizenship <u>See</u> Final Notice of Revocation of Naturalization, dated July 6, 1998, attached hereto as Exhibit 14. Mr. Luna appealed that decision to the Administrative Appeals Unit on August 5, 1998. <u>See</u> Notice of Appeal, dated July 31, 1998, attached hereto as Exhibit 15.

United States v. Luna
Reply/Response to Defendant's Response & MSJ - Page 15

government did not unduly delay action against Mr. Luna.

Accordingly, Mr. Luna's cross motion for summary judgment is insufficient as a matter

of law and should be denied.

## III.   MOTION TO STRIKE AFFIDAVIT OF SERVANDO LUNA

Plaintiff moves to strike the affidavit of Servando Luna, dated August 13, 2002, attached

as Exhibit A to Defendant's Response to Plaintiff's Motion for Summary Judgment and Cross

Motion for Summary Judgment, in that it contains the following hearsay statements:

> I note for the record that I was told by my attorney ... that the government had
> other defendants, or targets, pointing the finger at others to saves [sic] themselves
> and their family members. My attorney, as such, informed me that the case for the
> government, would have been difficult to overcome.

> I found out from Maria Muniz-Reyes that, without my knowledge, she had held
> onto some cash her son had, money which apparently was the reason she was
> pulled into her son's criminal activity. She also stated that both she and her son
> denied my involvement in anything, and that the government agents proceeded
> against me despite this.

> Mr. Santoscoy later told me that the only reason he fingered me was because he
> believed that I had fingered him, and also because he wished to save his wife from
> the indignity of facing criminal charges. Mr. Santoscoy asked me to forgive him
> and I did not at the time, although now I do and I recognize that I was wrong not
> to have forgiven him then.

To the extent that Mr. Luna uses these statements as proof of the matter asserted, these

statements are hearsay that is inadmissible pursuant to Federal Rule of Evidence 801, plaintiff

moves to strike the affidavit of Servando Luna, dated August 13, 2002.

Plaintiff further objects to Mr. Luna's affidavit in that it contains assertions that are

speculative and beyond the knowledge of Mr. Luna. Mr. Luna asserts that it was "[his]

understanding that in exchange for their cooperation, Ramiro Santoscoy and Virginia Cavazos

United States v. Luna
Reply/Response to Defendant's Response & MSJ - Page 16

were treated favorably by the government." Plaintiff moves to strike Mr. Luna's affidavit in that

it contains information beyond his personal knowledge.

Respectfully submitted,

| | |
|---|---|
| MICHAEL SHELBY | ROBERT D. McCALLUM, JR. |
| United States Attorney | Assistant Attorney General |
| KEITH WYATT | Civil Division |
| Chief, Civil Division | RICHARD M. EVANS |
| LISA PUTNAM | Assistant Director |
| Special Assistant United States Attorney | MICHELLE SLACK |
| Immigration & Naturalization Service | Trial Attorney |
| P.O. Box 1711 | Office of Immigration Litigation |
| Harlingen, Texas 78551 | U.S. Dept. of Justice, Civil Division |
| | P.O. Box 878, Ben Franklin Station |
| | Washington, D.C. 20044 |
| | Telephone:  (202) 616-9340 |

ANGELA A. CRIDER, Attorney in Charge
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
c/o Immigration and Naturalization Service
P.O. Box 670049
Houston, Texas 77267-0049
Telephone: (281) 774-4731
Facsimile: (281) 774-5996
TX Bar No. 00790530
Southern District of Texas No. 26859

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above Plaintiff's Reply and Response to Defendant's Response to Plaintiff's Motion for Summary Judgment and Cross Motion for Summary Judgment was mailed by first class mail to Defendant's attorney, Philip Cowen, at 500 East Levee, Brownsville, Texas 78520 on this the _10th_ day of September, 2002.

Angela A. Crider, Trial Attorney
Primary Counsel for Plaintiff,
United States of America

**APPENDIX**
**EXHIBITS**
**PLAINTIFF'S REPLY TO DEFENDANT'S**
**RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND**
**OPPOSITION TO DEFENDANT'S UNTIMELY CROSS-MOTION**
**FOR SUMMARY JUDGMENT**

**EXHIBIT**                                                                                    **EXHIBIT TAB**

Notice of Intent to Revoke Naturalization, October 29, 1997 .................... 11

Letter, December 11, 1997 ........................................................................ 12

Notice of Hearing, January 2, 1998 .......................................................... 13

Final Notice of Revocation of Naturalization, July 6, 1998 ........................ 14

Notice of Appeal, July 31, 1998 ................................................................ 15



INS - ... -
HOUSTON, TEXAS

2002 SEP -9  PM 1: 35

**U.S. Department of Justice**
Immigration and Naturalization Service

HQREC 70/42.4 - C

*425 I Street NW*
*Washington, DC 20536*

SEP  6  2002

MEMORANDUM FOR  Office of the General Counsel
HQCOU

ATTENTION:  Paralegal Specialist Dot Jones

FROM:        Office of Records, Headquarters, (HQREC)

SUBJECT:     Certification Request(s) for September 5, 2002

Attached is(are) certified copy of document(s) relating to the following subject(s):


Servando Luna                 A-34 284 206

As Chief of the Records Services Branch, Office of Records, I am duly authorized to make such
certification and to delegate such authority in my absence.

RUTH E. JONES
Chief
Records Services Branch


Attachments

# United States of America

———

DEPARTMENT OF JUSTICE

IMMIGRATION AND NATURALIZATION SERVICE

*September 6, 2002*

## CERTIFICATION

BY VIRTUE OF the authority vested in me by Title 8, Code of Federal Regulations, Part 103 a regulation issued by the Attorney General pursuant to Section 103 of the Immigration and Nationality Act,

I HEREBY CERTIFY that the annexed documents are originals, or copies thereof, from the records of the said Immigration and Naturalization Service, Department of Justice, relating to *Servando Luna, also known as Servando Luna-Jasso*, File No. *A-34 284 206  -  CO 103.4-C* of which the Attorney General is the legal custodian by virtue of Section 103 of the Immigration and Nationality Act.

RUTH E. JONES
Chief
Records Services Branch

Form G-24
(Rev. 5-1-73) N

GPO 907-871

U.S. Department of Justice
Immigration and Naturalization Service

Notice of Appeal to the
Administrative Appeals Unit (AAU)

**Important: See instructions on other side.**

Fee Stamp

1998 AUG -5 P 12: 21

IMMIGRATION &
NATURALIZATION SERVICE    0796 001 002  08/06/98 11:46
DENVER COLORADO                   I-290B
                                          110

In the Matter of:
Servando Luna    Inmate #70-622-079

File Number:
A34  284  206

FINAL NOTICE OF REVOCATION OF NATURALIZATION

| | |
|---|---|
| 1.  I am filing an appeal from the decision dated:<br><br>July 06, 1998 | **Person Filing Appeal**<br><br>SIGNATURE _Servando Luna_<br><br>Name  **Servando Luna FCI # 70 622 079**<br><br>Address **405 E. Washington**<br>      *Number*          *Street*<br><br>**Brownsville,  Texas   78520**<br>   *City*        *State*     *ZIP Code*<br><br>Date  **July 31, 1998** |
| 2.  Please check the <u>one</u> block which applies:<br><br>☐ I am *not* submitting a separate brief or evidence.<br><br>☐ I *am* submitting a separate brief and/or evidence with this form.<br><br>☒ I am sending a brief and/or evidence *to the AAU* within 30 days.<br><br>☐ I need _____ days to submit a brief and/or evidence to the AAU. *(May be granted only for good cause shown. Explain in a separate letter.)* | ☐ I am  an attorney or representative, and I represent:<br><br>_____<br>*Person and/or organization for whom you are appearing*<br><br>**You must attach a Notice of Entry of Appearance (Form G-28) if you are an attorney or representative and did not submit such a form before.** |

3.  Briefly, state the reason(s) for this appeal:
   I believe the decision to revoke my naturalization violates my
CONSTITUTIONAL RIGHTS.  First, I was not represented by legal counsel during
the hearing held on February 06, 1998.  Second, I was not present the day
the decision was rendered by the Immigration and Naturalization Service.
Finally, I have been transferred to Brownsville, Texas from Littleton,
Colorado (Englewood Federal Corrections Institute).  I believe I can provide
a brief and/or evidence through legal counsel to the district director.

Form I-290B (Rev. 01/04/91) N

**U.S. Department of Justice**
Immigration and Naturalization Service

Notice of Appeal to ?
Administrative Appeals Unit (AAU)



# INSTRUCTIONS

1. **Filing.** You must file your appeal with the Immigration and Naturalization Service (INS) office which made the unfavorable decision within 30 calendar days after service of the decision (33 days if your decision was mailed). The date of service is normally the date of the decision. Do _not_ send your appeal directly to the Administrative Appeals Unit (AAU). Submit an original appeal only. Additional copies are not required.

2. **Fee.** You must pay $110.00 to file this form. (You only need to pay one fee of $110.00 if two or more aliens are covered by the unfavorable decision.) **The fee will not be refunded, regardless of the action taken in your case.** DO NOT MAIL CASH. All checks or money orders, whether U.S. or foreign, must be payable in U.S. currency at a financial institution in the United States. When a check is drawn on the account of a person other than yourself, write your name on the face of the check. If the check is not honored, INS will charge you $5.00.

   Pay by check or money order in the exact amount. **Make the check or money order payable to** "Immigration and Naturalization Service." However,

   A. if you live in Guam, make the check or money order payable to "Treasurer, Guam," or

   B. if you live in the U.S. Virgin Islands, make the check or money order payable to "Commissioner of Finance of the Virgin Islands."

3. **Attorney or Representative.** You may, if you wish, be represented, at no expense to the government, by an attorney or other duly authorized representative. Notice of Entry of Appearance (Form G-28) that your attorney or representative must submit with this notice is available at INS offices.

4. **Brief.** You do not need to submit a brief in support of your appeal, but you may submit one. Or you may submit a simple written statement instead. You may also submit evidence.

   You may submit a brief, statement, and/or evidence _with_ this form. Or you may send these materials to the AAU within 30 days of the date you sign this form. You must send any materials you submit _after_ filing the appeal to:

   > Administrative Appeals Unit
   > Immigration and Naturalization Service
   > 425 Eye Street, N.W.
   > Washington, D. C. 20536

   If you need more than 30 days, you must explain why in a separate letter attached to this form. The AAU may grant more time _only_ for good cause.

5. **Oral Argument.** You may ask for oral argument before the AAU in Washington, D.C., in a separate letter attached to this form. The letter must explain specifically why oral argument is necessary.

   If your request is granted, the AAU will write to you about setting the date and time. Oral argument is normally limited to fifteen minutes. The government does not furnish interpreters for oral argument.

6. **Visa Petition Beneficiary.** If you are the beneficiary of a visa petition or the beneficiary's attorney or representative you may _not_ file an appeal on this form. When a decision on a petition may be appealed, the petitioner, an authorized official of a petitioning corporation, or the petitioner's attorney or representative must sign this form. (The only exceptions are the beneficiaries of third preference and Public Law 97-359 Amerasian petitions. These beneficiaries may file appeals on this form.)

rm I-290B (Rev. 01/04/91) N



**U.S. Department of Justice**
Immigration and Naturalization Service

A34 284 206

*Examinations Branch*
*4730 Paris Street*
*Denver, Colorado 80239*

Servando Luna  Inmate #70-622 079
Federal Correction Institute
9595 W. Quincy Ave.
Littleton, CO 80123

JUL 0 6 1998

## FINAL NOTICE OF REVOCATION OF NATURALIZATION

Servando Luna:

On December 28, 1994, you filed an application for naturalization with the Immigration and Naturalization Service (INS or Service). On October 26, 1995 your application for naturalization was approved, and on December 4, 1995, you took the oath of allegiance. On October 29, 1997, you were issued a notice of Intent to Revoke Naturalization (NOIR) by this office. This NOIR was served on you on November 10, 1997. It informed you of the basis upon which the Service intended to revoke your naturalization. You have submitted a written response dated December 11 1997. contesting the NOIR. A hearing was held with you on February 6, 1998. Based on all and convincing evidence allegiance and,

**LAW**

t) and 8 C.F. R. 340.1, person whose that was not known to the NOIR, the Service ble when you took the during your



On December 29, 1994, Immigration & Naturalization Service (INS) you took the action to Revoke Naturalization (NOIR) upon which Naturalization was approved, and on December 4, 1996, you were issued a notice of Intent to Revoke Naturalization. It informed you of the basis dated December intended to revoke your naturalization. You have submitted a written response dated February 6, 1998. Based on all was served on you on November 10, 1997. A hearing was held with you on 11, 1997, contesting the NOIR. the evidence of record, the Service has determined by clear, unequivocal and convincing eviden that you were ineligible for naturalization at the time you took the oath of allegiance and, therefore, **your naturalization is hereby REVOKED.**

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Under section 340(h) of the Immigration and Nationality Act (INA or Act) and 8 C.F.R. 34 the Service has the authority to reopen and revoke the naturalization of a person whose naturalization was granted by mistake or on the basis of adverse evidence that was not kno the Service during the original naturalization proceeding. As indicated in the NOIR, the Se intends to revoke your naturalization because you were statutorily ineligible when you too oath of allegiance. Specifically, you were ineligible to naturalize because during your

(USPS Domestic Return Receipt, PS Form 3811, Article Number Z 180 292 037, addressed to Servando Luna Inmate, FCI, 9595 W. Quincy, Littleton, CO 8012)



**U.S. Department of Justice**
Immigration and Naturalization Service

A34 284 206

*Examinations Branch*
*4730 Paris Street*
*Denver, Colorado 80239*

Servando Luna  Inmate #70-622 079                    JUL 0 6 1998
Federal Correction Institute
9595 W. Quincy Ave.
Littleton, CO 80123

<center><b>FINAL NOTICE OF REVOCATION OF NATURALIZATION</b></center>

Servando Luna:

On December 28, 1994, you filed an application for naturalization with the Immigration and
Naturalization Service (INS or Service). On October 26, 1995 your application for naturalization
was approved, and on December 4, 1995, you took the oath of allegiance. On October 29, 1997,
you were issued a notice of Intent to Revoke Naturalization (NOIR) by this office. This NOIR
was served on you on November 10, 1997. It informed you of the basis upon which the Service
intended to revoke your naturalization. You have submitted a written response dated December
11, 1997, contesting the NOIR. A hearing was held with you on February 6, 1998. Based on all
the evidence of record, the Service has determined by clear, unequivocal and convincing evidence
that you were ineligible for naturalization at the time you took the oath of allegiance and,
therefore, **your naturalization is hereby REVOKED.**

<center><b>FINDINGS OF FACT AND CONCLUSIONS OF LAW</b></center>

Under section 340(h) of the Immigration and Nationality Act (INA or Act) and 8 C.F. R. 340.1,
the Service has the authority to reopen and revoke the naturalization of a person whose
naturalization was granted by mistake or on the basis of adverse evidence that was not known to
the Service during the original naturalization proceeding. As indicated in the NOIR, the Service
intends to revoke your naturalization because you were statutorily ineligible when you took the
oath of allegiance. Specifically, you were ineligible to naturalize because during your



naturalization interview you provided false testimony under oath regarding whether you had ever knowingly committed a crime for which you had not been arrested.

During your interview on October 26, 1995, the examining officer placed you under oath and asked you whether you had ever knowingly committed any crime for which you were not arrested. In response to this question, you testified, under oath, that you had never knowingly committed any crime for which you had not been arrested. The evidence of record clearly shows otherwise. From on or about January 1, 1995, until on or about April 26, 1995, you knowingly and intentionally possessed, with intent to distribute, a quantity exceeding 100 kilograms of marijuana, a Schedule I controlled substance.

On May 2, 1996, you entered a guilty plea to Count Two of your Indictment which stated, "From on or about January 1, 1995, to on or about April 26, 1995, in the Southern District of Texas and elsewhere, and within the jurisdiction of the Court, Defendants Servando Luna, and Maria Muniz Reyes, did knowingly and intentionally possess with intent to distribute a quantity exceeding 100 kilograms, that is approximately 250 kilograms, gross weight, of marijuana, a Schedule I controlled substance in violation of Title 21, United States, Code, Sections 841(a)(1) and Title 18, United States Code, Section 2."

At the hearing held on February 6, 1998, you stated that you were innocent of all involvement with narcotics distribution. You stated that you entered a guilty plea out of fear that if you entered an innocent plea and subsequently were found guilty you would serve a longer sentence than if you pled guilty. However, your claims of innocence are self-serving, implausible and, under the circumstances, irrelevant. You pled guilty to the referenced criminal charge in the indictment. That guilty plea establishes your admission to the facts which support the criminal charge. As such, when you pled guilty, you admitted to the charge that during a four month period in 1995, which was only six months prior to your naturalization interview on October 25, 1995, you knowingly and intentionally possessed a large quantity of an illegal controlled substance, for the specific purpose of distributing that controlled substance. Your sworn statement on October 25, 1995 that you had not knowingly committed a crime for which you were not arrested is false. Further, the evidence of record establishes by clear, unequivocal and convincing evidence the fact that you falsely answered questions regarding commission of any past crime for which you were not arrested when asked by the immigration officer.

A person who gives false testimony for the purpose of obtaining naturalization cannot be found to be a person of good moral character. INA 101(f)(6), 8 U.S. C. 1101(f)(6). A person's intent is a question of fact, Pullman-Standard v. Swint, 456 U.S. 273, 288 (1982), that, in a naturalization revocation proceeding, must be established by clear, unequivocal and convincing evidence. But the Service may properly infer a person's intent from other facts that have been proven. American Comm. Assn., CIO v. Douds, 339 U.S. 382, 411 (1950); Cramer v. United States, 325 U.S. 131 (1945). The questions to which you gave false testimony under oath were questions that the Service examiner asked you in order to determine your eligibility for naturalization, including the determination whether you were, at the time of naturalization, a person of good moral character. The Service, therefore, finds by clear, unequivocal and convincing evidence that you gave this testimony with the intent to obtain naturalization. You were not a person of good moral character

when you took the oath of allegiance. INA 101(f)(6), 8 U.S.C. 1101(f)(6). For this reason, you were not eligible for naturalization. INA 316(a)(3), 8 U.S. C. 1427(a)(3).

## YOU HAVE THE RIGHT TO APPEAL THIS DECISION
## TO THE ADMINISTRATIVE APPEALS UNIT

If you want to appeal this decision, you must file a written notice of appeal within thirty (30) days from the date of this decision. All appeals must be made on the enclosed Form I-290B (Notice of Appeal) and filed with the District Director at the following address:

District Director
Immigration and Naturalization Service
4730 Paris Street
Denver, CO 80239

**A fee of $110.00, payable by money order or cashier's check, must be filed along with the Notice of Appeal. Appeals sent directly to the Administrative Appeals Unit will not be considered properly filed.**

## NOTICE TO SURRENDER CERTIFICATE OF NATURALIZATION

If an appeal is not properly filed within thirty (30) days, this decision is final and you must surrender your certificate of naturalization in person to the Assistant District Director for Examinations at the following address:

Assistant District Director for Examinations
Immigration and Naturalization Service
4730 Paris Street
Denver, CO 80239

YOU ARE ADVISED THAT ONCE THIS DECISION BECOMES FINAL, YOU ARE NO LONGER A UNITED STATES CITIZEN AND THAT ANY SUBSEQUENT CLAIM BY YOU THAT YOU ARE A UNITED STATES CITIZEN MAY RENTER YOU LIABLE TO CIVIL AND CRIMINAL PENALTIES.

Sincerely,

*for*

Michael M. Comfort
Acting District Director

Enclosure



**U.S. Department of Justice**
Immigration and Naturalization Service

Notice of Appeal to    ?
Administrative Appeals Unit (AAU)

# INSTRUCTIONS

1. **Filing.** You must file your appeal with the Immigration and Naturalization Service (INS) office which made the unfavorable decision within 30 calendar days after service of the decision (33 days if your decision was mailed). The date of service is normally the date of the decision. Do *not* send your appeal directly to the Administrative Appeals Unit (AAU). Submit an original appeal only. Additional copies are not required.

2. **Fee.** You must pay $110.00 to file this form. (You only need to pay one fee of $110.00 if two or more aliens are covered by the unfavorable decision.) **The fee will not be refunded, regardless of the action taken in your case.** DO NOT MAIL CASH. All checks or money orders, whether U.S. or foreign, must be payable in U.S. currency at a financial institution in the United States. When a check is drawn on the account of a person other than yourself, write your name on the face of the check. If the check is not honored, INS will charge you $5.00.

   Pay by check or money order in the exact amount. Make the check or money order payable to "Immigration and Naturalization Service." However,

   A. if you live in Guam, make the check or money order payable to "Treasurer, Guam," or

   B. if you live in the U.S. Virgin Islands, make the check or money order payable to "Commissioner of Finance of the Virgin Islands."

3. **Attorney or Representative.** You may, if you wish, be represented, at no expense to the government, by an attorney or other duly authorized representative. Notice of Entry of Appearance (Form G-28) that your attorney or representative must submit with this notice is available at INS offices.

4. **Brief.** You do not need to submit a brief in support of your appeal, but you may submit one. Or you may submit a simple written statement instead. You may also submit evidence.

   You may submit a brief, statement, and/or evidence *with* this form. Or you may send these materials to the AAU within 30 days of the date you sign this form. You must send any materials you submit *after* filing the appeal to:

   > Administrative Appeals Unit
   > Immigration and Naturalization Service
   > 425 Eye Street, N.W.
   > Washington, D. C. 20536

   If you need more than 30 days, you must explain why in a separate letter attached to this form. The AAU may grant more time *only* for good cause.

5. **Oral Argument.** You may ask for oral argument before the AAU in Washington, D.C., in a separate letter attached to this form. The letter must explain specifically why oral argument is necessary.

   If your request is granted, the AAU will write to you about setting the date and time. Oral argument is normally limited to fifteen minutes. The government does not furnish interpreters for oral argument.

6. **Visa Petition Beneficiary.** If you are the beneficiary of a visa petition or the beneficiary's attorney or representative you may *not* file an appeal on this form. When a decision on a petition may be appealed, the petitioner, an authorized official of a petitioning corporation, or the petitioner's attorney or representative must sign this form. (The only exceptions are the beneficiaries of third preference and Public Law 97-359 Amerasian petitions. These beneficiaries may file appeals on this form.)

Form I-290B (Rev. 01/04/91) N

**U.S. Department of Justice**
Immigration and Naturalization Service

Notice of Appeal to the
Administrative Appeals Unit (AAU)

---

**Important:** See instructions on other side.

Fee Stamp

In the Matter of:

File Number:

---

1.  I am filing an appeal from the decision dated:

    _____ .

2.  Please check the <u>one</u> block which applies:

    ☐ I am *not* submitting a separate brief or evidence.

    ☐ I *am* submitting a separate brief and/or evidence with this form.

    ☐ I am sending a brief and/or evidence *to the AAU* within 30 days.

    ☐ I need _____ days to submit a brief and/or evidence to the AAU. *(May be granted <u>only</u> for good cause shown. Explain in a separate letter.)*

### Person Filing Appeal

SIGNATURE _____

Name _____

Address _____
                *Number*              *Street*

_____
    *City*           *State*        *ZIP Code*

Date __ –

☐ I am an attorney or representative, and I represent:

_____
*Person and/or organization for whom you are appearing*

**You must attach a Notice of Entry of Appearance (Form G-28) if you are an attorney or representative and did not submit such a form before.**

---

3.  Briefly, state the reason(s) for this appeal:

Form I-290B (Rev. 01/04/91) N

STATE OF TEXAS                        §
                                      §
COUNTY OF CAMERON                     §

## AFFIDAVIT

Came before me on the 6th day of June, 1995, SERVANDO LUNA, who being

before me duly sworn under oath to tell the truth did depose as follows:

"My name is Servando Luna. I am of the age of majority of sound mind,
and do swear that I have personal knowledge of everything contained in
this affidavit and everything contained herein is true and correct.

On or about April 21, 1995, I first came into contact with Alvaro
Villanueva when he entered my auto repair shop -- Luna's Auto Service --
located at 124 Avenida del Palacio and requested an estimate for a Ford
302 engine overhaul of the carburetor. I prepared an estimate and Mister
Villanueva left my business. Mister Villanueva returned on April 26, 1995,
and stated his car was on the roadside and would not start. I offered him
the use of my 1988 Ford LTD, VIN # 2FABP73F1JX207664, so he could
use the car and jumper cables to start his vehicle and bring it to my shop
for repairs. Mister Villanueva stated his intent to use the vehicle to jump
start his car and to return the vehicle to my shop after such was attempted.
Mister Villanueva left my business with my vehicle and I did not hear from
him again or know the whereabouts of my vehicle until I was contacted by
Officer Roy Zepeda of the Cameron County Sheriff's Department and was
informed that my vehicle had been seized because of drugs being found in
the vehicle. This is my personal vehicle which I use for me and my family
as well as to transport auto parts needed to service vehicles being repaired
at my shop. I am a law abiding citizen and have never been convicted of a
felony or crime involving moral turpitude

I am not fluent in the English language and have had this document
translated to me from English to Spanish and do swear that this document
truthfully conveys my testimony."

FURTHER AFFIANT SAYETH NOT.

SERVANDO LUNA

SWORN and SUBSCRIBED before me on this _6th_ day of _June_, 1995.



MARIA LUISA ULLUELA
NOTARY PUBLIC
State of Texas
Comm. Exp. 06-10-98

Notary Public in and for the
State of Texas

My Commission Expires: 6-10-98

January 23, 1998                                          A34 284 206

**United States Department of Justice**
Immigration and Naturalization Service
4730 Paris Street
Denver, CO 80239

**Re:  A34 284 206**

We, Martin Luna, Jesus Luna, Servando Luna, Jr., Eduardo Luna, and Francisco
Luna, being sons of Servando Luna (FCI # 70-622-079), give testimony to his
character.  We pray that any and all officials consider this testimony during our
father's immigration hearing and thereafter.

We believe our father deserves an opportunity to rejoin the family he
created and helped achieve success here in the United States.  For more than
twenty-five years, our father provided us the perfect role model.  He was a hard
working individual that came to this country with very little education and money.
Our father strove through hard work and dedicated devotion to raise his five
children and spouse.   During this time, he encourage us all to complete our
schooling.  Thereafter, he provided us financial support if we wanted to pursue
higher education goals, some of us did.  He knew that education would be the
only way for his five children to be productive citizens in this country.

Today two of us are teachers in public schools and three maintain
consistent jobs in the private sector.  Martin Luna and Servando Luna, Jr. are
employed with the Brownsville Independent School District in Texas.  Martin
Luna teaches special education children with emotional disturbance.  Servando

1 of 2

Servando Luna                            2                            A34 284 206

Luna, Jr. teaches fourth grade students who require bilingual education. Jesus Luna is a certified apartment complex manager in India, California. Edward Luna is a manager for an intercontinental forwarding company in Brownsville, Texas. Francisco Luna is employed in a day care facility in Brownsville, Texas.

We know our father has made mistakes. However, we are here today to serve as role models to our father and his grandchildren and to exemplify the type of achievements he is capable of. It is because of our father's early interventions and positive nurturing that we can say, we will provide our father with the support, both emotional and financial, to succeed in the United States. We truly believe our father has accepted responsibility for his error. During this time, we have seen him grow emotionally and spiritually and we are convinced that this growth is for the better. We pray that our father receives an opportunity to become once again, a productive member of this country.

Thank you for the attention and concern you have given this matter.


Martin Luna          Date                    Servando Luna, Jr.          Date

Edward Luna          Date                    Francisco Luna          Date

Melva A. Montemayor
Notary Public
State of Texas
My Comm. Exp.                    2 of 2

# Christ The King Church

## Our Lady of Peace Mission

2255 SOUTHMOST ROAD
BROWNSVILLE, TEXAS 78521
TELEPHONE (210) 546-1982 or 546-7435

January 22, 1998

TO WHOM IT MAY CONCERN

I write on behalf of Servando Luna Jasso.  I have known Mr. Luna
for about seven years.  At first it was more of a business type
of relationship.  He serviced our parish cars because he is a
Toyota specialist. I went first to Mr. Luna because he was highly
recommended by a friend.  Later on I got to know him better
because he would talk with me about his personal problems.

I believe that Mr. Luna is a good man and I know that he is a
harding working person.  He has a skill that would provide him
with gainful employment.  He was self employed in a car shop.  As
I said before he is a good mechanic.  However, I don't know if he
was that good of a business man.

I ask you to please be considerate in granting Mr. Luna an
opportunity to be a productive citizen and a credit to his family
and his community.  May the Lord continue to bless you in your
deliberations.

Sincerely,

Father Alfonso M. Guevara
Pastor.

**SAN MARTIN DE PORRES CHURCH**
901 N. BOULEVARD
WESLACO, TEXAS 78596
PHONE 968-2691/9692671 * FAX 968-1473

1-23-98

TO WHOM IT MAY CONCERN:

MY NAME IS FATHER RUBEN DELGADO AND I HAVE BEEN PASTOR OF SAN MARTIN DE PORRES SINCE THE 5TH OF FEBRUARY 1997. YESTERDAY, I RECEIVED A PHONE CALL FROM MRS. ADALIA LUNA FOR A REQUEST OF A LETTER FOR HER HUSBAND SERVANDO LUNA.

THE REASON I WAS REQUESTED THIS LETTER WAS THAT I HAD ALREADY WRITTEN A LETTER WHEN I WAS PASTOR OF OUR LADY OF GOOD COUNSEL CATHOLIC CHURCH IN BROWNSVILLE, TEXAS. IN THE LETTER I STATED THAT I KNEW MR. LUNA HAD HIS AUTO SHOP THERE FOR SOME YEARS AND WAS COMING TO OUR PARISH THERE.

I HOPE THAT THIS INFORMATION WILL HELP IN BRING YOU THE ASSISTANCE THAT YOU NEED IN COMING TO SOME EVALUATION.

MAY GOD BLESS YOU AND CONTINUE TO SUPPORT YOUR EFFORTS.

SINCERELY,

FR. RUBEN DELGADO

El 21 de enero de 1998

Lucy Rodriguez
218 Linda Lane
Brownsville, Texas 78521

A quien le concierne:

Yo, Lucy Rodriguez, recido en 218 Linda Lane y soy
vecina del senor Servando Luna desde hace 24 anos.

El senor Luna fue una persona muy respetable, un padre
estupendo y carinoso con sus hijos y muy amoroso con
su esposa y muy respetable, un padre y esposo muy re-
spetable.  Yo personalmente lo almiro y lo aprecio como
a toda su familia an sido una familia muy decente.

Sinceramente,



El 21 de enero de 1998

Irma Delgado
228 Linda Lane
Brownsville, Texas 78521

A quien coresponda:

Por medio de la presente hago saber a Ud(s). que el Sr.
Servando Luna fue mi vecino por 15 anos o mas y du-
rante este tiempo, el fue una persona muy correcta, muy
atenta.  Nunca hemos tenido problemas con el y su fa-
milia.

Mi nombre es Irma Delgado 228 Linda Lane.  Mi tele-
fono (956) 542-0628.

Sinceramente,

*Ouma Delgado m.*

El 22 de enero de 1998

Adalia Luna
224 Linda Lane
Brownsville, Texas 78521

A quien coresponda:

Puedo decir que el Sr. Servando Luna fue mi esposo por 25 anos y en ese tiempo me dio cinco hijos y un techo donde vivir.  Mientras estuvo viviendo bajo este techo, el siempre supo trabajar muy duro para proveer a su familia.  A mi y a mis hijos nos protegio y nos dio la oportunidad de vivir una vida sin con todo lo que se necesita.  Tambien, a mis hijos les dio la oportunidad de educarse ya que el y yo no terminamos la primaria en Mexico.  El no queria que fueran una cargo para este pais.

He visto a mi esposo, por la iglesia catolica, cambiar mucho como persona y hombre.  El ha aceptado su error y ha cambiado de pensar y el sera bienvenido a este humilde hogar si el lo decea.

Atentamente,

*Adalia Luna*

*1/23/98 Marlen Espinoza*



**U.S. Department Of Justice**
Immigration and Naturalization Service

Servando Luna 70-622-079
9595 W. Quincy Ave.
Littleton, CO 80123

File Number:  A34 284 206
Date:  January 02, 1998

Please come to the shown below at the time and place indicated in connection with an official matter.

| OFFICE LOCATION | Room No.            Floor No. |
|---|---|
| | Hearing will be held at Federal Correction Institute Englewood, CO |
| DATE AND HOUR | 2/6/98 and 1:00 |
| ASK FOR | Immigration Officer |
| REASON FOR APPOINTMENT | Your request for hearing, you may be represented by counsel at no expense to the government, list attached |
| BRING WITH YOU | Any documents you wish to submit, including affidavits The case will not be transferred out of state. |

**...IS APPOINTMENT AND BRING THIS LETTER WITH**

at once.

y truly yours,

eph R. Greene
trict Director

SENDER:
■Complete items 1 and/or 2 for additional services.
■Complete items 3, 4a, and 4b.
■Print your name and address on the reverse of this form so that we can return this card to you.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

A34 284 206 / EXAMS/mr.lm

US Postal Service
Receipt for Certified Mail
No Insurance Coverage Provided.
Do not use for International Mail (See reverse)

Z 180 292 036

Sent to
Servando Luna
Street & Number
9595 W. Quincy Ave
Post Office, State, & ZIP Code
Littleton, CO 80123

Postage $
Certified Fee
Special Delivery Fee
Restricted Delivery Fee
Return Receipt Showing to Whom & Date Delivered
Return Receipt Showing to Whom, Date, & Addressee's Address
TOTAL Postage & Fees $
Postmark or Date

PS Form 3800, April 1995

☒ Certified
☐ Insured
☐ Merchandise     ☐ COD

036

ss (Only if requested

Thank you for using Return Receipt Service.

ic Return Receipt



**U.S. Department Of Justice**
Immigration and Naturalization Service

Servando Luna 70-622-079
9595 W. Quincy Ave.
Littleton, CO 80123

File Number:  A34 284 206
Date:  January 02, 1998

Please come to the shown below at the time and place indicated in connection with an official matter.

| OFFICE LOCATION | Room No.                Floor No. |
|---|---|
| | Hearing will be held at Federal Correction Institute Englewood, CO |
| DATE AND HOUR | 2/6/98 and 1:00 |
| ASK FOR | Immigration Officer |
| REASON FOR APPOINTMENT | Your request for hearing, you may be represented by counsel at no expense to the government, list attached |
| BRING WITH YOU | Any documents you wish to submit, including affidavits The case will not be transferred out of state. |

### IT IS IMPORTANT THAT YOU KEEP THIS APPOINTMENT AND BRING THIS LETTER WITH YOU.

If you are unable to do so, state your reason, sign below and return this letter to this office at once.

| I am unable to keep the appointment because: |
|---|
| |
| SIGNATURE                                            DATE |

Very truly yours,

Joseph R. Greene
District Director





U.S. Depar  .ent  .  .stice

Executive Office for Immigration Review

*Office of the Immigration Judge*

---

*Federal Office Building, Room 1403*
*1961 Stout Street*
*Denver, Colorado 80294*

## LIST OF FREE LEGAL SERVICE AID PROVIDERS-COLORADO

**Thursday Night Bar Program**
**1905 Sherman Street**
**Suite 400**
**Denver, Co.  80203**
**(303) 830-8210**
**(will represent aliens in asylum)**

**Catholic Immigration Services**
**3417 W. 38th Avenue**
**Denver, Co.  80211**
**(303) 458-0222**
**(may charge a nominal fee)**
**(will represent aliens in asylum)**
**(no collect calls)**

**Justice Information Center, Inc.**
**1600 Downing St., Suite 500**
**Denver, Co.  80218**
**(303)  832-1220**
**(may charge nominal fees)**
**(will represent aliens in asylum)**
**(will not represent detained aliens)**

7-1-97

December 11, 1997                                         A34 284 206

Servando Luna
70-622-079
9595 W. Quincy Ave.
Littleton, CO.  80123

**United States Department of Justice**
Immigration and Naturalization Service
4730 Paris Street
Denver, CO 80239

### Re:  A34 284 206

In response to "Notice of Intent to Revoke Naturalization," dated November 10th, 1997, I, **Servando Luna: A34 284 206**, hereby wish to exercise my right to contest this notice of intent to revoke naturalization.  Further more, I request a hearing before an immigration officer authorized to review naturalization applications under sections 310 and 335 of the Act.

In addition, I pray the United States Department of Justice together with Immigration and Naturalization Service, make available legal consul or other representative qualified under 8 C.F.R. section 292.  I ask for consul due to my current limitations in the Federal Correction Institute and economic status.  I strongly believe that without legal representation in this hearing or any other legal proceeding my constitutional rights will be infringed.

I  of 2

Servando Luna                              2                          A34 284 206

I, Servando Luna, pray that said hearing or any proceeding be transfer to the city where I applied for naturalized citizenship, Harlingen, Texas. I believe that in said city I will be able to present evidence and prove that I am "a person of good moral character" pursuant to section 316(a)(3) of the Immigration and Nationality Act (INA or Act) and 8 C.F.R. section 240.1

Wherefore, I, Servando Luna, pray the United States Department of Justice together with Immigration and Naturalization Service provide written confirmation upon receipt of **MY RIGHT TO CONTEST THE NOTICE OF INTENT TO REVOKE NATURALIZATION.** *God Bless this United States.*

Respectfully submitted,
Servando Luna
70-622-79
Englewood Federal
Corrections Institute
9595 W. Quincy Ave.
Littleton, CO. 80123

BY: *Servando Luna*
Servando Luna
A34 284 206

2 of 2





Servando Luna
70-622-079
9595 W. Quincy Ave.
Littleton, CO. 80123

Re: A34 284 206

United States Department of Justice

Immigration and  Naturalization Service

4730 Paris Street

Denver, CO. 80239



# UNITED STATES DEPARTMENT OF JUSTICE

## Immigration and Naturalization Service

425 I Street Northwest
Washington, D. C. 20536

| A Number<br>A34 284 206 | Must be served by:<br>DECEMBER 04, 1997 |
|---|---|
| Name<br>SERVANDO LUNA | Social Security Number<br>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 |

## PROOF OF SERVICE

I certify under penalty of perjury that I attempted to personally serve a Notice of Intent to Revoke Naturalization on the above named individual on __10 NOVEMBER 1997__ .

X _DEA_     Individual refused to accept service.

_____     Individual accepted service of NOIR, but refused to acknowledge receipt of service as provided below.

_____     Individual accepted service of NOIR and has acknowledged receipt of service.

_____     Other- _____

_____

_____

_____

_____

_____

Name _Douglas E Anderson_
Title _Special Agent_

## ACKNOWLEDGEMENT

I acknowledge that I have received a Notice of Intent to Revoke Naturalization on __10 NOVEMBER 1997__

X _Subject Refuses to sign_
Name _Servando LUNA_

A34 284 206

October 29, 1997

Servando Luna
c/o Federal Correction Institute
Englewood, CO

## NOTICE OF INTENT TO REVOKE NATURALIZATION

Servando Luna:

This Notice informs you that the Immigration and Naturalization Service (INS or Service) intends to revoke your naturalization. **IF YOU DO NOT RESPOND TO THIS NOTICE WITHIN SIXTY (60) DAYS, YOU MAY LOSE YOUR CITIZENSHIP AND OTHER IMPORTANT RIGHTS.**

### FACTUAL ALLEGATIONS

In support of this notice of intent to revoke naturalization, the Immigration and Naturalization Service makes the following allegations.

1.      On December 28 1994, you filed an application for naturalization (INS Form N-400) with the Harlingen office of the INS.  You appeared before a Service office on October 26, 1995, for an examination under oath concerning eligibility for naturalization. You took the oath of allegiance on December 4, 1995.

2.      Question 15(a) on your INS Form N-400 asks whether you have "ever…knowingly committed a crime for which you have not been arrested?"

3.      When you completed your INS Form  N-400, you represented that you had never knowingly committed any crime for which you had not been arrested.

4.      At the beginning of your naturalization examination on October 26, 1995, you took an oath (or affirmed) that you would answer all questions truthfully.

5.     During the course of the naturalization examination, and while you were under oath, the examining Service officer asked you the following question:

>    have you ever…knowingly committed any crime for which you have not been arrested?

6.     In response to this question, you testified, under oath, that you had never knowingly committed any crime for which you had not been arrested.

7.     From on or about January 1, 1995, until on or about April 26, 1995, you knowingly and intentionally possessed with intent to distribute a quantity exceeding 100 kilograms of marijuana, a Schedule I controlled substance.

8.     On May 2, 1996, you entered a guilty plea to Count Two of your Indictment which stated, "From on or about January 1, 1995, to on or about April 26, 1995, in the Southern District of Texas, and elsewhere, and within the jurisdiction of the Court, Defendants Servando Luna, and Maria Muniz Reyes, did knowingly and intentionally possess with intent to distribute a quantity exceeding 100 kilograms, that is, aproximately 250 kilograms, gross weight, of marihuana, a Schedule I controlled substance.  In violation of Title 21, United States, Code, Sections 841(a)(1) and Title 18, United States Code, Section 2."

9.     At the end of your naturalization examination on October 26, 1995, you subscribed to the following oath before an office of the Service.

>    I swear that I know the contents of this application,…and this amended application is true to the best of my knowledge and belief.

## BASIS FOR REVOCATION

Under section 349 (h) of the Immigration and Nationality Act (INA or Act) and 8 C.F.R. § 240.1, the INS has the authority to reopen and revoke naturalization where the INS has credible and probative evidence that a person was granted naturalization by mistake, or that evidence adverse to the person was not known during the original naturalization proceeding, and, if known, would have shown that the person's application was based on fraud, misrepresentation or concealment of a material fact, or that the person was not, in fact, eligible for naturalization.  The Service has clear, unequivocal, and convincing evidence that, at the time you took your oath of allegiance you were ineligible to naturalize.

Pursuant to section 316(a)(3) of the Act, an applicant for naturalization must prove that he or she is, and has been for the period required by law, a person of good moral character.  On the basis of the factual allegations set forth in this notice, the Service has

determined by clear, unequivocal, and convincing evidence that you were not eligible for naturalization because you were not a person of good moral character when you took the oath of allegiance.

You were asked under oath whether you ever knowingly committed any crime for which you have not been arrested. You testified under oath that you had never knowingly committed a crime. As set forth in the factual allegations, this testimony was false. The fact that you gave this false testimony in answer to questions that the Service officer asked you in order to determine whether you were eligible for naturalization indicates that you gave this false testimony for the purpose of obtaining naturalization. By giving false testimony under oath during you naturalization examination for the purpose of obtaining naturalization you were precluded from establishing good moral character under section 101(f)(6) of the Act and 8 C.F.R. § 316.10(b)(2)(vi).

In addition, you procured your naturalization by willful misrepresentation or concealment during the statutory period of a material fact. It is the applicant's burden to establish eligibility for naturalization during the five year statutory period. 8 C.F.R. § 316.10(a)(1). An applicant must establish good moral character during the statutory period in order to naturalize. INA § 316(a). An applicant convicted of a drug crime other than possession of less than 30 ounces of marijuana, cannot establish good moral character. INA § 101(f)(3). The Service is, by law, entitled to know and consider all aspects of a naturalization applicant's conduct necessary to adjudge good moral character. INA § 316(e). You denied committing any crimes for which you had not been arrested, when, in fact, you were actively participating in possession with intent to distribute marijuana. You concealed the fact that you were committing a crime. Had you disclosed your commission of this crime, you would not have been naturalized until you could demonstrate that the commission of this crime did not affect your ability to establish good moral character. You therefore procured you naturalization by willful misrepresentation or concealment of a material fact.

## YOU HAVE THE RIGHT TO CONTEST THIS NOTICE OF INTENT TO REVOKE NATURALIZATION

If you choose to do so, you must file a written response to this Notice within sixty (60) days from the date of service of this Notice. In addition to your written response, you may provide a sworn statement and/or any additional evidence that you wish to submit. You may also request a hearing before an immigration officer authorized to review naturalization applications under sections 310 and 335 of the Act. You may be represented at any time during these proceedings by an attorney or other representative qualified under 8 C.F.R. § 292.

Send you response to this Notice to:

UNITED STATES DEPARTMENT OF JUSTICE
Immigration and Naturalization Service
4730 Paris Street
Denver, CO 80239
Re: A34 284 206

**IF YOU DO NOT RESPOND TO THIS NOTICE WITHIN SIXTY (60)
DAYS OF THE DATE OF SERVICE, YOUR FAILURE TO
RESPOND MAY BE TAKEN AS AN ADMISSION OF THE
FACTUAL ALLEGATIONS SET FORTH IN THIS NOTICE. THE
SERVICE MAY THEN ENTER AN ORDER REVOKING YOUR
NATURALIZATION WITHOUT FURTHER NOTICE TO YOU.
YOU MAY THEN LOSE YOUR U.S. CITIZENSHIP AND BECOME,
ONCE AGAIN, AN ALIEN UNDER U.S. LAW.**

Sincerely,

Joseph P. Greene
District Director

cb


**CATHOLIC**
**CHARITIES**
Archdiocese of Denver

'98   JAN 27   A10:30

January 16, 1998

Mr. Servando Luna
USM No. 70622-079
FPC - Englewood
9595 W. Quincy Ave.
Littleton, CO  80123-1159

Dear Mr. Luna,

Unfortunately our office does not have the necessary resources at
this time to represent persons detained in facilities other than
the Immigration Detention Center in Aurora.  Consequently, we are
unable to assist you however, I have included with this letter a
a list of private immigration attorneys in Colorado.  Thank you and
best of luck.

Sincerely,

Cheryl Martinez-Gloria, Esq.

Mary —
I'll changed to you.

Evans

...helping people of all faiths

2525 W. Alameda Avenue    P.O. Box 19020    Denver, Colorado 80219

January 22, 1998

**Mr. Joseph R. Greene**
**District Director**
**US Department of Justice**
**Immigration and Naturalization Service**
**4730 Paris Street**
**Denver, CO    80239**


Ref:  INS File No. A34 284 206
(Notice to Revoke Naturalization)

Dear Mr. Greene,

In reference to the scheduled interview with
an Immigration Officer of February 6, 1998
@ 1:00 PM on behalf of the above referenced
matter, I hereby request to have a translator
(Spanish) and a court appointed attorney
present during the interview.

I had previously contacted the Catholic Charities
regarding representation during the interview,
however, per the attached letter, have indicated
they are not in a position to assist me in
this matter at this time.  Therefore, I am
requesting that an attorney be assigned to
represent me in this matter by the courts.

Thank you for your attention to this request
and I look forward to your earliest confirmation.

Respectfully,

Servando Luna
USM No 70622-079
FPC - Englewood
9595 West Quincy Avenue
Littleton, CO    80123-1159



Servando Luna
USM No 70622-079
FPC - Englewood
9595 West Quincy Avenue
Littleton, CO 80123-1159

Mr. Joseph R. Greene
District Director
US Department of Justice
Immigration and Naturalization Service
4730 Paris Street
Denver, CO 80239

80233-2831 02

27 A10 :30

**U.S. Department of Justice**

**Immigration and Naturalization Service**

---

File Number    A34 284 206

Servando Luna
124 Avenida Del Palacio                              Date    October 10, 1995
Brownsville, Texas   78521

Please come to the office shown below at the time and place indicated in connection with an official matter.

| OFFICE LOCATION | Room No.                          Floor No.<br><br>2102 Teege Avenue<br>Harlingen, Texas   78550 |
|---|---|
| DATE AND HOUR | October 26, 1995 at 10:00 A.M. |
| ASK FOR | A District Adjudications Officer (ADAO). |
| REASON FOR APPOINTMENT | Your pending application. |
| BRING WITH YOU | Please bring this letter with you, Income Tax Returns from 1989 to 1994, and address of ex-spouse. |

IT IS IMPORTANT THAT YOU KEEP THIS APPOINTMENT AND BRING THIS LETTER WITH YOU.
If you are unable to do so, state your reason, sign below and return this letter to this office at once.

| I am unable to keep the appointment because: | | Very truly yours, |
|---|---|---|
| | | |
| SIGNATURE | DATE | E. M. Trominski<br>District Director |

Form G-56
(Rev. 5-1-83)Y                                                                                          dc

**U.S. Department of Justice**
Immigration and Naturalization Service                    Request That Applicant For Naturalization Appear for Interview

DS                                                          Alien Registration No.   A34 284 206

                                                            Date   April 24, 1995

Servando  Luna
124 Avenida Del Palacio
Brownsville, TX  78521

Your application for naturalization has been received and arrangements have been made for an examination on your application.

| Please come to | on *(date)* |
|---|---|
| Los Indios International Bridge<br>Los Indios, Texas  78567 | May 04, 1995 |
| | at *(time)*<br>9:40 a.m. |

The proceeding will take about two hours.  **If for any reason you cannot keep this appointment, return this letter immediately with your explanation and a request for a new appointment; otherwise, no further action will be taken on your application.**

If you are applying for citizenship for yourself, you will be tested on your knowledge of the goverment of the United States and its history.  You will also be tested on reading, writing, and speaking English, unless on the day of your appointment, you have been living in the United States for a total of at least 20 years as a lawful permanent resident and are over 50 years old, or you have been living in the United States for a total of 15 years as a lawful permanent resident and are over 55 years old, or unless you are physically unable to read, write, or speak.

YOU MUST BRING WITH YOU:        **THIS INTERVIEW MAY BE VIDEOTAPED BY THE SERVICE**
- This letter.  .
- Alien Registration Receipt Card
- Any draft cards.
- Your passports and/or any other documents you have which you used in connection with any entries in the United States.

YOU MUST ALSO BRING WITH YOU WHAT IS CHECKED ✓ BELOW:
- ☒ Enclosed form(s) properly and completely filled out.
- ☒ Your marriage certificate.
- ☒ Proof of death or divorce for each prior marriage of yourself or spouse.
- ☒ Your birth certificate.
- ☒ Your spouse's birth or naturalization certificate or certificate for citizenship.
- ☒ The child (children) for whom you filed application for naturalization.
- ☒ Adoption decree(s), and a summary translation(s) in English if in a foreign language    A sum translation is a condensation or abstract of the text.
- ☒ Your military discharge certificate(s).
- ☒ The child's (children's) other parent.
- ☐

**Please keep this appointment, even if you do not have all the items indicated above.**

WORKSHEET FOR EXAMS / CITZ

DATE : 05-04-95

A NUMBER : 34 284 20.6

NAME : Servando Luna

COMMENTS :

Applicant had the basic information on the N-400. When he was asked about being a member of the communist party he was unable to answer. He admitted to having trouble understanding the English language. He stated he is able to answer the basic knowledge of English but he is very limited in Conversational English.

He is continued for proof of employment & his & wifes address.

_Un Sotelo_

IMMIGRATION EXAMINER / HLG

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

UNITED STATES OF AMERICA, )  Civil Action No. B 01-115
    )
  Plaintiff,  )
    )
 v.   )
    )
SERVANDO LUNA,  )
    )
  Defendant.  )
    )

**ORDER DENYING DEFENDANT'S CROSS
MOTION FOR SUMMARY JUDGMENT**

AND NOW this ___ day of _____, 2002, upon consideration of Defendant's Cross Motion for Summary Judgment, Plaintiff's Response to Defendant's Cross Motion for Summary Judgment, defendant's supporting memorandum, declarations and documents, and plaintiff's opposing memoranda and documents, IT IS HEREBY ORDERED:

That Defendant's Cross Motion for Summary Judgment is DENIED.

HILDA G. TAGLE
UNITED STATES DISTRICT COURT JUDGE

Order