United States District Court
Southern District of Texas
FILED

SEP 1 8 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil Action No. B 01-115 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SERVANDO LUNA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## JOINT PRETRIAL ORDER

**I.    APPEARANCE OF COUNSEL**

Plaintiff, United States of America, is represented by Angela A. Crider, Office of

Immigration Litigation, United States Department of Justice, Civil Division, P.O. Box 670049,

Houston, Texas 77267-0049, (281) 774-4731, and Michelle Slack, Office of Immigration

Litigation, United States Department of Justice, Civil Division, P.O. Box 878 Ben Franklin

Station, Washington, D.C. 20044, (202) 616-9340.

Defendant, Servando Luna, is represented by Philip Cowen, Law Office of Philip Cowen,

500 E. Levee, Brownsville, Texas 78520, (956) 541-6031.

**II.    STATEMENT OF THE CASE**

Plaintiff, the United States of America, seeks revocation of defendant, Servando Luna's,

naturalized citizenship, pursuant to section 340(a) of the Immigration and Nationality Act of

1952, as amended (the "INA"), 8 U.S.C. § 1451(a), which mandates revocation of naturalization

illegally procured or procured by willful misrepresentation or concealment of material facts.

Plaintiff alleges that defendant filed his naturalization application on December 21, 1994, and was interviewed under oath by INS officer Jose Armando Farias regarding his application on October 26, 1995. Plaintiff further alleges that, throughout the naturalization process, including on his application and during his interview, defendant denied ever committing a crime for which he had not been arrested. Plaintiff alleges that the Immigration and Naturalization Service ("INS") approved defendant's naturalization application on October 26, 1995, based upon his written application and the testimony he provided during his naturalization interview. Plaintiff alleges that defendant became a naturalized citizen of the United States on December 4, 1995, by taking the oath of allegiance.

Plaintiff alleges that government officials arrested defendant on February 21, 1996, for Conspiracy to Possess with Intent to Distribute Over 1000 Kilograms of Marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and for Possession with Intent to Distribute Approximately 250 Kilograms of Marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2. Plaintiff further alleges that a grand jury for the United States District Court for the Southern District of Texas indicted defendant for these offenses on March 13, 1996. The indictment stated that the drug conspiracy offenses were committed between 1992 and 1995, while the drug possession with intent to distribute offenses were committed between January 1, 1995, and April 26, 1995. Plaintiff alleges that, on May 2, 1996, defendant pled guilty to Possession with Intent to Distribute Approximately 250 Kilograms of Marijuana between January 1, 1995, and April 26, 1995, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2, and was convicted for this offense on July 24, 1996. Plaintiff alleges that through the application of affirmative collateral estoppel, defendant's conviction establishes, as a matter

U.S. v. Luna
Joint Pretrial Order - Page 2

of law, that he committed the crime for which he was convicted.

The United States seeks revocation based on the following three independent grounds for revocation, pursuant to section 340(a) of the INA, 8 U.S.C. § 1451(a): (1) defendant committed crimes relating to drug possession and distribution, which precluded him from establishing the requisite good moral character for naturalization, rendering defendant's naturalization illegally procured; (2) by testifying that he had never committed a crime for which he had not been arrested while under oath at his naturalization interview, defendant provided false testimony for the purpose of obtaining naturalization, precluding him from establishing the requisite good moral character for naturalization and rendering his naturalization illegally procured; and (3) by denying commission of any crimes during the naturalization process, defendant procured his naturalization through willful misrepresentation or concealment of a material fact and his naturalization must be revoked.

Defendant, Servando Luna, denies the United States' allegation that he procured his naturalization illegally or that he lacked the good moral character required for naturalization. Defendant Luna denies that he procured his naturalization by willful misrepresentation or concealment of material facts during the naturalization process, and, more specifically, that he did not misrepresent nor conceal any alleged commission of crimes relating to drug possession and distribution prior to his naturalization application and his naturalization. Defendant Luna alleges that he pled guilty to a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2 because it was required of him in order to obtain the plea bargain he was offered. Defendant Luna alleges that as a matter of law and fact he had both the moral character required for naturalization, and that he never in fact committed any of the crimes for which he was found

U.S. v. Luna
Joint Pretrial Order - Page 3

guilty.

## III.   JURISDICTION

This is an action under section 340(a) of the Immigration and Nationality Act of 1952, as amended (the "INA"), 8 U.S.C. § 1451(a), to revoke and set aside the order admitting the defendant to citizenship and to cancel defendant's certificate of naturalization.  Plaintiff is the United States of America, and this Court has jurisdiction pursuant to Title 28, United States Code, Section 1345.  The defendant is a naturalized United States citizen whose last known residence is 124 Avenida Del Palacio, Brownsville, Texas 78520.  Venue is proper in this district pursuant to  8 U.S.C. § 1451(a).  The parties agree that there are no unresolved jurisdictional questions in this case.

## IV.   MOTIONS

It is plaintiff's position that Plaintiff's Motion for Summary Judgment and Defendant's Cross Motion for Summary Judgment are currently pending with the Court.

It is defendant's position that no motions are currently on file and pending before this court.

## V.   CONTENTIONS OF THE PARTIES

### A.   Plaintiff's Contentions:

The United States contends that defendant illegally procured his naturalization because, prior to filing his naturalization application and prior to naturalizing, defendant committed crimes relating to drug possession and distribution, precluding him from establishing the requisite good moral character.  The United States also contends that defendant illegally procured his naturalization because, during his naturalization interview, defendant provided false

U.S. v. Luna
Joint Pretrial Order - Page - 4

testimony for the purpose of obtaining naturalization.  Finally, the United States contends that

defendant procured his naturalization by willful misrepresentation or concealment of material

facts because, despite knowing he had committed crimes relating to drug possession and

distribution, defendant misrepresented and concealed his prior commission of crimes during the

naturalization process.  Each of the above contentions provides a separate and independent basis

for revocation of defendant's naturalization for which there is no equitable discretion to excuse.

###### B.      Defendant's Contentions:

1.      On December 21, 1994, defendant filed with the United States

Immigration and Naturalization Service (the "INS") an "Application for Naturalization" – INS

Form N-400.

2. Defendant, at the time of the naturalization process, did not read English. As

such, he did not personally fill out the application for citizenship, but instead was assisted on two

different occasions by his daughter in law and by INS Agent Jose Armando Farias. On both

occasions the person who actually filled out the application was the person translating and

explaining the contents of the application.

3. Although it appears that in  Part 7, Question 15(a) of the application asks:

"Have you ever: … knowingly committed a crime for which you have not been arrested?"  That

Defendant's answer to Part 7 Question 15(a) was "No"; in fact a careful reading of the

Application will show that Agent Jose Armando Farias indicated that Defendant Luna had been

arrested for a DWI (Driving while Intoxicated) charge.  Although Defendant Luna informed

Agent Farias about this arrest, Agent Farias either improperly marked the box with a "no" or did

not change the answer to this question as originally filled out by Mr. Luna's stepdaughter.

U.S. v. Luna
Joint Pretrial Order - Page - 5

4.      On December 16, 1994, based on his understanding of the explanations by both his daughter in law and Agent Farias, defendant signed his application.

5.      Between January 1, 1995, and April 26, 1995, defendant never committed the offense of Possession with Intent to Distribute Approximately 250 Kilograms of Marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2.

6. Defendant  pled guilty to a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2 because it was required of him in order to obtain the plea bargain he was offered.  Defendant never in fact committed any of the crimes for which he was found guilty.

7.      On October 26, 1995, the INS approved defendant's application for naturalization based on the written application   filled out by Defendant Luna's daugthter in law and Agent Farias, and as responded to by Defendant Luna  based on their explanation of the application and Mr. Luna's understanding of their explanation.

8.      On December 4, 1995, defendant took the oath of allegiance in the United States District Court for the Southern District of Texas at Brownsville, Texas,  and was issued Certificate of Naturalization No. 22014670.

9.      Defendant avers that he never misrepresented nor concealed any crime on his application.

10.      When he signed his application for naturalization under penalty of perjury, when he filed his naturalization application, when he was interviewed under oath by an INS officer regarding his application, and when he signed his application at his naturalization interview, Defendant had never committed any crimes relating to possession and distribution of

marijuana. As such, Defendant Luna did not misrepresent nor conceal any fact which might have affected his naturization application process.

   11. At the time of his application, Defendant was eligible for naturalization. Defendant never illegally procured his naturalization. Therefore, his naturalization cannot and must not be revoked pursuant to section 340(a) of the INA, 8 U.S.C. § 1451(a).

## VI. ADMISSIONS OF FACT

   The following facts are stipulated and require no proof:

   A. Defendant is a naturalized citizen of the United States.

   B. On December 21, 1994, defendant filed with the United States Immigration and Naturalization Service an "Application for Naturalization" – INS Form N-400 - based upon his status as a lawful permanent resident for five years, INA § 316, 8 U.S.C. § 1427.

   C. Part 7, Question 15(a) of the application asks: "Have you ever: ... knowingly committed a crime for which you have not been arrested?"

   D. Defendant's written answer to Part 7, Question 15(a) was "No."

   E. On October 26, 1995, INS officer Jose Armando Farias interviewed defendant, under oath and in Spanish, regarding his application for naturalization.

   F. On October 26, 1995, the INS approved defendant's application for naturalization.

   G. On December 4, 1995, defendant became a naturalized citizen of the United States. Defendant was issued Certificate of Naturalization No. 22014670.

## VII. CONTESTED ISSUES OF FACT

   The following issues of fact are in controversy:

A.    Defendant contests that, on December 16, 1994, defendant signed his application for naturalization under penalty of perjury.

B.    Defendant contests that, during his naturalization interview on October 26, 1995, INS Officer Armando Farias asked defendant, in Spanish, whether he had ever committed a crime for which he had not been arrested.  Defendant contests that, in response to this question, defendant reaffirmed his answer to Part 7, Question 15(a) on his application by testifying that he had never committed a crime for which he had not been arrested.

C.    Defendant contests that, at the end of his naturalization interview on October 26, 1995, defendant signed a sworn statement that the contents of his application, as amended during the interview, were true.

D.    Defendant contests that the INS approved his naturalization application on October 26, 1995, based, inter alia, on his written application and the testimony he provided during his naturalization interview.

E.    Defendant contests that, on December 4, 1995, defendant became a naturalized citizen of the United States by taking the oath of allegiance in the United States District Court for the Southern District of Texas at Brownsville, Texas.

F.    Defendant contests that, prior to filing his application for naturalization, defendant knew that marijuana possession and distribution, as well as conspiracy to possess or distribute marijuana, were crimes.

G.    Defendant contests that defendant committed the offense of Conspiracy to Possess with Intent to Distribute Over 1000 Kilograms of Marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 between 1992 and 1995.

H.     As addressed in plaintiff's motion for summary judgment and in paragraph IX.,

infra, the following fact is established as a matter of law by virtue of defendant's conviction,

pursuant to a guilty plea, and application of the doctrine of affirmative collateral estoppel:

Whether defendant committed the offense of Possession with Intent to Distribute Approximately

250 Kilograms of Marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18

U.S.C. § 2 between January 1, 1995, and April 26, 1995.  Defendant, however, disputes this fact

and the application of affirmative collateral estoppel.  In the event that the doctrine of affirmative

collateral estoppel does not apply to establish that defendant committed the crime for which he

pled guilty, this fact would be in bona fide controversy.

I.     Defendant contends that there is a contested issue of fact regarding whether

defendant wilfully and factually misrepresented or concealed a material fact on his application

for naturalization, thereby illegally procuring his naturalization.

J.     Defendant contests that, on February 21, 1996, government officials arrested

defendant for Conspiracy to Possess with Intent to Distribute Over 1000 Kilograms of Marijuana

in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and for Possession with Intent to

Distribute Approximately 250 Kilograms of Marijuana in violation of 21 U.S.C. §§ 841(a)(1) and

841(b)(1)(B), and 18 U.S.C. § 2.

K.     Defendant contests that a grand jury of the United States District Court for the

Southern District of Texas  indicted defendant for these offenses on March 13, 1996.  Defendant

contests that the indictment states that the conspiracy offenses were committed between 1992 and

1995 and that the possession with intent to distribute offenses were committed between January

1, 1995, and April 26, 1995.

U.S. v. Luna
Joint Pretrial Order - Page - 9

L.      Defendant contests that, on May 2, 1996, pursuant to a plea agreement, defendant pled guilty to Count II of the indictment - Possession with Intent to Distribute Approximately 250 Kilograms of Marijuana  in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2, committed between January 1, 1995, and April 26, 1995.

M.      Defendant contests that defendant was convicted pursuant to a plea agreement for Possession with Intent to Distribute Approximately 250 Kilograms of Marijuana in violation of 21 U.S.C. §§ 841(a)(1) and  841(b)(1)(B), and 18 U.S.C. § 2 on July 24, 1996.

N.      Defendant contests that, on  July 24, 1996, based on his conviction for Possession with Intent to Distribute Approximately 250 Kilograms of Marijuana, defendant was sentenced to 37 months imprisonment in the United States Bureau of Prisons, to be followed by supervised release for a term of four years.

## VIII.  <u>AGREED PROPOSITIONS OF LAW</u>

The following legal propositions are not in dispute:

A.      Section 340(a) of the INA, 8 U.S.C. § 1451(a) mandates the revocation of naturalization that was either illegally procured or procured by willful misrepresentation or concealment of a material fact.

B.      Section 316(a)(3) of the INA, 8 U.S.C. § 1427(a)(3) provides that no person shall be naturalized unless the person, during all periods referred to in that subsection, has been and still is person of good moral character.

C.      The applicable statutory period for which good moral character is required in this case begins five years prior to the filing of the application for naturalization and extends until the applicant takes the oath of allegiance and becomes a United States citizen.  INA § 316(a), 8

U.S.C. § 1427(a); 8 C.F.R. 316.10(a)(1).

D.      A misrepresentation or concealment is willful if it is deliberate and voluntary, and proof of intent to deceive is not required; knowledge of the falsity of the representation is sufficient to establish a misrepresentation's willfulness under 8 U.S.C. § 1451(a). Witter v. I.N.S., 113 F.3d 549 (5th Cir. 1997).

## IX.    CONTESTED PROPOSITIONS OF LAW

The following are unresolved questions of law:

Plaintiff contends the following:

A.      Conspiracy to Possess with Intent to Distribute Over 1000 Kilograms of Marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and Possession with Intent to Distribute Approximately 250 Kilograms of Marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2 are aggravated felonies, controlled substance offenses, and crimes involving moral turpitude. See INA §§ 101(a)(43)(B), 212(a)(2)(A)(i), 212(a)(2)(C); 8 U.S.C. §§ 1101(a)(43)(B), 1182 (a)(2)(A)(i), 1182(a)(2)(C); see also Matter of Khourn, 21 I. & N. Dec. 1041 (BIA 1997).

B.      The commission of the crime of possession with intent to distribute marijuana during the statutory period precludes an individual from establishing the good moral character statutorily required for naturalization. 8 C.F.R. §§ 316.10(a)(2), (b)(3)(iii).

C.      False testimony provided during the statutory period and for the purpose of obtaining naturalization precludes an individual from establishing the requisite good moral character statutorily required for naturalization. INA § 101(f)(6), 8 U.S.C. § 1101(f)(6).

D.      The commission of offenses relating to possession and distribution of marijuana

U.S. v. Luna
Joint Pretrial Order - Page - 11

during the statutory period is a material fact.

E.     Once it is shown that any fact misrepresented or concealed by an individual during the naturalization process was material and that such fact raises a fair inference that a disqualifying fact existed at the time of naturalization, the individual is presumed to have procured his naturalization on account of the misrepresentation or concealment.

F.     An individual who willfully misrepresented the commission of offenses relating to possession and distribution of marijuana during the naturalization process procured his naturalization by willful misrepresentation or concealment of a material fact.

G.     "Once a district court determines that the Government has met its burden of proving a naturalized citizen obtained his citizenship illegally or by willful misrepresentation, it has no discretion to excuse the conduct." Fedorenko v. United States, 449 U.S. 490, 517 (1981).

H.     Application of the doctrine of collateral estoppel affirmatively establishes, as well as precludes defendant from introducing any evidence or argument challenging, the fact that he committed the offenses listed in paragraph VII.B. supra for which defendant was convicted pursuant to a guilty plea.  See Emich Motors Corp. v. General Motors Corp., 340 U.S. 558, 568-69 (1951); Green v. Amerada Hess Corp., 707 F.2d 201 (5th Cir. 1983); Stovall v. Price Waterhouse Co., 652 F.2d 537 (5th Cir. 1981); Tomlinson v. Lefkowitz, 334 F.2d 262, 264 (5th Cir. 1964).

Defendant contends the following:

A.     The government's burden in a Section 340(a) of the INA, 8 U.S.C. § 1451(a) case never shifts to the Defendant. As such, to prove a wilful material misrepresentation or concealment, the government must prove that the Defendant factually misrepresented or

U.S. v. Luna
Joint Pretrial Order - Page - 12

concealed based on a clear and convincing evidence standard.  Chaunt v. United States , 270

F.2d 179. 81 S.Ct. 147 (1959). Gorbach v. Reno, 219 F.3d 1087(C.A.9 (Wash.) 2000) The matter

alleged to have been misrepresented or concealed must be proven in fact. United States v. Minker

350 U.S. 179, 187 (1956).  U.S. v. Pellegrino, 155 F. Supp. 726 (S.D., N.Y. 1957).

      B.     Defendant contents that any doubt as to whether there was a misrepresentation or

concealment, or whether Defendant possessed the moral character to become a citizen,  must be

resolved in favor of the Defendant. Id,  219 F.3d 1087, at 1097, referring to Minker, 350 U.S.

179, at  187 (quoting Ng Fung Ho v. White, 259 U.S. 276, 284, 42 S.Ct. 492, 66 L.Ed. 938

(1922).

## X.   **EXHIBITS**

     See attached Plaintiff's and Defendant's Exhibit Lists.

## XI.   **WITNESSES**

     See attached Plaintiff's and Defendant's Witness Lists.

## XII.   **SETTLEMENT**

     The parties have exhausted all settlement efforts in this case and have not agreed to a

settlement.  This case cannot reasonably be expected to settle and, unless summary judgment is

granted, will have to be tried.

## XIII.  **TRIAL**

     The parties estimate that the trial of this case will take two to three full days.  Plaintiff's

anticipated witness, Michele Battistelli, will be unavailable to testify at trial from October 1,

2002, through October 7, 2002, and plaintiff's anticipated witness, Oralia Gonzalez, will be

unavailable to testify from October 1, 2002, through October 14, 2002.  Plaintiff also anticipates

U.S. v. Luna
Joint Pretrial Order - Page - 13

that its witness, Ramiro Santoscoy, might not be available to testify at trial in that he resides in Mexico and is outside the subpoena power of the Court. Plaintiff has made attempts to contact him regarding the possibility of deposing him or having him appear at trial and has been unsuccessful. Plaintiff's counsel, Angela Crider, will be unavailable on October 15, 2002, due to a hearing in another case. Plaintiff's counsel, Michelle Slack, will be unavailable from October 14 through 17, October 25 through 27, 2002, and on November 18, 2002, due to other work obligations, including a hearing in another case. At this time, the parties anticipate no additional logistical problems, such as availability of witnesses, out-of-state participants, or bulky exhibits or documentation.

//

//

//

//

//

//

//

//

//

//

//

//

//

U.S. v. Luna
Joint Pretrial Order - Page - 14

//

//

XIV.  **ATTACHMENTS**

Contemporaneously with this order, each party is filing the following:

A.      Proposed findings of fact with agreed and contested ones separated.

B.      Conclusions of law with authorities.

Signed on this the _____ day of _____, 2002.

_____
**HILDA G. TAGLE**
**United States District Judge**

APPROVAL:

_____
Angela A. Crider, Attorney in Charge for Plaintiff
Office of Immigration Litigation
United States Department of Justice, Civil Division
P.O. Box 670049
Houston, Texas 77267-0049
Telephone:  (281) 774-4731
Facsimile: (281) 774-5996
TX Bar No. 00790530
Southern District of Texas No. 26859

_____
Philip Cowen, Attorney in Charge for Defendant
Law Office of Philip Cowen
500 East Levee

Brownsville, Texas 78520
Telephone: (956) 541-1691
Facsimile: (956) 541-6827
TX Bar No. 24001933
Federal Id. No. 21717

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil Action No. B 01-115 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SERVANDO LUNA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S PROPOSED FINDINGS OF FACT
AND CONCLUSIONS OF LAW**

I.    PROPOSED FINDINGS OF FACT

    A.    Agreed Facts

        1.    Defendant, Servando Luna, is a naturalized citizen of the United States.

        2.    On December 21, 1994, defendant filed with the United States Immigration and Naturalization Service an "Application for Naturalization" – INS Form N-400, based on his eligibility to apply for naturalization as an individual who has been a lawful permanent resident for at least five years.

        3.    Part 7, Question 15(a) of the application asks: "Have you ever: … knowingly committed a crime for which you have not been arrested?"

        4.    Defendant's written answer to Part 7, Question 15(a) was "No."

        5.    On October 26, 1995, INS Officer Jose Armando Farias interviewed defendant, under oath and in the Spanish language, regarding his application for naturalization.

U.S. v. Luna
Plaintiff's Findings of Fact &
Conclusions of Law - Page 1

6.    On October 26, 1995, the INS approved defendant's application for naturalization.

7.    On December 4, 1995, defendant became a naturalized citizen of the United States and was issued Certificate of Naturalization, Number 22014670.

B.    Contested Facts

1.    On December 16, 1994, defendant signed his application for naturalization under penalty of perjury.

2.    During his naturalization interview on October 26, 1995, INS Officer Jose Armando Farias asked defendant, in Spanish, whether he had ever committed a crime for which he had not been arrested.

3.    In response to this question, defendant reaffirmed his answer to Part 7, Question 15(a) on his application by testifying orally, under oath, that he had never committed a crime for which he had not been arrested. Defendant concealed the fact that he had committed crimes relating to possession with intent to distribute marijuana.

4.    At the end of his naturalization interview on October 26, 1995, defendant signed a sworn statement that the contents of his application, as amended during the interview, were true.

5.    The INS approved defendant's naturalization application on October 26, 1995, based, inter alia, on his written application and the testimony he provided during his naturalization interview.

6.    On December 4, 1995, defendant became a naturalized citizen of the

U.S. v. Luna
Plaintiff's Findings of Fact &
Conclusions of Law - Page 2

United States by taking the oath of allegiance in the United States District Court for the Southern District of Texas at Brownsville, Texas.

       7.     Prior to filing his application for naturalization, defendant knew that marijuana possession and distribution, as well as conspiracy to possess or distribute marijuana, were crimes.

       8.     Between 1992 and 1995, defendant committed the offense of Conspiracy to Possess with Intent to Distribute Over 1000 Kilograms of Marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.

       9.     Between January 1, 1995, and April 26, 1995, defendant committed the offense of Possession with Intent to Distribute Approximately 250 Kilograms of Marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2.[1]

      10.     On February 21, 1996, government officials arrested defendant for Conspiracy to Possess with Intent to Distribute Over 1000 Kilograms of Marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and for Possession with Intent to Distribute Approximately 250 Kilograms of Marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2.

      11.     A grand jury of the United States District Court for the Southern District of Texas indicted defendant for these offenses on March 13, 1996. The indictment states that the

---

      [1] As addressed in plaintiff's motion for summary judgment, plaintiff has established this fact through the doctrine of affirmative collateral estoppel. Defendant, however, disputes this fact and the application of affirmative collateral estoppel. In the event that the doctrine of affirmative collateral estoppel does not apply to establish that defendant committed the crime for which he pled guilty, this fact would be in bona fide controversy and plaintiff will establish this fact through evidence presented at trial.

U.S. v. Luna
Plaintiff's Findings of Fact &
Conclusions of Law - Page 3

conspiracy offenses were committed between 1992 and 1995 and that the possession with intent to distribute offenses were committed between January 1, 1995, and April 26, 1995.

12.     On May 2, 1996, defendant pled guilty to Count II of the indictment - Possession with Intent to Distribute Approximately 250 Kilograms of Marijuana  in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2, committed between January 1, 1995, and April 26, 1995.

13.     Defendant was convicted for Possession with Intent to Distribute Approximately 250 Kilograms of Marijuana  in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2 on July 24, 1996.

14.     On  July 24, 1996, based on his conviction for Possession with Intent to Distribute Approximately 250 Kilograms of Marijuana, defendant was sentenced to 37 months imprisonment in the United States Bureau of Prisons, to be followed by supervised release for a term of four years.

15.     Defendant knew that he had committed crimes relating to possession and distribution of marijuana when he signed his application for naturalization under penalty of perjury on December 16, 1994.

16.     Defendant knew that he had committed crimes relating to possession and distribution of marijuana when he filed his naturalization application on December 21, 1994.

17.     Defendant knew that he had committed crimes relating to possession and distribution of marijuana when he was interviewed under oath by an INS officer regarding his application on October 26, 1995.

18.    Defendant knew that he had committed crimes relating to possession and distribution of marijuana when he signed a sworn statement at his naturalization interview on October 26, 1995, that the contents of his application, as amended during the interview, were true.

19.    Defendant knew that he had committed crimes relating to possession and distribution of marijuana when he became a naturalized citizen on December 4, 1995.

20.    Defendant misrepresented or concealed that he had committed crimes relating to possession and distribution of marijuana when he signed his naturalization application under penalty of perjury on December 16, 1994.

21.    Defendant misrepresented or concealed that he had committed crimes relating to possession and distribution of marijuana when he filed his naturalization application on December 21, 1994.

22.    Defendant misrepresented or concealed that he had committed crimes relating to possession and distribution of marijuana when he was interviewed, under oath, by INS Officer Jose Armando Farias on October 26, 1995.

23.    Defendant misrepresented or concealed that he had committed crimes relating to possession and distribution of marijuana when he signed a sworn statement at the end of his naturalization interview on October 26, 1995, that the contents of his naturalization application, as amended during the interview, were true.

24.    Defendant knew that his representations regarding his criminal activities were false and misleading; therefore, they were willful.

U.S. v. Luna
Plaintiff's Findings of Fact &
Conclusions of Law - Page 5

25.    The facts relating to defendant's drug possession and distribution would have had a natural tendency to affect the INS' decision whether to approve defendant's naturalization application.  In fact, the INS would not have approved defendant's naturalization application had defendant revealed his criminal activities prior to his naturalization.

26.    By testifying at his naturalization interview that he had never committed a crime for which he had not been arrested, defendant provided false testimony to the INS.

27.    Defendant provided false testimony for the purpose of obtaining naturalization, a benefit under the INA.

28.    By misrepresenting or concealing on his naturalization application and during his naturalization interview his commission of crimes relating to drug possession and distribution, defendant willfully misrepresented or concealed a material fact.


II.    PROPOSED CONCLUSIONS OF LAW

A.    Section 340(a) of the INA, 8 U.S.C. § 1451(a) mandates the revocation of naturalization that was either illegally procured or procured by willful misrepresentation or concealment of a material fact.

B.    Section 316(a)(3) of the INA, 8 U.S.C. § 1427(a)(3) provides that no person shall be naturalized unless the person, during all periods referred to in that subsection, has been and still is person of good moral character.

C.    The applicable statutory period for which good moral character is required in this case begins five years prior to the filing of the application for naturalization and continues until the

U.S. v. Luna
Plaintiff's Findings of Fact &
Conclusions of Law - Page 6

applicant takes the oath of allegiance and becomes a United States citizen.  INA § 316(a), 8

U.S.C. § 1427(a); 8 C.F.R. 316.10(a)(1).

     D.     Conspiracy to Possess with Intent to Distribute Over 1000 Kilograms of Marijuana

in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and Possession with Intent to

Distribute Approximately 250 Kilograms of Marijuana in violation of 21 U.S.C. §§ 841(a)(1) and

841(b)(1)(B), and 18 U.S.C. § 2 are aggravated felonies, controlled substance offenses, and

crimes involving moral turpitude.  See INA §§ 101(a)(43)(B), 212(a)(2)(A)(i), 212(a)(2)(C); 8

U.S.C. §§ 1101(a)(43)(B), 1182 (a)(2)(A)(i), 1182(a)(2)(C); see also Matter of Khourn, 21 I. &

N. Dec. 1041 (BIA 1997).

     E.     The commission of offenses relating to possession with intent to distribute

marijuana during the statutory period precludes an individual from establishing the good moral

character statutorily required for naturalization.  8 C.F.R. §§ 316.10(a)(2), (b)(3)(iii).

     F.     Because defendant committed Conspiracy to Possess with Intent to Distribute

Over 1000 Kilograms of Marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846,

during the five years preceding his naturalization application, he was precluded from establishing

the good moral character statutorily required for naturalization; therefore, defendant was

ineligible for naturalization.  8 C.F.R. §§ 316.10(a)(2), (b)(3)(iii).

     G.     Because defendant committed Possession with Intent to Distribute Approximately

250 Kilograms of Marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and

18 U.S.C. § 2 during the five years preceding his naturalization application, he was precluded

from establishing the good moral character statutorily required for naturalization; therefore,

defendant was ineligible for naturalization.  8 C.F.R. §§ 316.10(a)(2), (b)(3)(iii).

H.     Because defendant was statutorily ineligible for naturalization, he illegally procured his naturalization and, accordingly, his naturalization must be revoked.  INA § 340(a), 8 U.S.C. § 1451(a).

I.     False testimony during the statutory period precludes an individual from establishing the good moral character statutorily required for naturalization.  INA § 101(f)(6), 8 U.S.C. § 1101(f)(6).

J.     Because defendant provided false testimony at his naturalization interview on October 26, 1995, for the purpose of obtaining naturalization, he was precluded from establishing the good moral character statutorily required for naturalization; therefore, defendant was ineligible for naturalization.  INA § 101(f)(6), 8 U.S.C. § 1101(f)(6).

K.     Because defendant was statutorily ineligible for naturalization, he illegally procured his naturalization and, accordingly, his naturalization must be revoked.  INA § 340(a), 8 U.S.C. § 1451(a).

L.     A misrepresentation or concealment is willful if it is deliberate and voluntary, and proof of intent to deceive is not required; knowledge of the falsity of the representation is sufficient to establish a misrepresentation's willfulness under 8 U.S.C. § 1451(a).  Witter v. I.N.S., 113 F.3d 549 (5th Cir. 1997).

M.     A misrepresentation or concealment is material if it "was predictably capable of affecting, i.e., had a natural tendency to affect, the official decision."  Kungys v. United States, 485 U.S. 759, 771 (1988); see also United States v. Stelmokas, 100 F.3d 302, 317-18 (3d Cir.

U.S. v. Luna
Plaintiff's Findings of Fact &
Conclusions of Law - Page 8

1996); In re Petition of Haniatakis, 376 F.2d 728, 730 (3d Cir. 1967). More specifically, materiality depends upon "whether the misrepresentation or concealment had a natural tendency to produce the conclusion that the applicant was qualified [to naturalize]." Kungys, 485 U.S. at 771-72. Because it would have had a natural tendency to affect the INS's decision whether to approve defendant's naturalization application, and in fact would have caused the INS not to approve defendant's application, defendant's commission of offenses relating to possession with intent to distribute marijuana during the statutory period is a material fact.

N.      Once it is shown that any fact misrepresented or concealed by the defendant was material and that such fact raises a fair inference that a disqualifying fact existed at the time of naturalization, which has been established in this case, the defendant is presumed to have procured his naturalization on account of the misrepresentations and concealment. Kungys, 485 U.S. at 783 (Brennan, J., concurring). Because defendant willfully misrepresented or concealed a material fact, i.e. his commission of offenses relating to possession with intent to distribute marijuana during the naturalization process, defendant procured his naturalization by willful misrepresentation or concealment of a material fact. See Kungys, 485 U.S. at 773 (opinion of Scalia, J.); id. at 783-84 (opinion of Brennan, J.); id. at 787-89 (opinion of Stevens, J.).

O.      Because defendant procured his naturalization by willful misrepresentation of material facts, his naturalization must be revoked. INA § 340(a), 8 U.S.C. § 1451(a).

P.      Because defendant procured his naturalization by willful concealment of material facts, his naturalization must be revoked. INA § 340(a), 8 U.S.C. § 1451(a).

Q.      Because defendant was convicted of possession with intent to distribute marijuana

pursuant to a guilty plea, the United States has established, as a matter of law through the

doctrine of affirmative collateral estoppel that defendant knowingly committed Possession with

Intent to Distribute Approximately 250 Kilograms of Marijuana in violation of 21 U.S.C. §§

841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2, and defendant is prohibited from introducing

evidence or arguing that he did not commit this crime.  See Emich Motors Corp. v. General

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

U.S. v. Luna
Plaintiff's Findings of Fact &
Conclusions of Law - Page 10

Motors Corp., 340 U.S. 558, 568-69 (1951); Green v. Amerada Hess Corp., 707 F.2d 201 (5th

Cir. 1983); Stovall v. Price Waterhouse Co., 652 F.2d 537 (5th Cir. 1981); Tomlinson v.

Lefkowitz, 334 F.2d 262, 264 (5th Cir. 1964).

Respectfully Submitted,

ROBERT D. McCALLUM, JR.
Acting Assistant Attorney General
Civil Division

RICHARD M. EVANS
Assistant Director
MICHELLE R. SLACK
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-9340

ANGELA A. CRIDER, Attorney in Charge
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
c/o Immigration & Naturalization Service
P.O. Box 670049
Houston, Texas 77267-0049
Telephone: (281) 774-4731
Facsimile: (281) 774-5996
Texas Bar No. 00790530
Southern District of Texas No. 26859

U.S. v. Luna
Plaintiff's Findings of Fact &
Conclusions of Law - Page 11

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above Plaintiff's Proposed Findings of Fact and Conclusions of Law was mailed by first class mail to Defendant's attorney, Philip Cowen, at 500 East Levee, Brownsville, Texas 78520 on this the 18th day of September, 2002.

Angela A. Crider, Trial Attorney
Primary Counsel for Plaintiff,
United States of America

U.S. v. Luna
Plaintiff's Findings of Fact &
Conclusions of Law - Page 12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil Action No. B 01-115 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SERVANDO LUNA, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S PRETRIAL MEMORANDUM OF LAW[1]

### I.    PROCEDURAL BACKGROUND

This is an action under section 340(a) of the Immigration and Nationality Act ("INA"), 8

U.S.C. § 1451(a), to revoke and set aside the order of naturalization of Servando Luna and to

cancel his Certificate of Naturalization, Number 22014670.

On June 28, 2001, the United States filed a Complaint to revoke Servando Luna's

naturalized citizenship on the grounds that it was procured illegally and by willful

misrepresentation and concealment of material facts.  The affidavit of Janette Martinez, an officer

of the Immigration and Naturalization Service ("INS"), showing good cause for the action was

appended to the complaint.  Mr. Luna was personally served with the Complaint and Summons on

July 3, 2001.  On August 17, 2001, Mr. Luna filed an answer in response to the United States'

complaint.

---

[1] Plaintiff submits this pretrial memorandum to provide the Court with an overview of what the facts and evidence will prove at the trial of this case.  Plaintiff will provide a supplemental post-trial brief, if directed by the Court, to address any issues necessary at that time.

On April 24, 2002, the United States filed Plaintiff's First Amended Complaint to revoke Servando Luna's naturalized citizenship on the grounds that it was procured illegally and by willful misrepresentation and concealment of material facts. The affidavit of Janette Martinez, an officer of the INS, showing good cause for the action was appended to the amended complaint. Mr. Luna was served with the amended complaint through his attorney by first class mail. See Fed. R. Civ. P. 5 (permitting service by mail). Mr. Luna filed no answer to the amended complaint.

## II.     **FACTUAL BACKGROUND**

### A.     **Mr. Luna's Criminal Conduct and History**

Government officials arrested Mr. Luna on February 21, 1996, for Conspiracy to Possess with Intent to Distribute Over 1000 Kilograms of Marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and for Possession with Intent to Distribute Approximately 250 Kilograms of Marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2. (See Plaintiff's Ex. 17,[2] Criminal Complaint, dated February 21, 1996; see also Plaintiff's Ex. 14, United States Customs Service Report of Investigation, dated April 8, 1996, at p. 4; Deposition of Servando Luna, March 28, 2002, portions of which are attached to Plaintiff's Motion for Summary Judgment ("MSJ") as Ex. 3, at p. 49:14-18.) A grand jury for the United States District Court, Southern District of Texas, indicted Mr. Luna for these offenses on March 13, 1996. (See Plaintiff's Ex. 21, Indictment, dated March 13, 1996.) According to the indictment, Mr. Luna committed the crime of conspiracy to possess with intent to distribute over 1000 kilograms of marijuana from September 1, 1992, through June 1, 1995. (Plaintiff's Ex. 21.)

---

[2] Plaintiff's Exhibits referenced herein are numbered as they appear in Plaintiff's Exhibit List.

The indictment indicates that he committed the crime of possession with intent to distribute from

January 1, 1995, through April 26, 1995. (Id.; see also Plaintiff's Ex. 26, Transcript of

Rearraignment and Sentencing Proceedings, dated May 2, 1996, July 15, 1996, at pp. 13:8-25,

14:1-25.) On May 2, 1996, Mr. Luna pled guilty to Count II of the Indictment - Possession with

Intent to Distribute Approximately 250 Kilograms of Marijuana in violation of 21 U.S.C. §§

841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2, committed between January 1, 1995, and April 26,

1995, and was convicted for this offense on July 24, 1996. (See Plaintiff's Exs. 21, 26; see also

Plaintiff's Ex. 28, Judgment in a Criminal Case, dated July 24, 1996.) On July 24, 1996, based

on his conviction for Possession with Intent to Distribute Approximately 250 Kilograms of

Marijuana, United States District Court Judge Vela sentenced Mr. Luna to 37 months

imprisonment in the United States Bureau of Prisons, to be followed by supervised release for a

term of four years. (See Plaintiff's Ex. 28.)

### B.     Mr. Luna's Naturalization Proceedings

On December 21, 1994, Mr. Luna filed with the INS, an Application for Naturalization,

INS Form N-400. (See Plaintiff's Ex. 2, Servando Luna's Application for Naturalization, INS

Form N-400.) Part 7, Question 15(a) of the application asks: "Have you ever: knowingly

committed any crime for which you have not been arrested?" (See id. at p. 3.) On his application,

Mr. Luna answered "No" to that question. (Id.) Prior to filing his application with the INS, on

December 16, 1994, Mr. Luna signed his application under penalty of perjury, thereby swearing

or affirming that the contents of the application were true and correct. (Id. at p. 4.)

On October 26, 1995, Jose Armando Farias, an officer of the INS, interviewed Mr. Luna

regarding the contents of his naturalization application. (See Plaintiff's Ex. 11, Declaration of

Plaintiff's Pretrial Memo - Page 3

Jose Armando Farias,[3] at ¶ 2; see also Plaintiff's Ex. 2.)  At the beginning of this interview,

Officer Farias placed Mr. Luna under oath. (Plaintiff's Ex. 11 at ¶ 3.)  During this interview, Mr.

Farias asked Mr. Luna, in Spanish, if he had ever committed a crime for which he had not been

arrested.  (Id. at ¶ 5; see also Ex. 2 at p. 3.)  Mr. Farias also asked Mr. Luna, in Spanish, if he had

ever been arrested or detained for any reason by law enforcement.  (Id.)  Mr. Luna testified that

he had been arrested once, for Driving While Intoxicated in 1984, but testified that he had never

committed a crime for which he had not been arrested.  (Plaintiff's Ex. 11 at ¶¶ 5-8; see also

Plaintiff's Ex. 2 at p. 3.)  At the end of that interview, Mr. Luna signed a sworn statement that the

contents of his application were true.  (Plaintiff's Ex. 2 at p. 4; Plaintiff's Ex. 11 at ¶ 7.)  On

October 26, 1995, based upon Mr. Luna's answers to the questions on the application and his

testimony given during his naturalization interview, the INS approved Mr. Luna's application for

naturalization.  (Plaintiff's Ex. 11 at ¶ 2; see also Plaintiff's Ex. 2.)  Mr. Luna became a

naturalized citizen by taking the oath of citizenship on December 4, 1995, and was issue

Certificate of Naturalization, Number 22014670.  (See Plaintiff's Ex. 1, Certificate of

Naturalization.)

## III.    DISCUSSION AND ARGUMENT

Section 340(a) of the INA, 8 U.S.C. § 1451(a), mandates the revocation of naturalization

that was either illegally procured or procured by willful misrepresentation or concealment of a

material fact.   To prevail in a denaturalization proceeding, the government must prove its case by

clear, convincing, and unequivocal evidence, and leave no issue in doubt.  Fedorenko v. United

---

[3] Plaintiff refers to Officer Farias' declaration as an illustration of what Officer Farias' testimony at trial
is expected to be.

States, 449 U.S. 490, 505 (1981). Once a district court determines that the government has met

its burden of proving that a naturalized citizen obtained his citizenship illegally or by concealment

of material fact or by willful misrepresentation, it has no discretion to excuse the conduct, and

must enter a judgment of denaturalization. Id. at 517.

### A.     Mr. Luna Illegally Procured his Naturalization

#### 1.     Mr. Luna illegally procured his naturalization because his commission of crimes relating to drug possession and distribution precluded him from establishing the good moral character required for naturalization.

By committing the crimes of conspiracy to possess with intent to distribute marijuana

between 1992 and 1995 and of possession with intent to distribute marijuana between January 1,

1995, and April 26, 1995, and in the absence of any extenuating circumstances outweighing his

adverse criminal conduct, Mr. Luna lacked the good moral character required for naturalization,

rendering his naturalization illegally procured and necessitating its revocation pursuant to section

340(a) of the INA, 8 U.S.C. § 1451(a). Section 316(a)(3) of the INA, 8 U.S.C. § 1427(a)(3)

provides that no person shall be naturalized unless the person, during all periods referred to in that

subsection, has been and still is person of good moral character. The statutory period for which

good moral character is required in this case begins five years prior to the filing of the application

for naturalization and continues until the applicant takes the oath of allegiance and becomes a

United States citizen. INA § 316(a), 8 U.S.C. § 1427(a); 8 C.F.R. 316.10(a)(1).

Conspiracy to Possess with Intent to Distribute Over 1000 Kilograms of Marijuana in

violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and Possession with Intent to

Distribute Approximately 250 Kilograms of Marijuana in violation of 21 U.S.C. §§ 841(a)(1) and

841(b)(1)(B), and 18 U.S.C. § 2 are aggravated felonies, controlled substance offenses, and

crimes involving moral turpitude. See INA §§ 101(a)(43)(B), 212(a)(2)(A)(i), 212(a)(2)(C); 8

U.S.C. §§ 1101(a)(43)(B), 1182 (a)(2)(A)(i), 1182(a)(2)(C); see also Matter of Khourn, 21 I. &

N. Dec. 1041 (BIA 1997). The commission of offenses relating to possession with intent to

distribute marijuana during the statutory period precludes an individual from establishing the good

moral character statutorily required for naturalization. 8 C.F.R. §§ 316.10(a)(2), (b)(3)(iii).

Because Mr. Luna committed Conspiracy to Possess with Intent to Distribute Over 1000

Kilograms of Marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and

Possession with Intent to Distribute Approximately 250 Kilograms of Marijuana in violation of 21

U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2 during the five years preceding his

naturalization application, he was precluded from establishing the good moral character statutorily

required for naturalization. 8 C.F.R. §§ 316.10(a)(2), (b)(3)(iii). Mr. Luna, therefore, was

ineligible for naturalization. INA § 316(a)(3), 8 U.S.C. § 1427(a)(3). Because he was ineligible

for naturalization, his naturalization was illegally procured. Accordingly, his naturalization must

be revoked. INA § 340(a), 8 U.S.C. § 1451(a).

> **2.     Mr. Luna illegally procured his naturalization because his false
> testimony at his naturalization interview precluded him from
> establishing the good moral character required for naturalization.**

False testimony with intent to obtain naturalization, a benefit under the Immigration and

Nationality Act during the statutory period also precludes an individual from establishing the good

moral character statutorily required for naturalization. INA § 101(f)(6), 8 U.S.C. § 1101(f)(6).

Mr. Luna falsely testified at his naturalization interview that he had never committed a crime for

which he had not been arrested. (See Plaintiff's Exs. 2, 11.) Because Mr. Luna provided false

testimony at his naturalization interview on October 26, 1995, with the intent to obtain

naturalization, a benefit under the Immigration and Nationality Act, he was precluded from

establishing the good moral character statutorily required for naturalization. INA § 101(f)(6), 8

U.S.C. § 1101(f)(6). Mr. Luna, therefore, was ineligible for naturalization. INA § 316(a)(3), 8

U.S.C. § 1427(a)(3). Because he was ineligible for naturalization, his naturalization was illegally

procured. Accordingly, Mr. Luna's naturalization must be revoked. INA § 340(a),

8 U.S.C. § 1451(a).

### B.    Mr. Luna Procured his Naturalization by Willful Misrepresentation or Concealment of a Material Fact

In addition to illegally procured naturalization, section 340(a) of the INA, 8 U.S.C. §

1451(a), provides a separate and independent basis for the revocation of naturalization that is

"procured by concealment of a material fact or by willful misrepresentation." There are four

requirements for revocation of naturalization under this provision: (1) the naturalized citizen must

have misrepresented or concealed some fact, (2) the misrepresentation or concealment must have

been willful, (3) the fact must have been material, and (4) the naturalized citizen must have

procured citizenship as a result of the misrepresentation or concealment. Kungys v. United

States, 485 U.S. 759, 767 (1988).

### 1.    Mr. Luna misrepresented and concealed his commission of crimes relating to possession with intent to distribute marijuana.

Mr. Luna committed the crime of Conspiracy to Possess with Intent to Distribute Over

1000 Kilograms of Marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846

between 1992 and 1995. Further, Mr. Luna committed the offense of Possession with Intent to

Distribute Approximately 250 Kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and

applicant was qualified [to naturalize]." Kungys, 485 U.S. at 771-72. Because it would have had a natural tendency to affect the INS's decision whether to approve defendant's naturalization application, and in fact would have caused the INS not to approve defendant's application, defendant's commission of offenses relating to possession with intent to distribute marijuana during the statutory period is a material fact.

> **4.    Mr. Luna procured his naturalization by misrepresenting and concealing his commission of crimes relating to possession with intent to distribute marijuana.**

There is a fair inference that a disqualifying fact existed at the time of naturalization and the defendant is presumed to have procured his naturalization on account of the misrepresentation and concealment once it is shown that any fact misrepresented or concealed by the defendant was material. Kungys, 485 U.S. at 783 (Brennan, J., concurring). Thus, Mr. Luna's misrepresentations and concealments satisfy the "procurement" prong of the material misrepresentation test under any of the standards discussed by the Court in Kungys. See Kungys, 485 U.S. at 773 (opinion of Scalia, J.); id. at 783-84 (opinion of Brennan, J.); id. at 787-89 (opinion of Stevens, J.). Because Mr. Luna willfully misrepresented or concealed a material fact, i.e. his commission of offenses relating to possession with intent to distribute marijuana during the naturalization process, he procured his naturalization by willful misrepresentation or concealment of a material fact. See Kungys, 485 U.S. at 773 (opinion of Scalia, J.); id. at 783-84 (opinion of Brennan, J.); id. at 787-89 (opinion of Stevens, J.). Accordingly, his naturalization must be revoked. INA § 340(a), 8 U.S.C. § 1451(a).

IV. **CONCLUSION**

Mr. Luna procured his naturalization illegally because his commission of conspiracy to possess with intent to distribute over 1000 kilograms of marijuana and his commission of possession with intent to distribute 250 kilograms of marijuana precluded him from establishing the good moral character required for naturalization. Mr. Luna was also precluded from establishing good moral character because he provided false testimony regarding his commission of these offenses at his naturalization interview in order to procure his naturalization. Finally, Mr. Luna procured his naturalization by willfully misrepresenting or concealing the material facts of

//

//

//

//

//

//

//

//

//

//

//

//

//

//

his commission of conspiracy to possess with intent to distribute over 1000 kilograms of

marijuana or his commission of possession with intent to distribute marijuana.  Accordingly, Mr.

Luna was ineligible to naturalize and his naturalization must be revoked.

Respectfully submitted,

ROBERT D. McCALLUM, JR.
Assistant Attorney General
Civil Division

RICHARD M. EVANS
Assistant Director
MICHELLE SLACK
Trial Attorney
Office of Immigration Litigation
U.S. Dept. of Justice, Civil Division
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Telephone:  (202) 616-9340

ANGELA A. CRIDER, Attorney in Charge
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
c/o Immigration and Naturalization Service
P.O. Box 670049
Houston, Texas 77267-0049
Telephone: (281) 774-4731
Facsimile: (281) 774-5996
TX Bar No. 00790530
Southern District of Texas No. 26859

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above Plaintiff's Pretrial Memorandum of Law was mailed by first class mail to Defendant's attorney, Philip Cowen, at 500 East Levee, Brownsville, Texas 78520 on this the 18th day of September, 2002.

Angela A. Crider, Trial Attorney
Primary Counsel for Plaintiff,
United States of America

Plaintiff's Pretrial Memo - Page 12

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. B-01-115 |
| | ) | |
| | ) | **PLAINTIFF'S EXHIBIT LIST**[1] |
| v. | ) | |
| | ) | Judge Hilda G. Tagle |
| SERVANDO LUNA, | ) | |
| | ) | Case Manager: Letty Garza |
| Defendant. | ) | Court Reporter: Breck Record |
| | ) | |

List of _____     Proceeding _____     Date _____

| No. | Description | Adm. | Exd. |
|---|---|---|---|

<u>Naturalization Proceedings</u>

1.    Certificate of Naturalization, Servando Luna, No. 22014670     ____     ____
(Original certified copy provided to Court as Ex. 9 to Plaintiff's
Motion for Summary Judgment ("MSJ"))

2.    Application for Naturalization, INS Form N-400, A34 284 206,
December 28, 1994     ____     ____
(Original certified copy provided to Court as Ex. 7 to MSJ)

3.    Oath of Allegiance, A34 284 206, October 26, 1995     ____     ____
(Original certified copy provided to Court along with
Exs. 7, 9-10 to MSJ)

4.    Notice of Naturalization Oath Ceremony, INS Form N-445,
A34 284 206, November 20, 1995     ____     ____
(Original certified copy provided to Court as Ex. 10 to MSJ)

---

[1] Plaintiff reserves the right to present rebuttal or impeachment evidence that might not be listed herein.

U.S. v. Luna
Plaintiff's Exhibit List - Page 1

| No. | Description | Adm. | Exd. |
|-----|-------------|------|------|
| 5. | Notice of Intent to Revoke Naturalization, October 29, 1997 (Original certified copy provided to Court as Ex. 11 to Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Summary Judgment and Opposition to Defendant's Untimely Cross-Motion for Summary Judgment ("Reply")) | ____ | ____ |
| 6. | Response to Notice of Intent to Revoke Naturalization, December 11, 1997 (Original certified copy provided to Court as Ex. 12 to Reply) | ____ | ____ |
| 7. | Hearing Notice, January 2, 1998 (Original certified copy provided to Court as Ex. 13 to Reply) | ____ | ____ |
| 8. | Final Notice of Revocation of Naturalization, July 6, 1998 (Original certified copy provided to Court as Ex. 14 to Reply) | ____ | ____ |
| 9. | Notice of Appeal to the Administrative Appeals Unit July 31, 1998 (Original certified copy provided to Court as Ex. 15 to Reply) | ____ | ____ |
| 10. | Letter to INS from Martin Luna, Jesus Luna, Servando Luna, Jr., Eduardo Luna, and Francisco Luna, January 23, 1998 (Original certified copy provided to Court along with Exs. 11-15 to Reply) | ____ | ____ |
| 11. | Declaration of Jose Armando Farias, July 30, 2002 (Original certified copy provided to Court as Ex. 8 to MSJ) | ____ | ____ |

Criminal Proceedings - Servando Luna

| No. | Description | Adm. | Exd. |
|-----|-------------|------|------|
| 12. | U.S. Customs Service, Report of Investigation, July 13, 1993 (Original certification page provided to Court at Ex. 2 to MSJ) | ____ | ____ |
| 13. | U.S. Customs Service, Report of Investigation, February 2, 1995 (Original certification page provided to Court at Ex. 2 to MSJ) | ____ | ____ |
| 14. | U.S. Customs Service, Report of Investigation, April 8, 1996 (Original certified copy provided to Court at Ex. 2 to MSJ) | ____ | ____ |
| 15. | U.S. Customs Service, Report of Investigation, April 16, 1996 (Original certification page provided to Court as Ex. 2 to MSJ) | ____ | ____ |

| No. | Description | Adm. | Exd. |
|-----|-------------|------|------|
| 16. | Warrant for Arrest, U.S. v. Luna, Case No. B-96-324-M, February 21, 1996 | ____ | ____ |
| 17. | Criminal Complaint, U.S. v. Luna, Case No. B-96-324-M, February 21, 1996 (Original certified copy provided to Court as Ex. 1 to MSJ) | ____ | ____ |
| 18. | Magistrate's Courtroom Minutes, Cause No. CR B-96-324-M, February 22, 1996 | ____ | ____ |
| 19. | Magistrate's Courtroom Minutes, Cause No. B-96-324-M-01, February 23, 1996 | ____ | ____ |
| 20. | Order of Detention Pending Trial, Case No. B-96-324-M-01, February 23, 1996 | ____ | ____ |
| 21. | Indictment, U.S. v. Luna, Crim. No. B-96-077, March 13, 1996 (Original certified copy provided to Court as Ex. 4 to MSJ) | ____ | ____ |
| 22. | Magistrate's Courtroom Minutes, Arraignment, CR No. B-96-077-01, March 20, 1996 | ____ | ____ |
| 23. | Notice to Defendant, Criminal No. B-96-077-01, March 20, 1996 | ____ | ____ |
| 24. | Courtroom Minutes, Rearraignment, CR. No. B-96-088-01, May 2, 1996 | ____ | ____ |
| 25. | Courtroom Minutes, Sentencing, CR. B-96-077-01, July 15, 1996 | ____ | ____ |
| 26. | Transcript of Rearraignment and Sentencing Proceedings Before the Honorable Filemon B. Vela, May 2, 1996, July 15, 1996 (Original certified copy provided to Court as Ex. 6 to MSJ) | ____ | ____ |
| 27. | Presentence Investigation Report, May 28, 1996 | ____ | ____ |

U.S. v. Luna
Plaintiff's Exhibit List - Page 3

| No. | Description | Adm. | Exd. |
|-----|-------------|------|------|
| 28. | Judgment in a Criminal Case, U.S. v. Luna, Case No. 1:96CR00077-001, July 24, 1996 (Original certified copy provided to Court as Ex. 5 to MSJ) | ____ | ____ |
| 29. | Criminal Docket, Case No. 96-CR-77 | ____ | ____ |
| 30. | Affidavit of Servando Luna, June 6, 1995 (Original certified copy provided to Court along with Exs. 11-15 to Reply) | ____ | ____ |

Criminal Proceedings - Maria Muniz-Reyes

| No. | Description | Adm. | Exd. |
|-----|-------------|------|------|
| 31. | Judgment in a Criminal Case, U.S. v. Muniz-Reyes, Case No. 1:95CR00306-005, May 20, 1996 | ____ | ____ |
| 32. | Criminal Docket, 95-CR-306-5 | ____ | ____ |
| 33. | Trial Transcripts, Volumes I through III, U.S. v. Muniz-Reyes, Crim. No. B-95-306-S1, February 23 - 27, 1996 Pages 141 - 193, selected portions: | | |
| | Page 150:8-25 | ____ | ____ |
| | Page 151:1-25 | ____ | ____ |
| | Page 152:1-25 | ____ | ____ |
| | Page 153:1-25 | ____ | ____ |
| | Page 154:11-16 | ____ | ____ |
| | Page 155:1-14 | ____ | ____ |
| | Page 166:10-24 | ____ | ____ |
| | Page 168:15-25 | ____ | ____ |
| | Page 174:4-25 | ____ | ____ |
| | Page 175:1-6 | ____ | ____ |
| | Page 177:1-25 | ____ | ____ |
| | Page 178:10-25 | ____ | ____ |
| | Page 179:1-21 | ____ | ____ |
| | Page 180:17-20 | ____ | ____ |
| | Page 181:1-22 | ____ | ____ |
| | Pages 342 - 432, selected portions: | | |
| | Page 382:1-25 | ____ | ____ |
| | Page 383:1-25 | ____ | ____ |
| | Page 384:1-3 | ____ | ____ |

| No. | Description | Adm. | Exd. |
|-----|-------------|------|------|
| 34. | Plea Agreement, U.S. v. Muniz-Reyes, Crim. No. B-96-077 | ____ | ____ |
| 35. | Judgment in a Criminal Case, U.S. v. Muniz-Reyes, Case No. 1:96CR00077-002, August 1, 1996 | ____ | ____ |

Criminal Proceedings - Jose Luis Reyes, et al

| | | | |
|-----|-------------|------|------|
| 36. | Criminal Complaint, U.S. v. Cavazos, Arizmendi, Lucio, Muniz-Reyes, Case No. B-95-306, November 13, 1995 | ____ | ____ |
| 37. | Indictment, U.S. v. Reyes, Cavazos, Arizmendi, Lucio, Muniz-Reyes, Cavazos, Vega, Crim. No. B-95-306, December 5, 1995 | ____ | ____ |
| 38. | Superseding Indictment, U.S. v. Reyes, Cavazos, Arizmendi, Lucio, Muniz-Reyes, Cavazos, Vega, December 19, 1995 | ____ | ____ |
| 39. | Judgment in a Criminal Case, U.S. v. Reyes, Case No. 1:95CR00306-001, May 10, 1996 | ____ | ____ |
| 40. | Judgment in a Criminal Case, U.S. v. Cavazos, Case No. 1:95CR00306-002, July 1, 1996 | ____ | ____ |
| 41. | Judgment in a Criminal Case, U.S. v. Arizmendi, Case No. 1:95CR00306-003, May 20, 1996 | ____ | ____ |
| 42. | Judgment in a Criminal Case, U.S. v. Lucio, Case No. 1:95CR00306-004, September 16, 1996 | ____ | ____ |

Criminal Proceedings - Ramiro Santoscoy

| | | | |
|-----|-------------|------|------|
| 43. | Criminal Complaint, U.S. v. Santoscoy, Case No. B-96-007, December 7, 1995 | ____ | ____ |
| 44. | Indictment, U.S. v. Santoscoy, Crim. No. B-96-007, January 2, 1996 | ____ | ____ |
| 45. | Plea Agreement, U.S. v. Santoscoy, Crim. No. B-96-007, February 22, 1996 | ____ | ____ |

//

| No. | Description | Adm. | Exd. |
|-----|-------------|------|------|
| 46. | Judgment in a Criminal Case, U.S. v. Santoscoy, Case No. 1:96CR00007-002, July 24, 1996 | _____ | _____ |
| 47. | Criminal Docket, Case No. 96-CR-7 | _____ | _____ |

Respectfully Submitted,

ROBERT D. McCALLUM, JR.
Acting Assistant Attorney General
Civil Division

RICHARD M. EVANS
Assistant Director
MICHELLE R. SLACK
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-9340

ANGELA A. CRIDER, Attorney in Charge
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
c/o Immigration & Naturalization Service
P.O. Box 670049
Houston, Texas 77267-0049
Telephone: (281) 774-4731
Facsimile: (281) 774-5996
Texas Bar No. 00790530
Southern District of Texas No. 26859

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above Plaintiff's Exhibit List was mailed by first class mail to Defendant's attorney, Philip Cowen, at 500 East Levee, Brownsville, Texas 78520 on this the 18th day of September, 2002.

Angela A. Crider, Trial Attorney
Primary Counsel for Plaintiff,
United States of America

U.S. v. Luna
Plaintiff's Exhibit List - Page 7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. B-01-115 |
| | ) | |
| | ) | **PLAINTIFF'S WITNESS LIST**[1] |
| v. | ) | |
| | ) | JUDGE HILDA G. TAGLE |
| SERVANDO LUNA, | ) | |
| | ) | Case Manager: Letty Garza |
| Defendant. | ) | Court Reporter: Breck Record |
| | ) | |

List of                     Proceeding                    Date

_____        _____        _____

The following individuals may be called by the plaintiff to testify in the trial of this case:

1.  Servando Luna
    124 Avenida Del Palacio
    Brownsville, Texas 78520

    Mr. Luna will testify regarding the facts relating to his naturalization application, his
    naturalization, and the criminal activities leading to his conviction for possession with
    intent to distribute marijuana.

2.  Jose Armando Farias
    Special Agent
    Immigration and Naturalization Service
    United States Department of Justice
    2102 Teege Avenue
    Harlingen, Texas 78550

    Mr. Farias will testify regarding the facts relating to the naturalization application process
    and Mr. Luna's naturalization application.

---

[1] Plaintiff reserves the right to call rebuttal or impeachment witnesses who might not be listed herein.

3.  Dora Sotelo
    Assistant Port Director
    Immigration and Naturalization Service
    United States Department of Justice
    2102 Teege Avenue
    Harlingen, Texas 78550

    Ms. Sotelo will testify regarding the facts relating to the naturalization application process
    and Mr. Luna's naturalization application.

4.  Oralia Gonzales
    Supervisory District Adjudications Officer
    Immigration and Naturalization Service
    2102 Teege Avenue
    Harlingen, Texas 78550

    Ms. Gonzales will testify regarding the facts relating to the naturalization application
    process.

5.  Rey Buendia
    United States Probation Officer
    United States Courthouse
    600 East Harrison Street, #103
    Brownsville, Texas 78520-7122

    Mr. Buendia will testify regarding the facts relating to Mr. Luna's probation in U.S. v.
    Luna, Case No. B-96-077-01, and the presentence investigation in that case.

6.  Michele Battistelli
    Special Agent, United States Customs Service
    4141 North Sam Houston Parkway East, Ste. 300
    Houston, Texas 77032

    Mr. Battistelli will testify regarding the facts relating to Mr. Luna's participation in drug
    possession and drug distribution activities.

7.  Nick DiNicola
    Special Agent, United States Customs Service
    Office of Investigations, SAIC Buffalo
    1780 D Wehrle
    Williamsville, New York 14221

    Mr. DiNicola will testify regarding the facts relating to Mr. Luna's participation in drug

possession and drug distribution activities.

8.    Abraham Rodriguez
      Investigator, Cameron County District Attorney's Office
      974 East Harrison Street
      Brownsville, Texas 78520

      Mr. Rodriguez will testify regarding the facts relating to Mr. Luna's participation in drug possession and drug distribution activities.

9.    Ramiro Santoscoy
      Diego Duran #236 Jardines del la Paz
      Tlaquepaque, Jalisco
      Mexico

      Mr. Santoscoy will testify regarding the facts relating to Mr. Luna's participation in drug possession and drug distribution activities.

10.   Virginia Cavazos
      45 Topaz Street
      Brownsville, Texas 78520

      Ms. Cavazos will testify regarding the facts relating to Mr. Luna's participation in drug possession and drug distribution activities.

11.   Joe Valle
      Attorney at Law
      1120 East 10th Street
      Brownsville, Texas 78520

      Mr. Valle will testify regarding the facts relating to Mr. Luna's criminal proceedings.

12.   Mary Luna
      224 Linda Lane
      Brownsville, Texas 78520

      Ms. Luna will testify regarding the facts relating to her assisting Mr. Luna in completing his application for naturalization.

//

//

13.   Jose Luis Reyes
      Address unknown at this time.  Plaintiff believes Mr. Reyes is incarcerated in a Federal
      Correctional Facility in Fort Worth, Texas, and will provide Mr. Reyes' address as soon as
      it becomes known.

      Mr. Reyes will testify regarding the facts relating to Mr. Luna's participation in drug
      possession and drug distribution activities.


                              Respectfully Submitted,

                              ROBERT D. McCALLUM, JR.
                              Acting Assistant Attorney General
                              Civil Division

                              RICHARD M. EVANS
                              Assistant Director
                              MICHELLE R. SLACK
                              Trial Attorney
                              Office of Immigration Litigation
                              U.S. Department of Justice, Civil Division
                              P.O. Box 878, Ben Franklin Station
                              Washington, D.C.  20044
                              Telephone: (202) 616-9340


                              ANGELA A. CRIDER, Attorney in Charge
                              Trial Attorney
                              Office of Immigration Litigation
                              U.S. Department of Justice, Civil Division
                              c/o Immigration & Naturalization Service
                              P.O. Box 670049
                              Houston, Texas 77267-0049
                              Telephone: (281) 774-4731
                              Facsimile: (281) 774-5996
                              Texas Bar No. 00790530
                              Southern District of Texas No. 26859


U.S. v. Luna
Plaintiff's Witness List - Page 4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above Plaintiff's Witness List was mailed by first class mail to Defendant's attorney, Philip Cowen, at 500 East Levee, Brownsville, Texas 78520 on this the 18th day of September, 2002.

Angela A. Crider, Trial Attorney
Primary Counsel for Plaintiff,
United States of America

U.S. v. Luna
Plaintiff's Witness List - Page 5