29

United States District Court
Southern District of Texas
FILED

SEP 25 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

SERVANDO LUNA,

Defendant.

Civil Action No. B 01-115

**PLAINTIFF'S FIRST AMENDED PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

I. PROPOSED FINDINGS OF FACT

A. Agreed Facts

1. Defendant, Servando Luna, is a naturalized citizen of the United States. (See Plaintiff's Ex. 1, Certificate of Naturalization.)

2. On December 21, 1994, defendant filed with the United States Immigration and Naturalization Service an "Application for Naturalization" – INS Form N-400, based on his eligibility to apply for naturalization as an individual who has been a lawful permanent resident for at least five years. (See Plaintiff's Ex. 2, Application for Naturalization.)

3. Part 7, Question 15(a) of the application asks: "Have you ever: ... knowingly committed a crime for which you have not been arrested?" (See Plaintiff's Ex. 2 at p. 3.)

4. Defendant's written answer to Part 7, Question 15(a) was "No." (See Plaintiff's Ex. 2 at p. 3.)

5. On October 26, 1995, INS Officer Jose Armando Farias interviewed defendant, under oath and in the Spanish language, regarding his application for naturalization. (See Plaintiff's Ex.2; see also Plaintiff's Ex. 11, Declaration of Jose Armando Farias, at ¶ 2.)

6. On October 26, 1995, the INS approved defendant's application for naturalization. (See Plaintiff's Ex. 2; see also Plaintiff's Ex. 11 at ¶ 2.)

7. On December 4, 1995, defendant became a naturalized citizen of the United States and was issued Certificate of Naturalization, Number 22014670. (See Plaintiff's Ex. 1.)

B. Contested Facts

1. On December 16, 1994, defendant signed his application for naturalization under penalty of perjury. (See Plaintiff's Ex. 2 at p. 4.)

2. During his naturalization interview on October 26, 1995, INS Officer Jose Armando Farias asked defendant, in Spanish, whether he had ever committed a crime for which he had not been arrested. (See Plaintiff's Ex. 11 at ¶¶ 4-5; see also Plaintiff's Ex. 2 at p. 3.)

3. In response to this question, defendant reaffirmed his answer to Part 7, Question 15(a) on his application by testifying orally, under oath, that he had never committed a crime for which he had not been arrested. (See Plaintiff's Ex. 11 at ¶¶ 5-8; see also Plaintiff's Ex. 2 at p. 3.) Defendant concealed the fact that he had committed crimes relating to possession with intent to distribute marijuana. (See id.)

4. At the end of his naturalization interview on October 26, 1995, defendant signed a sworn statement that the contents of his application, as amended during the interview,

were true. (See Plaintiff's Ex. 2 at p. 4; see also Plaintiff's Ex. 11 at ¶ 7.)

5. The INS approved defendant's naturalization application on October 26, 1995, based, inter alia, on his written application and the testimony he provided during his naturalization interview. (See Plaintiff's Ex. 11 at ¶ 2; see also Plaintiff's Ex. 2.)

6. On December 4, 1995, defendant became a naturalized citizen of the United States by taking the oath of allegiance in the United States District Court for the Southern District of Texas at Brownsville, Texas. (See Plaintiff's Ex. 1.)

7. Prior to filing his application for naturalization, defendant knew that marijuana possession and distribution, as well as conspiracy to possess or distribute marijuana, were crimes. (See Plaintiff's Motion for Summary Judgment ("MSJ"), Ex. 3, Deposition of Servando Luna, at p. 160:11-19.)

8. Between 1992 and 1995, defendant committed the offense of Conspiracy to Possess with Intent to Distribute Over 1000 Kilograms of Marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (See Plaintiff's Ex. 33, Trial Transcripts, U.S. v. Muniz-Reyes, at pp. 150-181; see also Plaintiff's Exs. 12-15, U.S. Customs Reports of Investigation; Defendant's failure to respond to Plaintiff's First Amended Complaint to Revoke Naturalization.)

9. Between January 1, 1995, and April 26, 1995, defendant committed the offense of Possession with Intent to Distribute Approximately 250 Kilograms of Marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2.[1] (See Plaintiff's Ex. 28,

[1] As addressed in plaintiff's motion for summary judgment, plaintiff has established this fact through the doctrine of affirmative collateral estoppel. Defendant, however, disputes this fact and the application of affirmative collateral estoppel. In the event that the doctrine of affirmative collateral estoppel does not apply to

Judgment in a Criminal Case; see also Plaintiff's Exs. 12-15; Plaintiff's Ex. 17, Criminal Complaint; Plaintiff's Ex. 21, Indictment; Plaintiff's Ex. 26, Transcript of Rearraignment and Sentencing Proceedings Before Honorable Filemon B. Vela; Plaintiff's Ex. 27, Presentence Investigation Report.)

10. On February 21, 1996, government officials arrested defendant for Conspiracy to Possess with Intent to Distribute Over 1000 Kilograms of Marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and for Possession with Intent to Distribute Approximately 250 Kilograms of Marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2. (See Plaintiff's Exs. 14 and 17; see also MSJ, Ex. 3 at p. 49:14-18.)

11. A grand jury of the United States District Court for the Southern District of Texas indicted defendant for these offenses on March 13, 1996. (See Plaintiff's Ex. 21; see also Plaintiff's Ex. 12, Plaintiff's First Set of Requests for Admissions, Interrogatories and Requests for Production, Request for Admission No. 6; Plaintiff's Ex. 13, Defendant's Response to Plaintiff's Requests for Admissions, Interrogatories and Requests for Production of Documents, Admission No. 6.) The indictment states that the conspiracy offenses were committed between 1992 and 1995 and that the possession with intent to distribute offenses were committed between January 1, 1995, and April 26, 1995. (See id.)

12. On May 2, 1996, defendant pled guilty to Count II of the indictment -

---

establish that defendant committed the crime for which he pled guilty, this fact would be in bona fide controversy and plaintiff will establish this fact through evidence presented at trial.

Possession with Intent to Distribute Approximately 250 Kilograms of Marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2, committed between January 1, 1995, and April 26, 1995. (See Plaintiff's Exs. 21, 26, 28; see also Plaintiff's Ex. 12, Request for Admission No. 7; Plaintiff's Ex. 13, Admission No. 7.)

13. Defendant was convicted for Possession with Intent to Distribute Approximately 250 Kilograms of Marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2 on July 24, 1996. (See Plaintiff's Exs. 26, 28; see also Plaintiff's Ex. 12, Request for Admission No. 8; Plaintiff's Ex. 13, Admission No. 8.)

14. On July 24, 1996, based on his conviction for Possession with Intent to Distribute Approximately 250 Kilograms of Marijuana, defendant was sentenced to 37 months imprisonment in the United States Bureau of Prisons, to be followed by supervised release for a term of four years. (See Plaintiff's Ex. 28; see also Plaintiff's Ex. 12, Request for Admission No. 9; Plaintiff's Ex. 13, Admission No. 9.)

15. Defendant knew that he had committed crimes relating to possession and distribution of marijuana when he signed his application for naturalization under penalty of perjury on December 16, 1994. (See Plaintiff's Ex. 33 at pp. 150-181; see also Plaintiff's Exs. 12-15; MSJ, Ex. 3 at p. 160:11-19.)

16. Defendant knew that he had committed crimes relating to possession and distribution of marijuana when he filed his naturalization application on December 21, 1994. (See Plaintiff's Ex. 33 at pp. 150-181; see also Plaintiff's Exs. 12-15; MSJ, Ex. 3 at p. 160:11-19.)

17. Defendant knew that he had committed crimes relating to possession and

distribution of marijuana when he was interviewed under oath by an INS officer regarding his application on October 26, 1995. (See Plaintiff's Ex. 26 at pp. 13:3-25, 14:1-25, 15:1-12; MSJ, Ex. 3 at p. 160:11-19; Plaintiff's Exs. 12-15, 28.)

18. Defendant knew that he had committed crimes relating to possession and distribution of marijuana when he signed a sworn statement at his naturalization interview on October 26, 1995, that the contents of his application, as amended during the interview, were true. (See Plaintiff's Ex. 26 at pp. 13:3-25, 14:1-25, 15:1-12; MSJ, Ex. 3 at p. 160:11-19; Plaintiff's Exs. 12-15, 28.)

19. Defendant knew that he had committed crimes relating to possession and distribution of marijuana when he became a naturalized citizen on December 4, 1995. (See Plaintiff's Ex. 26 at pp. 13:3-25, 14:1-25, 15:1-12; MSJ, Ex. 3 at p. 160:11-19; Plaintiff's Exs. 12-15, 28.)

20. Defendant misrepresented or concealed that he had committed crimes relating to possession and distribution of marijuana when he signed his naturalization application under penalty of perjury on December 16, 1994. (See Plaintiff's Ex. 2, 11.)

21. Defendant misrepresented or concealed that he had committed crimes relating to possession and distribution of marijuana when he filed his naturalization application on December 21, 1994. (See Plaintiff's Ex. 2, 11.)

22. Defendant misrepresented or concealed that he had committed crimes relating to possession and distribution of marijuana when he was interviewed, under oath, by INS Officer Jose Armando Farias on October 26, 1995. (See Plaintiff's Ex. 2, 11.)

23. Defendant misrepresented or concealed that he had committed crimes relating to possession and distribution of marijuana when he signed a sworn statement at the end of his naturalization interview on October 26, 1995, that the contents of his naturalization application, as amended during the interview, were true. (See Plaintiff's Ex. 2, 11.)

24. Defendant knew that his representations regarding his criminal activities were false and misleading; therefore, they were willful. (See MSJ, Ex. 3 at p. 160:11-19.)

25. The facts relating to defendant's drug possession and distribution would have had a natural tendency to affect the INS' decision whether to approve defendant's naturalization application. (See Plaintiff's Ex. 11 at ¶ 6.) In fact, the INS would not have approved defendant's naturalization application had defendant revealed his criminal activities prior to his naturalization. (See id.)

26. By testifying at his naturalization interview that he had never committed a crime for which he had not been arrested, defendant provided false testimony to the INS. (See Plaintiff's Exs. 2, 11.)

27. Defendant provided false testimony for the purpose of obtaining naturalization, a benefit under the INA. (See Plaintiff's Exs. 2, 11.)

28. By misrepresenting or concealing on his naturalization application and during his naturalization interview his commission of crimes relating to drug possession and distribution, defendant willfully misrepresented or concealed a material fact. (See Plaintiff's Ex. 11 at ¶ 6.)

II. PROPOSED CONCLUSIONS OF LAW

A. Section 340(a) of the INA, 8 U.S.C. § 1451(a) mandates the revocation of naturalization that was either illegally procured or procured by willful misrepresentation or concealment of a material fact.

B. Section 316(a)(3) of the INA, 8 U.S.C. § 1427(a)(3) provides that no person shall be naturalized unless the person, during all periods referred to in that subsection, has been and still is person of good moral character.

C. The applicable statutory period for which good moral character is required in this case begins five years prior to the filing of the application for naturalization and continues until the applicant takes the oath of allegiance and becomes a United States citizen. INA § 316(a), 8 U.S.C. § 1427(a); 8 C.F.R. 316.10(a)(1).

D. Conspiracy to Possess with Intent to Distribute Over 1000 Kilograms of Marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and Possession with Intent to Distribute Approximately 250 Kilograms of Marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2 are aggravated felonies, controlled substance offenses, and crimes involving moral turpitude. See INA §§ 101(a)(43)(B), 212(a)(2)(A)(i), 212(a)(2)(C); 8 U.S.C. §§ 1101(a)(43)(B), 1182 (a)(2)(A)(i), 1182(a)(2)(C); see also Matter of Khourn, 21 I. & N. Dec. 1041 (BIA 1997).

E. The commission of offenses relating to possession with intent to distribute marijuana during the statutory period precludes an individual from establishing the good moral character statutorily required for naturalization. 8 C.F.R. §§ 316.10(a)(2), (b)(3)(iii).

F. Because defendant committed Conspiracy to Possess with Intent to Distribute Over 1000 Kilograms of Marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, during the five years preceding his naturalization application, he was precluded from establishing the good moral character statutorily required for naturalization; therefore, defendant was ineligible for naturalization. 8 C.F.R. §§ 316.10(a)(2), (b)(3)(iii).

G. Because defendant committed Possession with Intent to Distribute Approximately 250 Kilograms of Marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2 during the five years preceding his naturalization application, he was precluded from establishing the good moral character statutorily required for naturalization; therefore, defendant was ineligible for naturalization. 8 C.F.R. §§ 316.10(a)(2), (b)(3)(iii).

H. Because defendant was statutorily ineligible for naturalization, he illegally procured his naturalization and, accordingly, his naturalization must be revoked. INA § 340(a), 8 U.S.C. § 1451(a).

I. False testimony during the statutory period precludes an individual from establishing the good moral character statutorily required for naturalization. INA § 101(f)(6), 8 U.S.C. § 1101(f)(6).

J. Because defendant provided false testimony at his naturalization interview on October 26, 1995, for the purpose of obtaining naturalization, he was precluded from establishing the good moral character statutorily required for naturalization; therefore, defendant was ineligible for naturalization. INA § 101(f)(6), 8 U.S.C. § 1101(f)(6).

K. Because defendant was statutorily ineligible for naturalization, he illegally procured

his naturalization and, accordingly, his naturalization must be revoked. INA § 340(a), 8 U.S.C. § 1451(a).

L. A misrepresentation or concealment is willful if it is deliberate and voluntary, and proof of intent to deceive is not required; knowledge of the falsity of the representation is sufficient to establish a misrepresentation's willfulness under 8 U.S.C. § 1451(a). Witter v. I.N.S., 113 F.3d 549 (5th Cir. 1997).

M. A misrepresentation or concealment is material if it "was predictably capable of affecting, i.e., had a natural tendency to affect, the official decision." Kungys v. United States, 485 U.S. 759, 771 (1988); see also United States v. Stelmokas, 100 F.3d 302, 317-18 (3d Cir. 1996); In re Petition of Haniatakis, 376 F.2d 728, 730 (3d Cir. 1967). More specifically, materiality depends upon "whether the misrepresentation or concealment had a natural tendency to produce the conclusion that the applicant was qualified [to naturalize]." Kungys, 485 U.S. at 771-72. Because it would have had a natural tendency to affect the INS's decision whether to approve defendant's naturalization application, and in fact would have caused the INS not to approve defendant's application, defendant's commission of offenses relating to possession with intent to distribute marijuana during the statutory period is a material fact.

N. Once it is shown that any fact misrepresented or concealed by the defendant was material and that such fact raises a fair inference that a disqualifying fact existed at the time of naturalization, which has been established in this case, the defendant is presumed to have procured his naturalization on account of the misrepresentations and concealment. Kungys, 485 U.S. at 783 (Brennan, J., concurring). Because defendant willfully misrepresented or concealed a

material fact, i.e. his commission of offenses relating to possession with intent to distribute marijuana during the naturalization process, defendant procured his naturalization by willful misrepresentation or concealment of a material fact. See Kungys, 485 U.S. at 773 (opinion of Scalia, J.); id. at 783-84 (opinion of Brennan, J.); id. at 787-89 (opinion of Stevens, J.).

O. Because defendant procured his naturalization by willful misrepresentation of material facts, his naturalization must be revoked. INA § 340(a), 8 U.S.C. § 1451(a).

P. Because defendant procured his naturalization by willful concealment of material facts, his naturalization must be revoked. INA § 340(a), 8 U.S.C. § 1451(a).

Q. Because defendant was convicted of possession with intent to distribute marijuana pursuant to a guilty plea, the United States has established, as a matter of law through the doctrine of affirmative collateral estoppel that defendant knowingly committed Possession with Intent to Distribute Approximately 250 Kilograms of Marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2, and defendant is prohibited from introducing evidence or arguing that he did not commit this crime. See Emich Motors Corp. v. General

//

//

//

//

//

//

//

Motors Corp., 340 U.S. 558, 568-69 (1951); Green v. Amerada Hess Corp., 707 F.2d 201 (5th Cir. 1983); Stovall v. Price Waterhouse Co., 652 F.2d 537 (5th Cir. 1981); Tomlinson v. Lefkowitz, 334 F.2d 262, 264 (5th Cir. 1964).

Respectfully Submitted,

ROBERT D. McCALLUM, JR.
Acting Assistant Attorney General
Civil Division

RICHARD M. EVANS
Assistant Director
MICHELLE R. SLACK
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-9340

ANGELA A. CRIDER, Attorney in Charge
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice, Civil Division
c/o Immigration & Naturalization Service
P.O. Box 670049
Houston, Texas 77267-0049
Telephone: (281) 774-4731
Facsimile: (281) 774-5996
Texas Bar No. 00790530
Southern District of Texas No. 26859

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above Plaintiff's Proposed Findings of Fact and Conclusions of Law was mailed by first class mail to Defendant's attorney, Philip Cowen, at 500 East Levee, Brownsville, Texas 78520 on this the 25 day of September, 2002.

Angela A. Crider, Trial Attorney
Primary Counsel for Plaintiff,
United States of America