30

United States District Court
Southern District of Texas
FILED

SEP 2 5 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civil Action No. B 01-115 |
| Plaintiff, | ) | |
| v. | ) | |
| SERVANDO LUNA, | ) | |
| Defendant. | ) | |

### PLAINTIFF'S FIRST AMENDED PRETRIAL MEMORANDUM OF LAW[1]

**I.    STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING**

This is an action under section 340(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1451(a), to revoke and set aside the order of naturalization of Servando Luna and to cancel his Certificate of Naturalization, Number 22014670. Cross motions for summary judgment are pending, and a final pretrial hearing is set for October 3, 2002, at 1:30 p.m.

**II.   STATEMENT OF THE ISSUES TO BE RULED UPON BY THE COURT**

Whether clear, unequivocal and convincing evidence establishes any of the following:

A.    that defendant illegally procured his naturalization because his commission of crimes relating to drug possession and distribution precluded him from establishing the good moral character required for naturalization; or

B.    that defendant illegally procured his naturalization by falsely testifying with regard to his criminal history at his naturalization interview; or

---

[1] Plaintiff submits this pretrial memorandum to provide the Court with an overview of what the facts and evidence will prove at the trial of this case. Plaintiff will provide a supplemental post-trial brief, if directed by the Court, to address any issues necessary at that time.

  C. that defendant procured his naturalization by willfully misrepresenting or concealing the material facts relating to his criminal history.

## III. PROCEDURAL BACKGROUND

On June 28, 2001, the United States filed a Complaint to revoke Servando Luna's naturalized citizenship on the grounds that it was procured illegally and by willful misrepresentation and concealment of material facts. The affidavit of Janette Martinez, an officer of the Immigration and Naturalization Service ("INS"), showing good cause for the action was appended to the complaint. Mr. Luna was personally served with the Complaint and Summons on July 3, 2001. On August 17, 2001, Mr. Luna filed an answer in response to the United States' complaint.

On April 24, 2002, the United States filed Plaintiff's First Amended Complaint to revoke Servando Luna's naturalized citizenship on the grounds that it was procured illegally and by willful misrepresentation and concealment of material facts. The affidavit of Janette Martinez, an officer of the INS, showing good cause for the action was appended to the amended complaint. Mr. Luna was served with the amended complaint through his attorney by first class mail. See Fed. R. Civ. P. 5 (permitting service by mail). Mr. Luna filed no answer to the amended complaint.

## IV. FACTUAL BACKGROUND

### A. Mr. Luna's Criminal Conduct and History

Government officials arrested Mr. Luna on February 21, 1996, for Conspiracy to Possess with Intent to Distribute Over 1000 Kilograms of Marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and for Possession with Intent to Distribute Approximately 250 Kilograms of Marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C.

§ 2. (See Plaintiff's Ex. 17,[2] Criminal Complaint, dated February 21, 1996; see also Plaintiff's Ex. 14, United States Customs Service Report of Investigation, dated April 8, 1996, at p. 4; Deposition of Servando Luna, March 28, 2002, portions of which are attached to Plaintiff's Motion for Summary Judgment ("MSJ") as Ex. 3, at p. 49:14-18.) A grand jury for the United States District Court, Southern District of Texas, indicted Mr. Luna for these offenses on March 13, 1996. (See Plaintiff's Ex. 21, Indictment, dated March 13, 1996.) According to the indictment, Mr. Luna committed the crime of conspiracy to possess with intent to distribute over 1000 kilograms of marijuana from September 1, 1992, through June 1, 1995. (Plaintiff's Ex. 21.) The indictment indicates that he committed the crime of possession with intent to distribute from January 1, 1995, through April 26, 1995. (Id.; see also Plaintiff's Ex. 26, Transcript of Rearraignment and Sentencing Proceedings, dated May 2, 1996, July 15, 1996, at pp. 13:8-25, 14:1-25.) On May 2, 1996, Mr. Luna pled guilty to Count II of the Indictment - Possession with Intent to Distribute Approximately 250 Kilograms of Marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2, committed between January 1, 1995, and April 26, 1995, and was convicted for this offense on July 24, 1996. (See Plaintiff's Exs. 21, 26; see also Plaintiff's Ex. 28, Judgment in a Criminal Case, dated July 24, 1996.) On July 24, 1996, based on his conviction for Possession with Intent to Distribute Approximately 250 Kilograms of Marijuana, United States District Court Judge Vela sentenced Mr. Luna to 37 months imprisonment in the United States Bureau of Prisons, to be followed by supervised release for a term of four years. (See Plaintiff's Ex. 28.)

    **B.**    **Mr. Luna's Naturalization Proceedings**

---

[2] Plaintiff's Exhibits referenced herein are numbered as they appear in Plaintiff's Exhibit List.

On December 21, 1994, Mr. Luna filed with the INS, an Application for Naturalization, INS Form N-400. (See Plaintiff's Ex. 2, Servando Luna's Application for Naturalization, INS Form N-400.) Part 7, Question 15(a) of the application asks: "Have you ever: knowingly committed any crime for which you have not been arrested?" (See id. at p. 3.) On his application, Mr. Luna answered "No" to that question. (Id.) Prior to filing his application with the INS, on December 16, 1994, Mr. Luna signed his application under penalty of perjury, thereby swearing or affirming that the contents of the application were true and correct. (Id. at p. 4.)

On October 26, 1995, Jose Armando Farias, an officer of the INS, interviewed Mr. Luna regarding the contents of his naturalization application. (See Plaintiff's Ex. 11, Declaration of Jose Armando Farias,[3] at ¶ 2; see also Plaintiff's Ex. 2.) At the beginning of this interview, Officer Farias placed Mr. Luna under oath. (Plaintiff's Ex. 11 at ¶ 3.) During this interview, Mr. Farias asked Mr. Luna, in Spanish, if he had ever committed a crime for which he had not been arrested. (Id. at ¶ 5; see also Ex. 2 at p. 3.) Mr. Farias also asked Mr. Luna, in Spanish, if he had ever been arrested or detained for any reason by law enforcement. (Id.) Mr. Luna testified that he had been arrested once, for Driving While Intoxicated in 1984, but testified that he had never committed a crime for which he had not been arrested. (Plaintiff's Ex. 11 at ¶¶ 5-8; see also Plaintiff's Ex. 2 at p. 3.) At the end of that interview, Mr. Luna signed a sworn statement that the contents of his application were true. (Plaintiff's Ex. 2 at p. 4; Plaintiff's Ex. 11 at ¶ 7.) On October 26, 1995, based upon Mr. Luna's answers to the questions on the application and his testimony given during his naturalization interview, the INS approved Mr. Luna's application for

---

[3] Plaintiff refers to Officer Farias' declaration as an illustration of what Officer Farias' testimony at trial is expected to be.

naturalization. (Plaintiff's Ex. 11 at ¶ 2; see also Plaintiff's Ex. 2.) Mr. Luna became a naturalized citizen by taking the oath of citizenship on December 4, 1995, and was issue Certificate of Naturalization, Number 22014670. (See Plaintiff's Ex. 1, Certificate of Naturalization.)

## V.   DISCUSSION AND ARGUMENT

Section 340(a) of the INA, 8 U.S.C. § 1451(a), mandates the revocation of naturalization that was either illegally procured or procured by willful misrepresentation or concealment of a material fact. To prevail in a denaturalization proceeding, the government must prove its case by clear, convincing, and unequivocal evidence, and leave no issue in doubt. Fedorenko v. United States, 449 U.S. 490, 505 (1981). Once a district court determines that the government has met its burden of proving that a naturalized citizen obtained his citizenship illegally or by concealment of material fact or by willful misrepresentation, it has no discretion to excuse the conduct, and must enter a judgment of denaturalization. Id. at 517.

### A.   Mr. Luna Illegally Procured his Naturalization

**1.   Mr. Luna illegally procured his naturalization because his commission of crimes relating to drug possession and distribution precluded him from establishing the good moral character required for naturalization.**

By committing the crimes of conspiracy to possess with intent to distribute marijuana between 1992 and 1995 and of possession with intent to distribute marijuana between January 1, 1995, and April 26, 1995, and in the absence of any extenuating circumstances outweighing his adverse criminal conduct, Mr. Luna lacked the good moral character required for naturalization, rendering his naturalization illegally procured and necessitating its revocation pursuant to section 340(a) of the INA, 8 U.S.C. § 1451(a). Section 316(a)(3) of the INA, 8 U.S.C. § 1427(a)(3)

Plaintiff's Pretrial Memo - Page 5

provides that no person shall be naturalized unless the person, during all periods referred to in that subsection, has been and still is person of good moral character. The statutory period for which good moral character is required in this case begins five years prior to the filing of the application for naturalization and continues until the applicant takes the oath of allegiance and becomes a United States citizen. INA § 316(a), 8 U.S.C. § 1427(a); 8 C.F.R. 316.10(a)(1).

Conspiracy to Possess with Intent to Distribute Over 1000 Kilograms of Marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and Possession with Intent to Distribute Approximately 250 Kilograms of Marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2 are aggravated felonies, controlled substance offenses, and crimes involving moral turpitude. See INA §§ 101(a)(43)(B), 212(a)(2)(A)(i), 212(a)(2)(C); 8 U.S.C. §§ 1101(a)(43)(B), 1182 (a)(2)(A)(i), 1182(a)(2)(C); see also Matter of Khourn, 21 I. & N. Dec. 1041 (BIA 1997). The commission of offenses relating to possession with intent to distribute marijuana during the statutory period precludes an individual from establishing the good moral character statutorily required for naturalization. 8 C.F.R. §§ 316.10(a)(2), (b)(3)(iii).

Because Mr. Luna committed Conspiracy to Possess with Intent to Distribute Over 1000 Kilograms of Marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and Possession with Intent to Distribute Approximately 250 Kilograms of Marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2 during the five years preceding his naturalization application, he was precluded from establishing the good moral character statutorily required for naturalization. 8 C.F.R. §§ 316.10(a)(2), (b)(3)(iii). Mr. Luna, therefore, was ineligible for naturalization. INA § 316(a)(3), 8 U.S.C. § 1427(a)(3). Because he was ineligible for naturalization, his naturalization was illegally procured. Accordingly, his naturalization must

be revoked. INA § 340(a), 8 U.S.C. § 1451(a).

### 2. Mr. Luna illegally procured his naturalization because his false testimony at his naturalization interview precluded him from establishing the good moral character required for naturalization.

False testimony with intent to obtain naturalization, a benefit under the Immigration and Nationality Act during the statutory period also precludes an individual from establishing the good moral character statutorily required for naturalization. INA § 101(f)(6), 8 U.S.C. § 1101(f)(6). Mr. Luna falsely testified at his naturalization interview that he had never committed a crime for which he had not been arrested. (See Plaintiff's Exs. 2, 11.) Because Mr. Luna provided false testimony at his naturalization interview on October 26, 1995, with the intent to obtain naturalization, a benefit under the Immigration and Nationality Act, he was precluded from establishing the good moral character statutorily required for naturalization. INA § 101(f)(6), 8 U.S.C. § 1101(f)(6). Mr. Luna, therefore, was ineligible for naturalization. INA § 316(a)(3), 8 U.S.C. § 1427(a)(3). Because he was ineligible for naturalization, his naturalization was illegally procured. Accordingly, Mr. Luna's naturalization must be revoked. INA § 340(a), 8 U.S.C. § 1451(a).

### B. Mr. Luna Procured his Naturalization by Willful Misrepresentation or Concealment of a Material Fact

In addition to illegally procured naturalization, section 340(a) of the INA, 8 U.S.C. § 1451(a), provides a separate and independent basis for the revocation of naturalization that is "procured by concealment of a material fact or by willful misrepresentation." There are four requirements for revocation of naturalization under this provision: (1) the naturalized citizen must have misrepresented or concealed some fact, (2) the misrepresentation or concealment must have been willful, (3) the fact must have been material, and (4) the naturalized citizen must have

Plaintiff's Pretrial Memo - Page 7

procured citizenship as a result of the misrepresentation or concealment. <u>Kungys v. United States</u>, 485 U.S. 759, 767 (1988).

### 1. Mr. Luna misrepresented and concealed his commission of crimes relating to possession with intent to distribute marijuana.

Mr. Luna committed the crime of Conspiracy to Possess with Intent to Distribute Over 1000 Kilograms of Marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 between 1992 and 1995. Further, Mr. Luna committed the offense of Possession with Intent to Distribute Approximately 250 Kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and 18 U.S.C. § 2 between January 1, 1995, and April 26, 1995.[4] Mr. Luna misrepresented or concealed that he had committed these crimes on his naturalization application and during his naturalization interview. (<u>See</u> Plaintiff's Ex. 2 at p. 3; <u>see also</u> Plaintiff's Ex. 11.)

### 2. Mr. Luna's misrepresentation and concealment of his commission of crimes relating to possession with intent to distribute marijuana were willful.

A misrepresentation or concealment is willful if it is deliberate and voluntary, and proof of intent to deceive is not required; knowledge of the falsity of the representation is sufficient to establish a misrepresentation's willfulness under 8 U.S.C. § 1451(a). <u>Witter v. I.N.S.</u>, 113 F.3d 549 (5th Cir. 1997). Mr. Luna misrepresented or concealed these facts, knowing that his representations were false and misleading. (<u>See</u> MSJ Ex. 3 at p. 160:11-19.) Because Mr. Luna knew that he had committed crimes relating to possession and distribution of marijuana, his

---

[4] Plaintiff contends that Mr. Luna's commission of this crime for which he was convicted on a plea of guilty is established through the doctrine of affirmative collateral estoppel and that Mr. Luna is thereby precluded from arguing or presenting evidence that he did not commit such crime. See <u>Emich Motors Corp. v. General Motors Corp.</u>, 340 U.S. 558, 568-69 (1951); <u>Green v. Amerada Hess Corp.</u>, 707 F.2d 201 (5th Cir. 1983); <u>Stovall v. Price Waterhouse Co.</u>, 652 F.2d 537 (5th Cir. 1981); <u>Tomlinson v. Lefkowitz</u>, 334 F.2d 262, 264 (5th Cir. 1964). In the event that the doctrine of affirmative collateral estoppel does not apply to establish that defendant committed the crime for which he pled guilty, plaintiff will establish this fact through evidence presented at trial.

representations or concealments were willful.

### 3. Mr. Luna's commission of crimes relating to possession with intent to distribute marijuana was material to his naturalization.

A misrepresentation or concealment is material if it "was predictably capable of affecting, i.e., had a natural tendency to affect, the official decision." Kungys, 485 U.S. at 771; see also United States v. Stelmokas, 100 F.3d 302, 317-18 (3d Cir. 1996); In re Petition of Haniatakis, 376 F.2d 728, 730 (3d Cir. 1967). More specifically, materiality depends upon "whether the misrepresentation or concealment had a natural tendency to produce the conclusion that the applicant was qualified [to naturalize]." Kungys, 485 U.S. at 771-72. Because it would have had a natural tendency to affect the INS's decision whether to approve defendant's naturalization application, and in fact would have caused the INS not to approve defendant's application, defendant's commission of offenses relating to possession with intent to distribute marijuana during the statutory period is a material fact.

### 4. Mr. Luna procured his naturalization by misrepresenting and concealing his commission of crimes relating to possession with intent to distribute marijuana.

There is a fair inference that a disqualifying fact existed at the time of naturalization and the defendant is presumed to have procured his naturalization on account of the misrepresentation and concealment once it is shown that any fact misrepresented or concealed by the defendant was material. Kungys, 485 U.S. at 783 (Brennan, J., concurring). Thus, Mr. Luna's misrepresentations and concealments satisfy the "procurement" prong of the material misrepresentation test under any of the standards discussed by the Court in Kungys. See Kungys, 485 U.S. at 773 (opinion of Scalia, J.); id. at 783-84 (opinion of Brennan, J.); id. at 787-89 (opinion of Stevens, J.). Because Mr. Luna willfully misrepresented or concealed a material fact,

Plaintiff's Pretrial Memo - Page 9

i.e. his commission of offenses relating to possession with intent to distribute marijuana during the naturalization process, he procured his naturalization by willful misrepresentation or concealment of a material fact. See Kungys, 485 U.S. at 773 (opinion of Scalia, J.); id. at 783-84 (opinion of Brennan, J.); id. at 787-89 (opinion of Stevens, J.). Accordingly, his naturalization must be revoked. INA § 340(a), 8 U.S.C. § 1451(a).

## VI.   CONCLUSION

Mr. Luna procured his naturalization illegally because his commission of conspiracy to possess with intent to distribute over 1000 kilograms of marijuana and his commission of possession with intent to distribute 250 kilograms of marijuana precluded him from establishing the good moral character required for naturalization. Mr. Luna was also precluded from establishing good moral character because he provided false testimony regarding his commission of these offenses at his naturalization interview in order to procure his naturalization. Finally, Mr. Luna procured his naturalization by willfully misrepresenting or concealing the material facts of his commission of conspiracy to possess with intent to distribute over 1000 kilograms of marijuana or his commission of possession with intent to distribute marijuana. Accordingly, Mr. Luna was ineligible to naturalize and his naturalization must be revoked.

Respectfully submitted,

ROBERT D. McCALLUM, JR.
Assistant Attorney General
Civil Division
RICHARD M. EVANS
Assistant Director
MICHELLE SLACK
Trial Attorney
Office of Immigration Litigation
U.S. Department of Justice, Civil Division

*/s/ Angela A. Crider*
ANGELA A. CRIDER, Attorney in Charge
Office of Immigration Litigation
P.O. Box 670049
Houston, Texas 77267-0049
Telephone: (281) 774-4746
Facsimile: (281) 774-5996
TX Bar No. 00790530
Southern District of Texas No. 26859

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above Plaintiff's Pretrial Memorandum of Law was mailed by first class mail to Defendant's attorney, Philip Cowen, at 500 East Levee, Brownsville, Texas 78520 on this the 25th day of September, 2002.

*[signature]*
Angela A. Crider, Trial Attorney
Primary Counsel for Plaintiff,
United States of America