IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 0 2 2002

Michael N. Milby
Clerk of Court

| | ) | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Civil Action No. B-01-115 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SERVANDO LUNA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

DEFENDANT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

I. Proposed Findings of Fact

1. Servando Luna answered all questions on his application for citizenship truthfully.

2. Servando Luna answered all questions during his citizenship process truthfully.

3. Servando Luna never misrepresented nor concealed any material facts on both his citizen application nor during his process undertaken by him to become a citizen.

4. The Government has no factual basis to support the denaturalization of Servando's Luna's citizenship.

II. Proposed Conclusions of Law

    A. That Section 340(a) of the INA, 8 U.S.C. Sec. 1451(a) requires that the burden of proof falls only upon the government in proving up any material and willful misrepresentation or concealment of a material fact. Fedorenko v. United States, 449 U.S. 490, 505 (1981); U.S. v.

Sprogis, 763 F.2d 115 (C.A.2 (N.Y.) 1985); Schneiderman v. United States, 320 U.S. 118, 122, 63 S.Ct. 1333, 1335, 87 L.Ed. 1796 (1943).

    B. That Section 340(a) of the INA, 8 U.S.C. Sec. 1451(a) requires that the government prove up actual material and willful misrepresentation or concealment of a material fact. Fedorenko v. United States, 449 U.S. 490, 505 (1981); U.S. v. Sprogis, 763 F.2d 115 (C.A.2 (N.Y.) 1985); Schneiderman v. United States, 320 U.S. 118, 122, 63 S.Ct. 1333, 1335, 87 L.Ed. 1796 (1943).

    C. That a plea of guilty is a legal fiction, probative in the final analysis only of tactically sound defense strategy. North Carolina v. Alford, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970) (defendant denied committing crime, but guilty plea upheld, because it was tactically sound).

    D. That the fact of a plea of guilty does not in and of itself prove prima facie that any material or willful misrepresentation or concealment of a material fact took place during a citizenship application process. North Carolina v. Alford, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970); Fedorenko v. United States, 449 U.S. 490, 505 (1981); U.S. v. Sprogis, 763 F.2d 115 (C.A.2 (N.Y.) 1985); Schneiderman v. United States, 320 U.S. 118, 122, 63 S.Ct. 1333, 1335, 87 L.Ed. 1796 (1943).

Respectfully submitted by,

        Philip T. Cowen
        Law Office of Philip Cowen
        500 E. Levee St.
        Brownsville, Texas 78520
        Tel. 956-541-1691
        Fax 956-541-6872
        Federal I.D. 21717
        State Bar No. 24001933 (Texas)

        By _____
            Philip T. Cowen

## Certificate of Service

    I hereby certify that a true and correct copy of the above Defendant's Proposed Findings of Fact and Conclusions of Law was mail by first class mail to Plaintiff's attorney, Angela A. Crider, P.O. Box 670049 on the 1st day of October 2002.

_____
Philip T. Cowen