IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 0 2 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. B-O1-115 |
| | ) |
| v. | ) |
| | ) |
| SERVANDO LUNA, | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
### OF PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. Procedural Background

This is an action Section 340(a) of the INA, 8 U.S.C. Sec. 1451(a), which Defendant avers requires the government to prove actual material and willful misrepresentation or concealment of a material fact. Fedorenko v. United States, 449 U.S. 490, 505 (1981); U.S. v. Sprogis, 763 F.2d 115 (C.A.2 (N.Y.) 1985); Schneiderman v. United States, 320 U.S. 118, 122, 63 S.Ct. 1333, 1335, 87 L.Ed. 1796 (1943). In its complaint, the government alleges that Servando Luna illegally procured his citizenship, in the naturalization process, by 1. Misrepresentation and , 2. Concealment of material facts. Defendant denies this.

II. Factual Background

Servando Luna avers that he answered all questions on his application for citizenship and

Defendant's Memorandum of Law in
Support of his Proposed Findings of
Fact and Conclusions of Law                              1

during his citizenship process truthfully, and that the government has no basis to denaturalize his citizenship. Defendant, Servando Luna, pled guilty to a charge of possession with intent to distribute marijuana. Defendant states that he worked out a plea bargain, and, and that as part of the plea bargain, he agreed to admit in his plea of guilty to the accusation in Count II in which the government accused him of possession of marijuana with intent to distribute. Defendant avers that in return for his plea of guilty, he received a short sentence, and that despite the lack of a factual basis for his plea that he viewed the plea bargain as the best thing to do at the time. Defendant avers that because the government's allegation is that his plea of guilty represents the truthfulness of the facts pled to, that because he pled to something he did not do to avoid a harsh prison sentence, that the Government has no factual basis to support the denaturalization of Servando's Luna's citizenship.

II. Because Plea was only tactically sound, and not factually correct, plea is not probative on issue of concealment or misrepresentation of a material fact.

Section 340(a) of the INA, 8 U.S.C. Sec. 1451(a) requires that the burden of proof falls only upon the government in proving up any material and willful misrepresentation or concealment of a material fact. Fedorenko v. United States, 449 U.S. 490, 505 (1981); U.S. v. Sprogis, 763 F.2d 115 (C.A.2 (N.Y.) 1985); Schneiderman v. United States, 320 U.S. 118, 122, 63 S.Ct. 1333, 1335, 87 L.Ed. 1796 (1943). Additionally, Section 340(a) of the INA, 8 U.S.C. Sec. 1451(a) requires that the government prove up actual material and willful misrepresentation or concealment of a material fact. Id.

Defendant argues that a plea of guilty is a legal fiction, probative in the final analysis only of tactically sound defense strategy. North Carolina v. Alford, 400 U.S. 25, 37, 91 S. Ct. 160, 27

Defendant's Memorandum of Law in
Support of his Proposed Findings of
Fact and Conclusions of Law                    2

L. Ed. 2d 162 (1970) (defendant denied committing crime, but guilty plea upheld, because it was tactically sound). It has long been recognized that an innocent defendant may be reluctant to proceed to trial so as to avoid the risk that a harsher sentence may be imposed if the trier of fact determines that the defendant is guilty. conviction. Bruce v. United States, 379 F.2d 113, 120 (D.C. Cir. 1967). Griffin v. United States, 405 F.2d 1378 (D.C. Cir. 1968). The Supreme Court has held that judges do not violate due process by accepting guilty pleas from defendants who simultaneously claim their innocence. North Carolina v. Alford, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). The Court found that the acceptance of these pleas is within the discretion of the states and individual judges. United States v. Cox, 923 F.2d 519, 524 (7th Cir. 1991)

That the fact of a plea of guilty does not in and of itself prove prima facie that any material or willful misrepresentation or concealment of a material fact took place during a citizenship application process. North Carolina v. Alford, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970); Fedorenko v. United States, 449 U.S. 490, 505 (1981); U.S. v. Sprogis, 763 F.2d 115 (C.A.2 (N.Y.) 1985); Schneiderman v. United States, 320 U.S. 118, 122, 63 S.Ct. 1333, 1335, 87 L.Ed. 1796 (1943). In United States v. Minker, 350 U.S. 179 (1956), the Court said that denaturalization "may result in loss of both property and life; or of all that makes life worth living." Minker adopts the rule that "where there is doubt it must be resolved in the citizen's favor." Id, 219 F.3d 1087, at 1097, referring to Minker, 350 U.S. 179, at 187 (quoting Ng Fung Ho v. White, 259 U.S. 276, 284, 42 S.Ct. 492, 66 L.Ed. 938 (1922).

What Servando Luna states is simply that he did not "misrepresent" nor "conceal a material fact, wilfully, intentionally, knowingly, nor even recklessly, when he applied for citizenship, when

Defendant's Memorandum of Law in
Support of his Proposed Findings of
Fact and Conclusions of Law                3

his daughter in law helped him fill the form out due to his lack of English, when Agent Farias interviewed him, and when he took the oath of citizenship. The fact of his guilty plea is a self-contained issue, involved only within the parameters of his criminal trial, and within the options he had explained to him by counsel at the time. Any extrapolation of this plea so as to represent concealment or misrepresentation of a material fact on his citizenship application is in error and reflects a lack of understanding by part of the government concerning the difficult circumstances this Defendant faced when looking at spending many years in prison if he chose to resist.

Respectfully submitted by,

    Philip T. Cowen
    Law Office of Philip Cowen
    500 E. Levee St.
    Brownsville, Texas 78520
    Tel. 956-541-1691
    Fax 956-541-6872
    Federal I.D. 21717
    State Bar No. 24001933 (Texas)

By _____
    Philip T. Cowen

## Certificate of Service

I hereby certify that a true and correct copy of the above Defendant's Memorandum of Law in Support o his Proposed Findings of Fact and Conclusions of Law was mail by first class mail to Plaintiff's attorney, Angela A. Crider, P.O. Box 670049 on the 1st day of October 2002.

_____
Philip T. Cowen

Defendant's Memorandum of Law in
Support of his Proposed Findings of
Fact and Conclusions of Law    4